

In advance by e-mail (dan@zeisler-law.com)

ZEISLER PLLC
Daniel B. Ravicher, Partner
777 Brickell Ave, Suite 500
Miami, FL 33131
United States

**Marghitola Dispute Resolution**
**Dr. iur. Reto Marghitola**
Attorney at Law / Rechtsanwalt

Bleicherweg 45
CH-8002 Zürich

T +41 44 521 73 00
F +41 44 521 73 09

marghitola@marghitola.com
www.marghitola.com

Zurich, December 23, 2021

## Chun Liang Hu vs. Hephaestus Foundation AG (in formation) / Reminder letter

Dear Mr. Ravicher,

I hereby inform you that I represent the interests of Mr Chun Liang Hu (see enclosed power of attorney dated December 19, 2021). Mr. Liang had retained our services in view of legal proceedings in Switzerland.

I refer to your letter dated December 13, 2021 to my colleague Yossy Haezrachy. Your letter was written on behalf of Hephaestus Foundation AG, Zug, Switzerland. However, this legal entity has not (yet) been founded. The commercial register of the Canton of Zug, Switzerland, does not contain any entry regarding Hephaestus Foundation AG.

The Token Purchase Agreement ("TPA") was signed on March 11, 2021 on behalf of Hephaestus Foundation AG (in formation), and some of the appendixes date back to January 2021. The nine months (at least) that have passed since then would have been more than sufficient to establish the legal entity. The TPA indicates Alpanstrasse 11, 6302 Zug, Switzerland, as address of Hephaestus Foundation AG (in formation). Alpanstrasse is not an existing street in Zug.

Hephaestus Foundation AG (in formation) is not fulfilling its obligations. Namely, our client has not received vested tokens. An alleged breach of my

client in July 2021 was not followed by a termination of the TPA with immediate effect. Under Swiss law, Hephaestus Foundation AG (in formation) would have needed to declare a termination with immediate effect within a few days to be valid. Until now, the TPA has not been terminated and remains unmodified. Based on the TPA, our client should have received the vested tokens.

The blocking of tokens shows that the obligation of a decentralized finance activity – a core obligation under the TPA - has not been observed. In addition, the Guidelines of the Swiss Financial Market Supervisory Authority (FINMA) for enquiries regarding the regulatory framework for initial coin offerings (ICOs) published 16 February 2018 have not been followed.

The mere facts that:

- Hephaestus Foundation AG was not founded,
- does not fulfill its obligations and
- the Alpanstrasse does not exist in Zug

all fail to meet FINMA's rules on initial coin offerings, and that's even before we went into the actual merits of how the tokens were presented and how the currency was received. The fact that your client presented Mr. Liang with a Foundation that does not exist, and the fact that you've just sent a letter on behalf of it (and it still does not exist), as well as your client insisting to keep hiding his identity, all give rise to the suspicion of a fraudulent behavior.

Our client grants your client the possibility to disprove this suspicion until January 7, 2022, in the following manner: Our client requests your client to send me the articles of association of Hephaestus Foundation AG (in formation) as well as the request of registration to the Register of Commerce of the Canton of Zug. In addition, I kindly ask you to send me the contact details of Mr Daniel Bara, the alleged director, whose identity we were not yet able to check.

If your client fails to deliver corporate documents of Hephaestus Foundation AG (in formation) until this date, our client will conclude that there was never an intention to found Hephaestus Foundation AG.

Your client is obviously in an uncomfortable position. Nevertheless, our client would be still ready to find an amicable solution, as outlined by my colleague Yossy Haezrachy in his letter dated November 21, 2021.

Please be aware that our client intends to introduce legal steps without further warning in case this letter remains unanswered until January 7, 2022.

I am looking forward to hearing from you.


Yours sincerely,

Reto Marghitola


CC:         Mr Yossy Haezrachy and client

Enclosure:  Power of attorney dated December 19, 2021



## Power of Attorney

The attorney **Reto Marghitola**

with the right to appoint substitutes, is hereby empowered

in the matter of **HEPHAESTUS FOUNDATION AG (in formation)**

to perform all acts that the above-mentioned matter may involve. This power of attorney includes, in particular and without limitation, the right to represent the principal before all courts, arbitral tribunals and administrative bodies, and generally in contentious and non-contentious matters. It includes the right to represent the principal vis-à-vis opposing, counter parties and other third parties, in estate matters, in matters requiring notarization, the recording of real estate transactions as well as in criminal matters. It also includes the right to file any lawsuit, to enter into arbitration agreements and agreements regarding jurisdiction, to file any appeal and to negotiate and agree to any settlement, to acknowledge and withdraw claims, to institute and enforce the collection of debts, including the filing of petitions for bankruptcy, to enforce judgments and settlements, to receive and deliver securities or any other objects in dispute and to receive and effect payments.

Subject to the applicable provisions of procedural law stating the contrary, this power of attorney does not expire upon the death, official declaration of disappearance, loss of capacity to act or bankruptcy of the principal.

This power of attorney is granted within the scope of a mandate agreement that has been concluded between the principal and Marghitola Dispute Resolution, RA Dr. iur. Reto Marghitola, Bleicherweg 45, 8002 Zürich.

The ordinary courts shall have exclusive jurisdiction with respect to all disputes arising from or in connection with this power of attorney or its underlying mandate agreement. The exclusive place of jurisdiction shall be Zurich, Switzerland. This power of attorney as well as the mandate agreement shall be governed by, and interpreted in accordance with, the substantive laws of Switzerland.

**The principal**

Beijing, China  12/19/2021
**Place, Date**

_Chun Liang Hu_
**Chun Liang Hu**