Court of Appeal
Accountability Report
2021

Canton of Zug

Court of Appeal
Accountability Report
2021

Canton of Zug

# The Court of Appeal to the Cantonal Council

Dear Ms. President,
Dear Ladies and Gentlemen:

Pursuant to § 41 para. 1 lit. g of the Cantonal Constitution, we are providing you with the following accountability report on the administration of civil and criminal justice, as well as on the activity of the Debt Enforcement Offices and the Bankruptcy Office in 2021.

Zug, March 29, 2022

Respectfully yours,

Court of Appeal for the Canton of Zug

F. Ulrich
President

F. Wiget
Deputy Secretary General

# Table of Contents

**A**
Gesetzgebung                                        5
**B**
Bemerkungen zum Geschäftsgang        6

C
Personnel                                          17

**D**
Graphical    representation    of    the
development of the business load in the
years 2017-2021                                    20

**E**
Business Overview                                  30
  **I.**
  Justice of the Peace Offices                   31
  **II.**
  Employment Law Mediation Authority 33
  **III.**
  Lease   and   Usufructary   Lease   Law
  Mediation Authority                            34

  **IV.**
  State Attorney's Office                         35
  **V.**
  Criminal Court                                  43
  **VI.**
  Cantonal Court                                  54
  **VII.**
  Court of Appeal                                 64

  **VIII**
  Oversight Committee on Attorneys   81
  **IX**
  Attorney Review Committee               82
  **X**
  Debt    Enforcement    Offices    and
  Bankruptcy Office                               83

**F**
Appendix                                           90
  **I**
  Register of judicial authorities and
  administration of civil and criminal
  justice employees                              90
  **II**
  Register of Attorneys Registered in the
  Attorneys Register of the Canton of Zug
                                                 97
  **III**
  Register of Attorneys Registered in the
  Public List of the Canton of Zug       97
  **IV**
  Guidelines for the calculation of the
  subsistence minimum (minimum living
  costs) under commercial law according
  to Art. 93 SchKG [Debt Enforcement and
  Bankruptcy Act]                                97

# A

## Legislation

1. In 2021, the Cantonal Council did not deal with any transactions in the area of judicial legislation.

2. The Court of Appeal dealt with the following transactions in the reporting year:

   On November 4, 2021, it adopted an amendment to the Regulations on Costs in the Administration of Civil and Criminal Justice (Court of Appeal Cost Regulations, KoV OG, BGS 161.7, § 26 para. 1 lit. d1: costs for official acts pursuant to EG BGFA [Introductory Act to the Act on the Free Mobility of Attorneys], § 26$^{bis}$: Costs for official acts pursuant to E-EÖBV [Introductory Regulations to the Federal Regulations on the Creation of Electronic Public Documents and Electronic Certifications]), which went into effect on January 1, 2022.

   On November 12, 2021, the Court of Appeal enacted the total revision of the Regulation on the Proficiency Exam for the Profession of Lawyer and the Document Certification Exam for Attorneys (Attorney Exam Regulations, BGS 163.2), which also took effect on January 1, 2022.

# B

# Comments on the

# course of business

**I.   Justice of the Peace Offices**

In 2021, a total of 725 cases were received by the eleven Justices of the Peace. The number of new arrivals thus increased by 6% compared to the previous year (683). In 5 municipalities (Zug, Unterägeri, Menzingen, Baar and Steinhausen), there are increases compared to the previous year. Larger fluctuations were observed, in particular, in Zug and Baar (increase of around 20% each). In the other six municipalities, new arrivals decreased by 15% (Walchwil) to around 37% (Risch, Neuheim). Resolutions decreased slightly overall (from 707 to 673). With 148 cases, fewer cases were transferred to the reporting year than in the previous year (2020: 172). Pending matters have increased from 148 to 200. About 47% of the cases were able to be completed by withdrawal, acknowledgment or settlement, demonstrating the efficiency of the Justices of the Peace. It must be taken into account that certain defendants fail to appear at the mediation proceeding, which makes an amicable resolution impossible from the outset.

The core task of the Justices of the Peace is and remains the dispute resolution. They – rightly – see themselves primarily as an intermediaries, not as judges. Nevertheless, a total of 32 proposed judgments were submitted in accordance with Art. 210 ZPO [Code of Civil Procedure] (previous year: 50) and 37 decisions were rendered in accordance with Art. 212 ZPO (previous year: 28). In addition, the figures regarding the duration of the proceedings suggest that the statutory deadlines of Art. 203 ZPO (2 months until the hearing and a maximum of 12 months until the completion of the proceeding) are generally observed. If there are delays, it is usually at the request of the parties who want to conduct further settlement negotiations outside of the proceeding, or because summons have to be served abroad, which often takes a lot of time.

As in previous years, it can be determined that the Justices of the Peace and their deputies, who are regularly used, make a significant and valuable contribution to the establishment of peace under the law and easing of the burden on the civil courts. As usual, a delegation of the Court of Appeal visited several Justices of the Peace (Walchwil, Risch and Hünenberg) and was able to assure itself of the well-organized and committed administration.

## II.  Employment Law Mediation Authority

The employment law mediation authority assumes the role of the justice of the peace in employment law disputes. The arbitrators are therefore primarily tasked with reconciling the parties in informal negotiations and resolving the dispute (cf. Art. 201 ZPO).

After the new arrivals had already decreased in previous years (2019: 330, 2020: 311), they again decreased by 15 proceedings (approximately 5%) to 296 proceedings in the reporting year. 289 (previous year: 338) proceedings were resolved, 153 of them (previous year: 200) by settlement, acknowledgment or withdrawal. Around 53% of all disputes were able to be finally resolved. In 34 cases, or approximately 12% of all resolved proceedings, the defendant failed to appear at the arbitration hearing and did not have an excuse, which corresponds approximately to the previous year (14%). This is a problem that is as well-known as it is distressing. Hearings were able to be held continuously in the reporting year despite the ongoing COVID-19 pandemic. Fortunately, only about 11% of the proceedings took longer than 3 months and only about 3% took longer than 6 months. The quick resolutions of the proceedings is essentially due to the great commitment of the arbitrators and their restrictive practice in the approval of postponement requests. The half-day hearings decreased again compared to the previous year (143) to 117 and thus reached approximately the status of 2019 (119). A delegation of the Court of Appeal inspected the mediation authority again this year and was once again able to assure itself of the efficient, swift and committed work of the two experienced mediators. They substantially ease the civil courts' workload.

## III.  Lease and Usufructary Lease Law Mediation Authority

New arrivals decreased by 17 cases (from 288 to 271), i.e. by around 6%, in the reporting year, after increasing by around 12% in the previous year. The proceedings were completed in a timely manner without exception, and the situation with respect to

pending matters only increased slightly from 33 in the previous year to 46. At 72.08%, the mediation rate was pleasingly high. The mediation authority is fulfilling to a very high degree its core task of mediating between the disputing parties. In the 258 proceedings resolved in the reporting year, it was only necessary in 47 cases to grant permission to file a complaint, which opens the door to the court for the parties; a significant portion of these cases is attributable to two pieces of real property with numerous similar mediation requests each. Fortunately, the duration of the individual procedures was able to be kept short thanks to the high commitment of the authority and despite the COVID-19 pandemic. For example, about 86% of the procedures completed in the reporting year were resolved within three months, and in no proceeding was the legal maximum duration of one year exceeded. At their annual visit, a delegation of the Court of Appeal was again able to assure itself of the proper, smooth and highly successful administration of the mediation authority.

## IV. State Attorney's Office

The previous Lead Senior State Attorney, Christoph Winkler, retired at the end of 2021. Thanks to the early election of Christian Aebi as the new Lead Senior State Attorney, the transfer of office was able to be prepared and initiated in a timely manner. The Court of Appeal is pleased with the smooth transition of management of the office to the new Lead Senior State Attorney Christian Aebi and new Senior State Attorney Beatrice Kolvodouris Janett on January 1, 2022.

At 8,808, fewer proceedings were opened at the State Attorney's Office in the reporting year than in the previous year (10,118; -12.9%). However, the number of new arrivals developed differently. In the Department I, there was a slight increase to 2073 cases (previous year: 2,037), which corresponds to 1.8%. In the other departments, however, the new arrivals numbers declined. Department II saw a decrease from 316 new arrivals in the previous year to 255 in the reporting year (-19.3%). In Department IV, new arrivals decreased to 743 cases (previous year: 963), corresponding to 22.8%; thus, the number has returned to the previous level after the elimination of statistics-driving serial offenses. Department III once again saw a drop in new arrivals from 6,802 in the previous year to 5,737 in the reporting year (-15.7%), which has a pronounced effect on the overall statistics. This decline is due, in particular, to decreasing criminal complaints as a result of the COVID-19 pandemic, fewer reports during the second lockdown (January 18, 2021, to in some cases May 2021) as well as improved payment compliance in the fines area (900 fewer cases). Compared to the previous year, fewer proceedings were able to be completed in all departments in the reporting year. Numerically, the most significant factor is the decrease in resolutions in Department III from 7,213 in the previous year to 5,670 cases in the reporting year, which corresponds to a decrease of 21.4% and is essentially due to the decrease in new arrivals. With 2,014 cases (previous year: 2,144), 6.1% fewer were able to be resolved in Department I and 25.6% fewer in Department IV at 730 proceedings (previous year 981). In Department II, resolutions fell from 296 in the previous year to 199 in the reporting year, which corresponds to 32.8%. After the total number of pending matters in the

previous year had been significantly reduced from 2,013 to 1,497, an increase to 1,692 pending matters is again saw in the reporting year. However, it should also be noted for this reporting year that the raw pending matter numbers always represent a snapshot, which, according to experience, can only be meaningful to a limited extent with respect to the effective business load and is also subject to constant ebb and flow. While the number of pending proceedings in Departments I., III. and IV. are within the range of past years, the number for Department II. (291) is reaching the highest level since the introduction of the State Attorney's Office model. It is now necessary to do everything to ensure that the pending matters in Department II do not increase further and that the pending proceedings can be reduced.

With regard to the substantive main types of resolution, it can be stated that a large part (approximately 58%) of the proceedings were again able be resolved by means of a penalty order. Again, these factual judgment proposals were widely accepted among the affected parties; indeed, the number of objections was at a low 2.6% (previous year: 2.4%), taking into account the withdrawals. In addition, the State Attorney's Office brought an indictment with the Criminal Court in 80 cases (previous year 88) (75 in the area of prosecution against adults and 5 [previous year: 3] in juvenile proceedings). Also, the State Attorney's Office accessed the Criminal Court with a total of 10 indictments under the shortened procedure in 2021 (previous year: 6). This type of resolution is not statutory provided in juvenile criminal proceedings.

Fortunately, the number of proceedings that are older than four years was able to be further reduced as of the end of 2021.

There were still four open proceedings that arrived in 2017, all of which relate to the same complex of facts. The criminal investigations from 2013, 2015 and 2016 were able to be brought to completion through indictment, dismissal order and penalty order by the end of 2021.

As part of its (additional) assignment, Department IV of the State Attorney's Office completed the enforcement of 27 protective measures (previous year: 43) and 181 sentences (previous year: 199) in the reporting year. A total of 186 enforcement proceedings (previous year: 177) were then pending at the end of 2021. The delegation of the Court of Appeal conducted a random sample review of the dossiers of some criminal sentence and protective measure enforcements this year as well. It was shown that the responsible persons correctly carried out the enforcement and that the dossiers are clear and organized.

With 138 new arrivals (previous year: 154), there was a slight decrease in international requests for judicial assistance. 161 proceedings were able to be resolved (previous year: 152). The number of pending procedures at the end of 2021 decreased from 54 to 31. The State Attorney's Office is also able in this area of activity to handle the incoming business from a quantitative standpoint.

It is noted with appreciation that during 2022, there will be a personnel expansion of two positions at the Zug Police Department's Cyber and Economic Crime (DCW) Service, which will result in an easing of the load on Departments I. and II. of the State Attorney's Office.

## V. Criminal Court

The criminal court received 90 indictment proceedings in the reporting year, which was thus once again less than in previous years (2018: 103, 2019: 103 and 2020: 96). While the arrivals received by the judicial panels decreased from 24 to 17 compared to the previous year and the individual-judge cases decreased from 63 to 58, the arrivals received by the criminal court acting in the capacity of juvenile court increased from 3 to 5 and increased from 6 to 10 in the case of indictments filed by the State Attorney's Office under the shortened procedure. The number of new arrivals continues to be in the long-term fluctuation range (lowest number in 2016: 79 cases; highest number in 2013: 120 cases). However, it is striking that significantly fewer indictments from the Economic Crime Department of the State Attorney's Office were received in the reporting year than in previous years (2021: 7, 2020: 13 and 2019: 18). The number of resolutions in the area of the indictment proceedings also decreased to 82 (previous year: 88), thus reaching the lowest figure since 2010. Therefore, the hope expressed in the last accountability report that it should be possible in the future for the criminal court to conduct a significantly higher number of indictment proceedings and thus reduce the number of pending matters sustainably has unfortunately not yet been fulfilled. Ultimately, this snapshot is also probably linked to the COVID-19 pandemic, two partial work absences, and the termination of a long-term employee.

Despite the reduced new arrivals, the number of indictment proceedings still pending at the criminal court at the end of the reporting year increased by 8 cases to 80 - which equates to a new high - as a result of the low resolution figure. This still includes numerous complex and, above all, labor-intensive economic criminal proceedings, to which the Criminal Court already referred two years ago and which are in some cases now far advanced. Contrary to earlier expectations, the provisions on deportation have not yet led to significant additional expense. The number of resolved cases involving a deportation decreased from 20 to 12. For the future, the criminal court, which was able to fill an additional court recorder position starting from the reporting year and also had significantly fewer new arrivals among the economic criminal cases, must do everything to increase the resolution numbers again and thus significantly reduce the pending matters. This goal should be achievable, since the criminal court forecasted resolutions by approx. summer 2022 in several of the large, older economic crime proceedings and, moreover, 17 indictment proceedings were already able to be settled by the end of February 2022.

In the reporting year, the majority of the indictment proceedings were able to be resolved within 18 months. In the individual-judge cases, however, 8 cases (of a total of 56) took longer, whereas this only concerned one procedure (of a total of 16 completed procedures) in the case of the judicial panel. As of the end of 2021, however, some large to very large economic crime proceedings (with 14 accused persons) have already been pending in the judicial panel for more than 18 months. As already shown, the employees of the Criminal Court had to focus on dealing with them in 2021. Thereafter, in only one case with three accused persons was the statement of grounds of the decisions, which had already been announced in the operative provisions, still outstanding after the expiration of the statutorily provided 90-day period as of the end of 2021. This pending matter was resolved in February 2022.

The Compulsory Action Court (ZMG) again saw a slight increase in the number of new arrivals from 94 to 116 cases in the reporting year. However, new arrivals in this field of activity are regularly subject to major fluctuations, as already shown in the last accountability report. After the number of resolved Compulsory Measures Court cases practically kept up with the new arrivals, the number of procedures still pending at the end of 2021 remained virtually the same as in the two previous years (2021: 10, 2020: 9, 2019: 11). The Criminal Court points out that the cases that remain pending are exclusively so-called unsealing cases, the handling of which - since extensive data carriers are usually seized - is potentially associated with significant handling expense.

## VI. Cantonal Court

The number of new arrivals among the department cases decreased by 16 cases (from 205 to 189) in the fiscal year compared to the previous year, in which an increase of 21 cases was saw, and is thus again slightly above the average of the years before 2020. In contrast, the number of new individual-judge cases remained practically unchanged in the simplified and ordinary procedure compared to the previous year. In the summary proceedings (including applications for approval of the free legal aid), the number of new case in the fiscal year increased by around 450 proceedings, after there had been a reduction by around 400 cases in 2020. This increase occurred, firstly, because, in the area of organizational defect proceedings (Art. 731b OR [Code of Obligations]), a lack of legal domicile of the company is also newly deemed to constitute an organizational defect since January 1, 2021. Secondly, proceedings to vitiate objections to debt enforcement

[Rechtseröffnungsverfahren] increased from 700 to 919, which again slightly exceeds the average of the years before 2020. The number of bankruptcy proceedings also increased (from 395 to 422) but remained below the average of the years before 2020. Finally, the development of the case numbers in the marital protection proceedings is noteworthy: While the new arrivals still totaled 102 in 2018, they decreased to 74 in 2019, then increased to 87 in 2020 and decreased to 58 in the fiscal year (the second "Corona year"). In the other areas of law, the fluctuations are within the usual range.

In addition, it is noticeable that resolutions in the simplified and ordinary procedure decreased both for the department cases and the individual-judge proceedings (from 201 to 171 in the department cases; from 416 to 381 in the individual-judge cases), which also affected the pending matters, which increased from 215 to 233 in the department cases and from 137 to 157 in the individual-judge cases. In the summary proceedings, however, resolutions increased from 2,094 to 2,343, whereby the increase in pending matters (from 323 to 453) was able to be kept relatively low despite the massive increase in new arrivals. It is difficult to assess whether the decline in resolutions can be explained by the increasing difficulty of the cases and the associated additional procedural expense. On the other hand, it is striking that several members of the Cantonal Court stated that the willingness of parties to compromise or settle has declined noticeably in the past two "Corona years" and that sometimes an amicable agreement is ruled out from the outset or a significantly greater effort has to be made in order to be able to conclude the proceedings with a settlement. Apart from that, a certain normality has occurred in dealing with the pandemic (already in the

reporting year): The judicial activity was not (any longer) significantly restricted by the pandemic. Rather, the problems that arise were well managed thanks to the experience from the previous year and the continued dedication of the President and the head of the clerk's office. Starting in 2022, the Cantonal Court will also have the necessary resources to be able to flexibly manage staffing shortages, thanks to the additional court clerk position approved by the Cantonal Council.

## VII. Court of Appeal

### 1. Civil Division I

new arrivals and resolutions have been subject to relatively strong fluctuations for years in Civil Division I. While a total of 36 new appeals were received in 2019, this figure increased to 46 in 2020 and fell back to 37 in the reporting year. What causes these fluctuations is unclear. Since 36 appeal proceedings were able to be completed in the reporting year, the number of pending matters (34; previous year: 33) remained practically unchanged. Of the pending lawsuits, five still originate from 2020. For the most part, these are very complex proceedings, in which there were several exchanges of correspondence in each case. In another proceeding, an extensive evidentiary proceeding was required (on an exceptional basis). All other pending matters were received in 2021. Since very few hearings are being conducted in Civil Division I, operations were practically unaffected by the COVID-19 pandemic.

### 2. II. Civil Division II

In the reporting year, the Civil Division II saw 57 new arrivals, which is a decrease of about 10% compared to the previous year (63), but still slightly above the average of all new arrivals since the introduction of the Swiss Code of Civil Procedure in 2011 (about 50 per year). The business load was able to be managed in the reporting year. The new arrivals consisted of 48 (previous year: 47) appeal proceedings, 2 (previous year: 13) first-instance ordinary department lawsuits and 7 (previous year: 3) requests for the issuance of ex parte and other preliminary injunctions. The pending matters were 23 (previous year: 31) proceedings at the end of 2021. Of the appeal and individual-judge proceedings that were resolved, the majority was able to be completed within 3 or 6 months. Among the ordinary lawsuits resolved in the reporting year, in which the Court of Appeal acts as a single cantonal instance and conducts the lawsuit, together with any evidence proceeding, from the beginning, the duration of the proceeding was 42 months in one case, 18 in one case, and less than 12 in all seven other proceedings.

### 3. Criminal Department

With 44 appeals, a similar number of cases was received in the reporting year as in previous years (2020: 42, 2019: 43, 2018: 41). In addition, there were 6 other transactions (previous year: 4). 37 appeal proceedings (previous year: 47) and, as in the previous year, 4 other transactions were able to be resolved. The pending matters in the Criminal Department increased by 9 cases to a total of 26, including 22 appeal cases. However, the oldest of the appeal proceedings pending at the end of 2021 is only half a year old. The workload of the Criminal Department is within the range of previous years. It can still be handled with

the available personnel resources, since, according to the current assessment, the case structures of the pending matters do not appear to be exceedingly complex. However, it is foreseeable that several very large and, above all, extremely labor-intensive pending economic criminal cases (with in some cases up to 6 accused and countless injured parties) will soon be received by the Criminal Court. In addition, there will be a lack of judicial resources due to personnel changes, especially in these cases as well. Overall, therefore, initial measures will be necessary at the beginning of 2023 at the latest to properly face the looming (recusal) problems and thereafter carefully address in an incremental manner the structural problem of the criminal department, which was recognized early and described in the report and application of the Judicial Review Commission dated November 20, 2017 (submission no. 2788.4; serial no. 15675), and subsequently remedy it on a sustainable basis.

## 4. Appeals Division I

Appeals Division I deals with appeals in criminal matters; in most cases, orders of the State Attorney's Office are the subject of the contestation.

In the reporting year, 108 new appeals were received; this is 12 more than in the previous year (96). A total of 108 appeal proceedings were resolved, resulting in 36 proceedings still pending at the end of the year, as in the previous year. The appeals that were resolved most frequently concerned the dismissal of criminal proceedings and dismissal orders (21 and 44, respectively). In 6 cases, the order or non-order of investigative detention or substitute measures contested. The cost requirement or compensation regime ordered by the State Attorney's Office was objected to in 12 cases, and 7 proceedings

concerned recusal requests against judicial persons. Appeals concerning denial or delay of justice were the subject of the proceeding in two cases in the reporting year; one of these appeals was not addressed on the merits, the other was written off as unfounded. The remaining appeal proceedings were divided into various other legal areas. The resolved appeals were granted in whole or in part in 20 cases. The other 88 were dismissed, withdrawn, proved to be unfounded, or were not addressed on the merits. Last year as well, the majority of the proceedings were able to be completed quickly; however, the ambitious internal objective concerning the duration of the proceeding was not completely achieved. The duration of the proceeding was less than 3 months in 42 cases, between 3 and 6 months in 39 cases, between 6 and 9 months in 21 cases, and between 9 and 12 months in 5 cases. One case lasted about 14 months. All proceedings still pending at the end of 2021 were filed in the second half of 2021.

## 5. II. Appeals Division II

Appeals Division II deals, firstly, with appeals in civil matters and, secondly, as a supervisory authority on debt enforcement and bankruptcy, appeals against debt enforcement offices and the bankruptcy office pursuant to Art. 17 SchKG, which is addressed under letter E no. X. of this report.

In the reporting year, almost the same number of new appeals were filed in civil matters (93 new arrivals) as in the previous year (94). A total of 92 (previous year: 95) appeals were able to be resolved; at the end of 2021, 18 (previous year: 17) proceedings were still pending. A large part of the resolved proceedings concerned appeals against provisional and definitive vitiations of objections to debt enforcement [Rechtsöffnungen] (24), as well as against openings of bankruptcy (28); in 9 proceedings, the granting of free legal aid was disputed, and in 8 cases lawsuit-management decisions of different types were contested. An appeal was then filed for delay of justice; this appeal was still pending at the end of the year. Finally, a subsidiary supervisory appeal had to be handled pursuant to § 74 et seqq. GOG [Judicial Organization Act]. The resolved appeals were granted in whole or in part in 21 cases. In this regard, it should be noted that the vast majority of the appeals that were granted concerned bankruptcy proceedings, in which the appellants only met the conditions for payment of the outstanding amounts during the course of the appellate proceeding and the grant is therefore not attributable to an incorrect application of law by the lower court. The other 71 were dismissed, withdrawn, proved to be unfounded, or were not addressed on the merits.

Overall, the appellate proceedings in civil matters were able to be completed quickly and the ambitious internal goals were nearly able to be achieved. The duration of the proceeding was less than 3 months in 61 cases, and between 3 and 6 months in another 27 cases; only 3 proceedings lasted between 6 and 9 months and one slightly more than 9 months. The proceedings pending at the end of 2021 were all brought in the last quarter of 2021, with 2 exceptions.

**6. Administration of justice**

In 2021 as well, the Justice Administration Department of the Court of Appeal and the Executive Officers of the Cantonal Court, Criminal Court, and State Attorney's Office also addressed the implementation of COVID-19 measures for their areas at many meetings.

By report and application dated March 23, 2021, the plenum of the Court of Appeal adopted a submission to the Cantonal Council for a partial revision of the Act Relating to the Introduction of the Swiss Civil Code (EC ZGB) concerning regulation of the enforcement of civilly ordered entry denial measures.

By circular resolution dated April 19, 2021, the Court of Appeal elected lic. iur. Beatrice Kolvodouris Janett as Senior State Attorney effective January 1, 2022, as successor to Dr. iur, Christian Aebi, which was elected at that point time as Lead Senior State Attorney.

On April 19, 2021, the plenum of the Court of Appeal requested the Cantonal Council to elect Dr. iur. Andreas Sidler as special replacement member of the Criminal Court for the period from July 15, 2021 to July 14, 2022.

The Court of Appeal reconstituted itself at the plenary meeting on July 7, 2021, with regard to the assumption of office of the newly elected member of the Higher Court, Dr. iur. Aldo Staub, on August 1, 2021.

On October 26, 2021, the Court of Appeal adopted in the first reading a draft for the partial revision of the Introductory Act to the Federal Act on Debt Enforcement and Bankruptcy (EG SchKG; abolition of the Debt Collection Officers Review Committee), which was submitted for formal consideration.

By order dated October 26, 2021, plenum of the Court of Appeal re-regulated the compensation for the members and substitute members of the Attorneys' Review Committee and the Oversight Committee on the Attorneys.

Also on October 26, 2021, the plenum of the Court of Appeal adopted the report and application concerning the motion of Fabio Iten, Laura Dittli, Michael Felber and Peter Rust regarding adjustments to the Judicial Organization Act for the representation and merger among the justice of the peace offices in compliance with municipal sovereignty. At the meeting on December 16, 2021, the Cantonal Council declared this motion corresponding to the application of the Court of Appeal to be substantial.

On November 4, 2021, the Court of Appeal undertook a partial revision of the Costs Regulations of the Higher Court (KoV); a basis was created for the charging of costs for official acts according to E-EÖBV [Introductory Regulations to the Federal Regulations on the Creation of Electronic Public Documents and Electronic Certifications], and a reduction of the fees for the entry or deletion in the attorney register and in the public list was undertaken.

By circular resolution dated November 12, 2021, the Court of Appeal adopted the total revision of the Regulation on the Proficiency Exam for the Profession of Lawyer and the Document Certification Exam for Attorneys (Attorney Exam Regulations).

By report and motion dated December 13, 2021, the Court of Appeals, together with the Administrative Court, adopted a submission to the Cantonal Council for a partial revision of the Law on the Organization of the Administration of Civil and Criminal Justice (GOG) and the Law on Legal Protection in Administrative Matters (VRG) with regard to a facilitated creation of part-time judge positions.

Also on December 13, 2021, the Court of Appeal adopted a submission to the Cantonal Council for a partial revision of the Law on the Organization of the Administration of Civil and Criminal Justice (GOG) with regard to an adjustment of the statement basis for the charging of fees.

The Court of Appeal was also able to comment on various parliamentary transactions in the reporting year or submit co-reports, which in part concerned the proceedings, as well as the position of the courts and court members.

As usual, delegations of the Court of Appeal carried out the annual inspections at all instances of the administration of civil and criminal justice, as well as at the bankruptcy office and the debt enforcement offices, at the beginning of the year. Finally, the plenum dealt with the invoice, the accountability report and the budget. The other administrative transactions were within the usual framework.

**VIII. Closing Comments**

The workload in the administration of civil and criminal justice is fluctuating at a constantly high level despite lower case numbers in some instances. In all areas, an increasing complexity of the proceedings is also observed, as well as, moreover, a decline in the willingness to settle in the civil sector. The measures and restrictions in connection with the COVID-19 pandemic affected civil and criminal law enforcement activity in various ways – from the offense structure to the conduct of the hearings. Thanks to a great deal of effort and flexibility, it has been possible (thus far) to handle the extraordinary situation. The administration of civil and criminal justice continues to function well overall, and it is possible to cope and complete with the vast majority of proceedings in a timely manner.

The Court of Appeal would like to thank everyone working in the civil and criminal law enforcement for the Canton of Zug for their work and dedication last year.



**TRANSPERFECT**

City of New York, State of New York, County of New York

I, Shayna Himelfarb, hereby certify that the document "**ROG-2021**" is, to the best of my knowledge and belief, a true and accurate translation from German into English.

_____
Shayna Himelfarb

Sworn to before me this
June 2, 2022



_____
Signature, Notary Public

_____
Stamp, Notary Public

**LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS**

1250 BROADWAY, 32ND FLOOR, NEW YORK, NY 10001  |  T 212.689.5555  |  F 212.689.1059  |  WWW.TRANSPERFECT.COM

OFFICES IN 90 CITIES WORLDWIDE

Obergericht
Rechenschaftsbericht
2021

Kanton Zug

# Obergericht
# Rechenschaftsbericht
# 2021

Kanton Zug

# Das Obergericht
# an den Kantonsrat

Sehr geehrte Frau Präsidentin
Sehr geehrte Damen und Herren

Gemäss § 41 Abs. 1 Bst. g der Kantons-
verfassung erstatten wir Ihnen den
nachstehenden Rechenschaftsbericht über
die Zivil- und Strafrechtspflege sowie über
die Tätigkeit der Betreibungsämter und
des Konkursamtes im Jahr 2021.

Zug, 29. März 2022

Mit vorzüglicher Hochachtung

Obergericht des Kantons Zug

F. Ulrich
Präsident

F. Wiget
Stv. Generalsekretärin

# Inhaltsverzeichnis

**A**
Gesetzgebung 5

**B**
Bemerkungen zum Geschäftsgang 6

**C**
Personelles 17

**D**
Grafische Darstellung der Entwicklung der Geschäftslast in den Jahren 2017–2021 20

**E**
Geschäftsübersicht 30

  **I**
  Friedensrichterämter 31

  **II**
  Schlichtungsbehörde Arbeitsrecht 33

  **III**
  Schlichtungsbehörde Miet- und Pachtrecht 34

  **IV**
  Staatsanwaltschaft 35

  **V**
  Strafgericht 43

  **VI**
  Kantonsgericht 54

  **VII**
  Obergericht 64

  **VIII**
  Aufsichtskommission über die Rechtsanwälte 81

  **IX**
  Anwaltsprüfungskommission 82

  **X**
  Betreibungsämter und Konkursamt 83

**F**
Anhang 90

  **I**
  Verzeichnis der richterlichen Behörden und Angestellten der Zivil- und Strafrechtspflege 90

  **II**
  Verzeichnis der im Anwaltsregister des Kantons Zug eingetragenen Rechtsanwältinnen und Rechtsanwälte 97

  **III**
  Verzeichnis der in der öffentlichen Liste des Kantons Zug eingetragenen Rechtsanwältinnen und Rechtsanwälte 97

  **IV**
  Richtlinien für die Berechnung des betreibungsrechtlichen Existenzminimums (Notbedarf) nach Art. 93 SchKG 97

# A

## Gesetzgebung

1. Der Kantonsrat behandelte im Jahr 2021 im Bereich der Justizgesetzgebung keine Geschäfte.

2. Das Obergericht behandelte im Berichtsjahr folgende Geschäfte:
   Es verabschiedete am 4. November 2021 eine Änderung der Verordnung über die Kosten in der Zivil- und Strafrechtspflege (Kostenverordnung Obergericht, KoV OG, BGS 161.7, § 26 Abs. 1 lit. d1: Kosten für Amtshandlungen nach EG BGFA, § 26$^{bis}$: Kosten für Amtshandlungen nach E-EÖBV), welche am 1. Januar 2022 in Kraft trat.
   Am 12. November 2021 verabschiedete das Obergericht die Totalrevision der Verordnung über die Fähigkeitsprüfung für den Anwaltsberuf und die Beurkundungsprüfung für Rechtsanwältinnen und Rechtsanwälte (Anwaltsprüfungsverordnung, BGS 163.2), welche ebenfalls am 1. Januar 2022 in Kraft trat.

# B

## Bemerkungen zum Geschäftsgang

### I. Friedensrichterämter

Im Jahr 2021 gingen bei den elf Friedens-richterämtern insgesamt 725 Verfahren ein. Damit ist die Zahl der Neueingänge im Vergleich zum Vorjahr (683) um 6 % angestiegen. In 5 Gemeinden (Zug, Unterägeri, Menzingen, Baar und Steinhausen) sind gegenüber dem Vorjahr Zunahmen zu verzeichnen. Grössere Schwankungen ergaben sich insbesondere in Zug und Baar (Zunahme um je rund 20 %). In den übrigen 6 Gemeinden gingen die Neueingänge um 15 % (Walchwil) bis rund 37 % (Risch, Neuheim) zurück. Die Erledigungen nahmen insgesamt leicht ab (von 707 auf 673). Auf das Berichtsjahr wurden mit 148 Fällen weniger Fälle übertragen als im Vorjahr (2020: 172). Die Pendenzen sind von 148 auf 200 angestiegen. Rund 47 % der Fälle konnten durch Rückzug, Anerkennung oder Vergleich abgeschlossen werden, was die Effizienz der Friedensrichterinnen und Friedensrichter belegt. Zu berücksichtigen ist dabei, dass gewisse beklagte Parteien vom Schlichtungsver-fahren fernbleiben, was eine einvernehmliche Lösung von vornherein verunmöglicht.

Kernaufgabe der Friedensrichterinnen und Friedensrichter ist und bleibt die Streitschlichtung. Sie sehen sich – zu Recht – in erster Linie als Vermittler und nicht als Richter. Dennoch wurden immerhin insgesamt 32 Urteilsvorschläge gemäss Art. 210 ZPO (Vorjahr: 50) unterbreitet und 37 Entscheide gemäss Art. 212 ZPO (Vorjahr: 28) gefällt. Im Weiteren lassen die Zahlen betreffend Verfahrensdauer darauf schliessen, dass die gesetzlichen Fristen von Art. 203 ZPO (2 Monate bis zur Verhandlung und maximal 12 Monate bis zum Abschluss des Verfahrens) in aller Regel eingehalten werden. Wenn es zu Verzögerungen kommt, dann meist auf Wunsch der Parteien, die ausserhalb des Verfahrens weitere Vergleichsverhandlungen führen wollen, oder weil Vorladungen ins Ausland zugestellt werden müssen, was oft viel Zeit beansprucht.

Wie schon in den vergangenen Jahren kann festgestellt werden, dass die Friedensrichterinnen und Friedensrichter sowie ihre Stellvertreterinnen und Stellvertreter, die regelmässig zum Einsatz kommen, einen wesentlichen und wertvollen Beitrag zur Herstellung des Rechtsfriedens und zur Entlastung der Zivilgerichte leisten. Eine Delegation des Obergerichts besuchte wie üblich mehrere Friedensrichterämter (Walchwil, Risch und Hünenberg) und konnte sich dabei von der gut organisierten und engagierten Amtsführung überzeugen.

## II. Schlichtungsbehörde Arbeitsrecht

Die Schlichtungsbehörde Arbeitsrecht übernimmt in arbeitsrechtlichen Streitigkeiten die Funktion des Friedensrichters. Die Schlichter haben also in erster Linie die Aufgabe, die Parteien in formloser Verhandlung zu versöhnen und den Streit beizulegen (vgl. Art. 201 ZPO).

Nachdem die Neueingänge bereits in den Vorjahren gesunken waren (2019: 330, 2020: 311), gingen sie im Berichtsjahr erneut um 15 Verfahren (rund 5 %) auf 296 Verfahren zurück. Erledigt wurden 289 (Vorjahr: 338) Verfahren, davon 153 (Vorjahr: 200) durch Vergleich, Anerkennung oder Rückzug. Rund 53 % aller Streitigkeiten konnten so endgültig erledigt werden. In 34 Fällen bzw. rund 12 % aller erledigten Verfahren blieb die beklagte Partei der Schlichtungsverhandlung unentschuldigt fern, was ungefähr dem Wert des Vorjahres (14 %) entspricht. Dabei handelt es sich um ein ebenso bekanntes wie leidiges Problem. Trotz andauernder COVID-19-Pandemie konnten im Berichtsjahr durchgehend Verhandlungen abgehalten werden. Erfreulicherweise dauerten nur rund 11 % der Verfahren länger als 3 Monate und nur rund 3 % länger als 6 Monate. Die schnelle Erledigung der Verfahren ist im Wesentlichen auf den grossen Einsatz der Schlichter sowie deren restriktive Praxis bei der Bewilligung von Verschiebungsgesuchen zurückzuführen. Die Verhandlungshalbtage nahmen im Vergleich zum Vorjahr (143) wieder ab auf 117 und erreichten damit ungefähr den Stand des Jahres 2019 (119). Eine Delegation des Obergerichts inspizierte auch dieses Jahr die Schlichtungsbehörde und konnte sich dabei einmal mehr von der effizienten, speditiven und engagierten Arbeit der beiden erfahrenen Schlichter überzeugen. Sie entlasten die Zivilgerichte erheblich.

## III. Schlichtungsbehörde Miet- und Pachtrecht

Im Berichtsjahr nahmen die Neueingänge um 17 Fälle (von 288 auf 271), d.h. um rund 6 % ab, nachdem sie im Vorjahr um rund 12 % zugenommen hatten. Die Verfahren wurden ausnahmslos zeitgerecht erledigt und

der Pendenzenstand erhöhte sich nur leicht von 33 im Vorjahr auf 46. Mit 72,08 % ist die Schlichtungsquote erfreulich hoch ausgefallen. Die Schlichtungsbehörde wird ihrer Kernaufgabe, der Vermittlung zwischen den Streitparteien, in einem sehr hohen Masse gerecht. In den im Berichtsjahr erledigten 258 Verfahren musste lediglich in 47 Fällen eine Klagebewilligung ausgestellt werden, die den Parteien den Gang ans Gericht öffnet, wobei ein wesentlicher Teil dieser Fälle auf zwei Immobilien mit je zahlreichen gleichgelagerten Schlichtungsgesuchen zurückzuführen ist. Erfreulicherweise konnte dank grossem Engagement der Behörde und trotz COVID-19-Pandemie die Dauer der einzelnen Verfahren kurz gehalten werden. So wurden rund 86 % der im Berichtsjahr abgeschlossenen Verfahren innert drei Monaten erledigt und in keinem Verfahren wurde die gesetzliche Maximaldauer von einem Jahr überschritten. Bei ihrer jährlichen Visitation konnte sich eine Delegation des Obergerichts wiederum von der ordnungsgemässen, reibungslosen und sehr erfolgreichen Amtsführung der Schlichtungsbehörde überzeugen.

## IV. Staatsanwaltschaft

Per Ende 2021 wurde der bisherige Leitende Oberstaatsanwalt, Christoph Winkler, pensioniert. Dank der frühzeitigen Wahl von Christian Aebi zum neuen Leitenden Oberstaatsanwalt konnte die Amtsübergabe zeitgerecht vorbereitet und in die Wege geleitet werden. Das Obergericht ist erfreut über den reibungslosen Übergang der Amtsleitung auf den neuen Leitenden Oberstaatsanwalt Christian Aebi und die neue Oberstaatsanwältin Beatrice Kolvodouris Janett per 1. Januar 2022.

Bei der Staatsanwaltschaft wurden im Berichtsjahr mit 8'808 weniger Verfahren eröffnet als im Vorjahr (10'118; -12,9 %). Dabei entwickelte sich die Zahl der Eingänge unterschiedlich. In der I. Abteilung ist eine leichte Zunahme auf 2073 Fälle (Vorjahr: 2'037) zu verzeichnen, was 1,8 % entspricht. In den anderen Abteilungen waren die Eingangszahlen dagegen rückläufig. In der II. Abteilung war ein Rückgang von 316 Eingängen im Vorjahr auf 255 im Berichtsjahr zu verzeichnen (-19,3 %). In der IV. Abteilung sind die Eingänge auf 743 Fälle (Vorjahr: 963), entsprechend 22,8 %, zurückgegangen; damit hat sich die Zahl nach dem Wegfall statistiktreibender Seriendelikte wieder auf dem bisherigen Niveau eingependelt. In der III. Abteilung ist erneut ein Rückgang der Falleingänge von 6'802 im Vorjahr auf 5'737 im Berichtsjahr (-15,7 %) zu verzeichnen, welcher sich auf die Gesamtstatistik markant auswirkt. Dieser Rückgang ist insbesondere auf abnehmende Verzeigungen infolge der COVID-19-Pandemie, weniger Rapportierungen während des zweiten Lockdowns (18. Januar 2021 bis teilweise Mai 2021) sowie eine verbesserte Zahlungsmoral im Ordnungsbussenbereich (900 Fälle weniger) zurückzuführen. Im Vergleich zum Vorjahr konnten im Berichtsjahr in allen Abteilungen weniger Verfahren abgeschlossen werden. Zahlenmässig am meisten ins Gewicht fällt dabei die Abnahme an Erledigungen in der III. Abteilung von 7'213 im Vorjahr auf 5'670 Fälle im Berichtsjahr, was einer Abnahme von 21,4 % entspricht und im Wesentlichen auf die Abnahme der Falleingänge zurückzuführen ist. In der I. Abteilung konnten mit 2'014 Fällen (Vorjahr: 2'144) 6,1 % weniger erledigt werden und in der IV. Abteilung mit 730 Verfahren (Vorjahr 981) 25,6 % weniger. In der II. Abteilung gingen die Erledigungen von 296 im Vorjahr auf 199 im Berichtsjahr zurück, was

32,8 % entspricht. Nachdem die Pendenzen-zahl im Vorjahr insgesamt markant von 2'013 auf 1'497 reduziert werden konnte, ist im Berichtsjahr wieder ein Anstieg auf 1'692 hängige Verfahren zu verzeichnen. Zu beachten gilt aber auch für dieses Berichtsjahr, dass die reinen Pendenzenzahlen erfahrungsgemäss immer eine Momentaufnahme darstellen, welche über die effektive Geschäftslast nur beschränkt aussagekräftig sein kann und zudem einem stetigen Auf und Ab unterliegt. Während die Zahl der pendenten Verfahren in der I., III. und IV. Abteilung im Rahmen vergangener Jahre liegt, erreicht diejenige in der II. Abteilung mit 291 einen Höchststand seit der Einführung des Staatsanwaltschaftsmodells. Es ist nun alles daran zu setzen, dass die Pendenzen in der II. Abteilung nicht noch weiter ansteigen und die hängigen Verfahren abgebaut werden können.

Bezüglich der materiellen Haupterledigungsarten ist festzustellen, dass erneut ein grosser Teil (rund 58 %) der Verfahren mittels Strafbefehl erledigt werden konnte. Wiederum fanden diese faktischen Urteilsvorschläge bei den Betroffenen eine breite Akzeptanz, lag doch die Anzahl der Einsprachen unter Berücksichtigung der Rückzüge bei tiefen 2,6 % (Vorjahr: 2,4 %). Ferner erhob die Staatsanwaltschaft in 80 Fällen (Vorjahr 88) Anklage beim Strafgericht (75 im Bereich der Strafverfolgung gegen Erwachsene und 5 [Vorjahr: 3] in Jugendstrafverfahren). Zudem gelangte die Staatsanwaltschaft im Jahr 2021 mit insgesamt 10 Anklagen im abgekürzten Verfahren (Vorjahr: 6) an das Strafgericht. Im Jugendstrafverfahren ist diese Erledigungsart gesetzlich nicht vorgesehen.

Die Anzahl derjenigen Verfahren, welche älter als vier Jahre sind, konnte per Ende des Jahres 2021 erfreulicherweise weiter reduziert werden. Es waren noch 4 Verfahren mit Eingang 2017 offen, welche sich alle auf denselben Sachverhaltskomplex beziehen. Die Strafuntersuchungen aus den Jahren 2013, 2015 und 2016 konnten bis Ende 2021 durch Anklage, Einstellungsverfügung bzw. Strafbefehl zum Abschluss gebracht werden.

Im Rahmen ihres (zusätzlichen) Auftrages schloss die IV. Abteilung der Staatsanwaltschaft im Berichtsjahr den Vollzug von 27 Schutzmassnahmen (Vorjahr: 43) und 181 Strafen (Vorjahr: 199) ab. Sodann waren per Ende 2021 insgesamt 186 Vollzugsverfahren (Vorjahr: 177) pendent. Die Delegation des Obergerichts prüfte auch in diesem Jahr stichprobenweise die Dossiers einiger Straf- und Schutzmassnahmenvollzüge. Dabei zeigte sich, dass die zuständigen Personen den Vollzug korrekt durchführten und die Dossiers übersichtlich und geordnet sind.

Mit 138 Neueingängen (Vorjahr: 154) war bei den internationalen Rechtshilfeersuchen ein leichter Rückgang zu verzeichnen. Erledigt werden konnten 161 Verfahren (Vorjahr: 152). Die Anzahl der per Ende 2021 anhängig gebliebenen Prozeduren reduzierte sich von 54 auf 31. Die Staatsanwaltschaft ist auch in diesem Tätigkeitsbereich in der Lage, die eingehenden Geschäfte mengenmässig zu bewältigen.

Erfreut wird davon Kenntnis genommen, dass im Laufe des Jahres 2022 ein personeller Ausbau des Dienstes Cyber und Wirtschaftsdelikte (DCW) der Zuger Polizei um zwei Stellen erfolgen soll, was eine Entlastung der I. und II. Abteilung der Staatsanwaltschaft zur Folge haben wird.

## V. Strafgericht

Beim Strafgericht gingen im Berichtsjahr 90 Anklageverfahren ein und somit erneut weniger als in den Vorjahren (2018: 103, 2019: 103 und 2020: 96). Während die Eingänge beim Kollegialgericht gegenüber dem Vorjahr von 24 auf 17 und die Einzelrichterfälle von 63 auf 58 sanken, erhöhten sich die Eingänge beim Strafgericht als Jugendgericht von 3 auf 5 und bei den von der Staatsanwaltschaft im abgekürzten Verfahren eingereichten Anklagen von 6 auf 10. Die Zahl der Falleingänge liegt weiterhin im langjährigen Schwankungsbereich (Tiefstwert 2016: 79 Fälle; Höchstwert 2013: 120 Fälle). Auffallend ist indessen, dass im Berichtsjahr deutlich weniger Anklagen aus der Wirtschaftsabteilung der Staatanwaltschaft eingingen als in den Vorjahren (2021: 7, 2020: 13 und 2019: 18). Die Anzahl der Erledigungen sank im Bereich der Anklageverfahren ebenfalls auf 82 (Vorjahr: 88) und erreichte damit den tiefsten Wert seit dem Jahr 2010. Mithin hat sich die im letzten Rechenschaftsbericht geäusserte Hoffnung, wonach es dem Strafgericht künftig wieder möglich sein sollte, eine deutlich höhere Anzahl an Anklageverfahren zu erledigen und damit die Pendenzenzahl nachhaltig zu senken, leider noch nicht erfüllt. Zusammenhängen dürfte diese Momentaufnahme letztlich auch mit der COVID-19-Pandemie, zwei partiellen Arbeitsausfällen sowie der Kündigung eines langjährigen Mitarbeitenden.

Trotz der gesunkenen Falleingänge erhöhte sich zufolge der tiefen Erledigungszahl die Zahl der beim Strafgericht per Ende des Berichtsjahr anhängig gebliebenen Anklageverfahren um 8 Fälle auf 80, was einem erneuten Höchststand gleichkommt. Darunter finden sich nach wie vor zahlreiche komplexe und vor allem arbeitsintensive Wirtschaftsstraf-

verfahren, auf welche das Strafgericht bereits vor zwei Jahren hinwies und die nunmehr zum Teil weit fortgeschritten sind. Die Bestimmungen über die Landesverweisung haben entgegen früheren Erwartungen bisher nicht zu einem erheblichen Mehraufwand geführt. Die Zahl der erledigten Fälle, in denen es um eine Landesverweisung ging, sank von 20 auf 12. Für die Zukunft muss beim Strafgericht, welches ab dem Berichtsjahr eine zusätzliche Gerichtsschreiberstelle besetzen konnte und überdies deutlich weniger Eingänge bei den Wirtschaftsstraffällen zu verzeichnen hatte, alles daran gesetzt werden, die Erledigungszahlen wieder zu erhöhen und damit die Pendenzen deutlich abzubauen. Nachdem in mehreren der grossen, älteren Wirtschaftsstrafverfahren seitens des Strafgerichts Erledigungen bis ca. Sommer 2022 prognostiziert wurden und überdies bis Ende Februar 2022 bereits 17 Anklageverfahren erledigt werden konnten, sollte dieses Ziel erreichbar sein.

Im Berichtsjahr konnten die Anklageverfahren mehrheitlich innerhalb von 18 Monaten erledigt werden. Bei den Einzelrichterfällen dauerten aber immerhin 8 Fälle (von total 56 erledigten) länger, während dies beim Kollegialgericht nur eine Prozedur (von insgesamt 16 abgeschlossenen) betraf. Indessen waren per Ende 2021 einige grosse bis sehr grosse Wirtschaftsstrafverfahren (mit 14 beschuldigten Personen) bereits seit mehr als 18 Monaten beim Kollegialgericht hängig. Mit diesen hatten sich die Mitarbeitenden des Strafgerichts - wie bereits aufgezeigt - im Jahre 2021 schwerpunktmässig zu befassen. Sodann stand per Ende 2021 nur in einem Fall mit drei Beschuldigten nach Ablauf der hierfür gesetzlich vorgesehenen Frist von 90 Tagen noch die Begründung der bereits im Dispositiv eröffneten Entscheide aus. Diese Pendenz wurde nunmehr im Februar 2022 erledigt.

Beim Zwangsmassnahmengericht (ZMG) war im Berichtsjahr wieder eine leichte Zunahme der Eingänge von 94 auf 116 Fälle zu verzeichnen. Die Neueingänge in diesem Tätigkeitsfeld unterliegen indessen – wie bereits im letzten Rechenschaftsbericht aufgezeigt – regelmässig grösseren Schwankungen. Nachdem die Zahl der erledigten ZMG-Fälle mit den Eingängen praktisch Schritt hielt, blieb die Anzahl der per Ende 2021 anhängig gebliebenen Prozeduren praktisch gleich wie in den zwei Vorjahren (2021: 10, 2020: 9, 2019: 11). Das Strafgericht weist darauf hin, dass es sich bei den anhängig gebliebenen Fällen ausschliesslich um sog. Entsiegelungsfälle handelt, deren Bearbeitung – da meistens umfangreiche Datenträger sichergestellt sind – potentiell mit erheblichem Bearbeitungsaufwand verbunden sind.

## VI. Kantonsgericht

Die Zahl der Neueingänge bei den Abteilungsfällen reduzierte sich im Geschäftsjahr gegenüber dem Vorjahr, in welchem eine Zunahme von 21 Fällen zu verzeichnen war, um 16 Fälle (von 205 auf 189) und liegt damit wieder leicht über dem Schnitt der Jahre vor 2020. Demgegenüber blieb die Zahl der neuen Einzelrichterfälle im vereinfachten und ordentlichen Verfahren im Vergleich zum Vorjahr praktisch unverändert. Bei den summarischen Verfahren (inkl. Gesuche um Bewilligung der unentgeltlichen Rechtspflege) erhöhte sich die Anzahl der Neueingänge im Geschäftsjahr um rund 450 Verfahren, nachdem es im Jahr 2020 noch eine Reduktion um rund 400 Fälle gegeben hatte. Zu dieser Erhöhung kam es zum einen deshalb, weil im Bereich der Organisationsmängelverfahren (Art. 731b OR) seit dem 1. Januar 2021 neu auch ein fehlendes Rechtsdomizil der Gesellschaft als Organisationsmangel gilt. Zum

anderen erhöhten sich die Rechtsöffnungsverfahren von 700 auf 919, womit deren Anzahl wieder leicht über dem Durchschnitt der Jahre vor 2020 liegt. Die Anzahl der Konkursverfahren nahm zwar ebenfalls zu (von 395 auf 422), blieb damit aber immer noch unter dem Durchschnitt der Jahre vor 2020. Bemerkenswert ist schliesslich die Entwicklung der Fallzahlen bei den Eheschutzverfahren: Während sich die Neueingänge im Jahr 2018 noch auf 102 beliefen, gingen sie im Jahr 2019 auf 74 zurück, erhöhten sich dann im Jahr 2020 auf 87 und reduzierten sich im Geschäftsjahr (dem zweiten "Corona-Jahr") auf 58. Bei den übrigen Rechtsgebieten bewegen sich die Schwankungen im üblichen Rahmen.

Im Weiteren fällt auf, dass sowohl bei den Abteilungsfällen wie auch den Einzelrichterverfahren im vereinfachten und ordentlichen Verfahren die Erledigungen zurückgingen (bei den Abteilungsfällen von 201 auf 171; bei den Einzelrichterfällen von 416 auf 381), was sich auch auf die Pendenzen ausgewirkt hat, die bei den Abteilungsfällen von 215 auf 233 und bei den Einzelrichterfällen von 137 auf 157 angestiegen sind. Bei den summarischen Verfahren erhöhten sich die Erledigungen hingegen von 2'094 auf 2'343, womit die Erhöhung der Pendenzen (von 323 auf 453) trotz des massiven Anstiegs der Neueingänge relativ gering gehalten werden konnte. Ob der Rückgang der Erledigungen mit der zunehmenden Schwierigkeit der Fälle und dem damit verbundenen prozessualen Mehraufwand zu erklären ist, lässt sich nur schwer beurteilen. Auffallend ist hingegen, dass sich mehrere Mitglieder des Kantonsgerichts dahingehend äusserten, dass die Kompromiss- bzw. Vergleichsbereitschaft der Parteien in den vergangenen zwei "Corona-Jahren" merklich zurückgegangen sei und manchmal eine gütli-

che Einigung von vornherein ausgeschlossen werde bzw. ein erheblich grösserer Aufwand betrieben werden müsse, um die Verfahren mit einem Vergleich abschliessen zu können. Abgesehen davon ist im Umgang mit der Pandemie (bereits im Berichtsjahr) eine gewisse Normalität eingekehrt: Die richterliche Tätigkeit wurde von der Pandemie nicht (mehr) erheblich eingeschränkt. Vielmehr konnten die sich stellenden Probleme dank der Erfahrungen aus dem Vorjahr und dem nach wie vor grossen Einsatz des Präsidenten und der Kanzleivorsteherin gut gemeistert werden. Zudem stehen dem Kantonsgericht ab dem Jahr 2022 dank der vom Kantonsrat bewilligten zusätzlichen Gerichtsschreiberstelle die erforderlichen Ressourcen zur Verfügung, um personelle Engpässe flexibel bewältigen zu können.

## VII. Obergericht

### 1. I. Zivilabteilung

Die Neueingänge und Erledigungen sind bei der I. Zivilabteilung seit Jahren relativ starken Schwankungen unterworfen. Während im Jahr 2019 insgesamt 36 neue Berufungen eingingen, erhöhte sich diese Zahl im Jahr 2020 auf 46 und ging im Berichtsjahr wieder auf 37 zurück. Worauf diese Schwankungen zurückzuführen sind, ist unklar. Da im Berichtsjahr 36 Berufungsverfahren erledigt werden konnten, blieb die Zahl der Pendenzen (34; Vorjahr: 33) praktisch unverändert. Von den pendenten Prozessen stammen noch 5 Verfahren aus dem Jahr 2020. Dabei handelt es sich grösstenteils um sehr komplexe Verfahren, in denen es jeweils zu mehreren Schriftenwechseln kam. In einem weiteren Verfahren war (ausnahmsweise) ein aufwändiges Beweisverfahren erforderlich. Alle übrigen hängigen Fälle gingen im Jahr 2021 ein. Da in der

I. Zivilabteilung nur sehr wenige Verhandlungen durchgeführt werden, war der Betrieb durch die COVID-19-Pandemie praktisch nicht beeinträchtigt.

### 2. II. Zivilabteilung

Im Berichtsjahr verzeichnete die II. Zivilabteilung 57 Neueingänge, was eine Abnahme von rund 10 % gegenüber dem Vorjahr (63) ist, aber immer noch leicht über dem Durchschnitt aller Neueingänge seit Einführung der Schweizerischen Zivilprozessordnung im Jahr 2011 (rund 50 pro Jahr) liegt. Die Geschäftslast konnte im Berichtsjahr bewältigt werden. Die Neueingänge setzten sich aus 48 (Vorjahr: 47) Berufungsverfahren, 2 (Vorjahr: 13) erstinstanzlichen ordentlichen Abteilungsprozessen sowie 7 (Vorjahr: 3) Gesuchen um Erlass superprovisorischer bzw. vorsorglicher Massnahmen zusammen. Die Pendenzen lagen Ende 2021 bei 23 (Vorjahr: 31) Verfahren. Von den erledigten Berufungs- und Einzelrichterverfahren konnte der überwiegende Teil innert 3 bzw. 6 Monaten abgeschlossen werden. Bei den im Berichtsjahr erledigten ordentlichen Prozessen, in denen das Obergericht als einzige kantonale Instanz fungiert und den Prozess mitsamt einem allfälligen Beweisverfahren von Anfang an führt, betrug die Verfahrensdauer in einem Fall 42, in einem Fall 18 und in allen anderen sieben Verfahren weniger als 12 Monate.

### 3. Strafabteilung

Im Berichtsjahr gingen mit 44 Berufungen ähnlich viele Fälle ein wie in den Vorjahren (2020: 42, 2019: 43, 2018: 41). Hinzu kamen 6 weitere Geschäfte (Vorjahr: 4). Erledigt werden konnten 37 Berufungsverfahren (Vorjahr: 47) und gleich wie im Vorjahr 4 weitere Geschäfte. Die Pendenzen der Strafabteilung

stiegen um 9 Fälle auf insgesamt 26 an, worunter sich 22 Berufungsfälle finden. Indessen ist das älteste der per Ende 2021 anhängigen Berufungsverfahren nur gerade ein halbes Jahr alt. Die Arbeitslast der Strafabteilung liegt im Bereich früherer Jahre. Sie ist, nachdem sich die Fallstrukturen der hängigen Fälle nach aktueller Einschätzung als nicht überaus komplex darstellen, mit den vorhandenen Personalressourcen noch zu bewältigen. Indessen ist absehbar, dass demnächst gleich mehrere beim Strafgericht pendente, sehr grosse und vor allem äusserst arbeitsintensive Wirtschaftsstraffälle (mit zum Teil bis zu 6 Beschuldigten und unzähligen Geschädigten) eingehen werden. Zudem wird es aufgrund personeller Wechsel insbesondere auch in diesen Fällen zu fehlenden richterlichen Ressourcen kommen. Gesamthaft werden daher spätestens auf Anfang des Jahres 2023 erste Massnahmen notwendig, um den sich abzeichnenden (Ausstands-)Problematiken sachgerecht zu begegnen und danach schrittweise das schon früher erkannte, im Bericht und Antrag der Justizprüfungskommission vom 20. November 2017 (Vorlage Nr. 2788.4; Laufnummer 15675) beschriebene strukturelle Problem der Strafabteilung sorgsam anzugehen und in der Folge nachhaltig zu beheben.

## 4. I. Beschwerdeabteilung

Die I. Beschwerdeabteilung befasst sich mit Beschwerden in Strafsachen; in den meisten Fällen sind Verfügungen der Staatsanwaltschaft Gegenstand der Anfechtung.

Im Berichtsjahr gingen 108 neue Beschwerden ein; dies sind 12 mehr als im Vorjahr (96). Insgesamt wurden 108 Beschwerdeverfahren erledigt, wodurch Ende Jahr wie im Vorjahr noch 36 Verfahren pendent waren. Die erledigten Beschwerden betrafen am häufigsten die Einstellung von Strafverfahren und Nichtanhandnahmeverfügungen (21 bzw. 44). In 6 Fällen wurde die Anordnung bzw. Nichtanordnung von Untersuchungshaft oder von Ersatzmassnahmen angefochten. Die von der Staatsanwaltschaft verfügte Kostenauflage bzw. die Entschädigungsregelung wurde in 12 Fällen beanstandet, und 7 Verfahren betrafen Ausstandsbegehren gegen Justizpersonen. Beschwerden wegen Rechtsverweigerung oder Rechtsverzögerung waren im Berichtsjahr in 2 Fällen Gegenstand des Verfahrens; auf eine dieser Beschwerden wurde nicht eingetreten, die andere wurde als gegenstandslos abgeschrieben. Die restlichen Beschwerdeverfahren verteilten sich auf diverse weitere Rechtsgebiete. Die erledigten Beschwerden wurden in 20 Fällen ganz oder teilweise gutgeheissen. Die übrigen 88 wurden abgewiesen, zurückgezogen, erwiesen sich als gegenstandslos oder es wurde darauf nicht eingetreten. Auch im letzten Jahr konnten die Verfahren mehrheitlich zügig zum Abschluss gebracht werden; die ambitionierte interne Zielsetzung zur Verfahrensdauer wurde allerdings nicht ganz erreicht. In 42 Fällen lag die Verfahrensdauer unter 3 Monaten, in 39 Fällen zwischen 3 und 6 Monaten, in 21 Fällen zwischen 6 und 9 Monaten und in 5 Fällen zwischen 9 und 12 Monaten. Ein Fall dauerte rund 14 Monate. Sämtliche Ende 2021 noch pendenten Verfahren wurden in der zweiten Jahreshälfte 2021 anhängig gemacht.

## 5. II. Beschwerdeabteilung

Die II. Beschwerdeabteilung behandelt einerseits Beschwerden in Zivilsachen und anderseits, als Aufsichtsbehörde über Schuldbetreibung und Konkurs, Beschwerden gegen Betreibungsämter und das Konkursamt nach

Art. 17 SchKG, auf welche unter lit. E Ziff. X. des vorliegenden Berichts eingegangen wird.

Im Berichtsjahr wurden mit 93 Eingängen fast gleich viele neue Beschwerden in Zivilsachen eingereicht wie im Vorjahr (94). Insgesamt konnten 92 (Vorjahr: 95) Beschwerden erledigt werden; Ende 2021 waren noch 18 (Vorjahr: 17) Verfahren pendent. Ein grosser Teil der erledigten Verfahren betraf Beschwerden gegen provisorische und definitive Rechtsöffnungen (24) sowie gegen Konkurseröffnungen (28); in 9 Verfahren war die Gewährung der unentgeltlichen Rechtspflege strittig und in 8 Fällen wurden prozessleitende Entscheide unterschiedlicher Art angefochten. Sodann wurde eine Beschwerde wegen Rechtsverzögerung erhoben; diese war Ende Jahr noch hängig. Und schliesslich war im Berichtsjahr eine subsidiäre Aufsichtsbeschwerde gemäss § 74 ff. GOG zu behandeln. Die erledigten Beschwerden wurden in 21 Fällen ganz oder teilweise gutgeheissen. Dazu ist anzumerken, dass der weit überwiegende Teil der gutgeheissenen Beschwerden Konkurseröffnungsverfahren betrafen, in denen die Beschwerdeführer die Voraussetzungen zur Gutheissung durch Zahlung der offenen Beträge erst im Laufe des Beschwerdeverfahrens geschaffen haben und die Gutheissung demzufolge nicht auf eine unrichtige Rechtsanwendung der Vorinstanz zurückzuführen ist. Die übrigen 71 Beschwerden wurden abgewiesen, zurückgezogen, erwiesen sich als gegenstandslos oder es wurde darauf nicht eingetreten.

Die Beschwerdeverfahren in Zivilsachen konnten insgesamt zügig zum Abschluss gebracht und die ambitionierten internen Ziele nahezu erreicht werden. In 61 Fällen lag die Verfahrensdauer unter 3 und in weiteren 27 Fällen zwischen 3 und 6 Monaten; nur 3 Verfahren dauerten zwischen 6 und 9 Monaten und eines etwas mehr als 9 Monate. Die Ende 2021 pendenten Verfahren wurden mit 2 Ausnahmen alle im letzten Quartal 2021 anhängig gemacht.

### 6. Justizverwaltung

Auch im Jahr 2021 befassten sich die Justizverwaltungsabteilung des Obergerichts und die Führungsverantwortlichen des Kantonsgerichts, des Strafgerichts und der Staatsanwaltschaft in vielen Sitzungen mit der Umsetzung der COVID-19-Massnahmen für ihre Bereiche.

Mit Bericht und Antrag vom 23. März 2021 verabschiedete das Plenum des Obergerichts eine Vorlage an den Kantonsrat für eine Teilrevision des Gesetzes betreffend die Einführung des schweizerischen Zivilgesetzbuches (EG ZGB) zur Regelung des Vollzugs zivilrechtlich angeordneter Fernhaltemassnahmen.

Mit Zirkulationsbeschluss vom 19. April 2021 wählte das Obergericht Rechtsanwältin lic. iur. Beatrice Kolvodouris Janett per 1. Januar 2022 zur Oberstaatsanwältin als Nachfolgerin des auf diesen Zeitpunkt zum Leitenden Oberstaatsanwalt gewählten Dr. iur. Christian Aebi.

Am 19. April 2021 beantragte das Plenum des Obergerichts dem Kantonsrat die Wahl von Dr. iur. Andreas Sidler als ausserordentliches Ersatzmitglied des Strafgerichts für die Zeit ab 15. Juli 2021 bis 14. Juli 2022.

Im Hinblick auf den Amtsantritt per 1. August 2021 des neu gewählten Mitgliedes des Obergerichts, Dr. iur. Aldo Staub, konstituierte sich das Obergericht an der Plenarsitzung vom 7. Juli 2021 neu.

Am 26. Oktober 2021 verabschiedete das Obergericht in 1. Lesung einen Entwurf zur Teilrevision des Einführungsgesetzes zum Bundesgesetz über Schuldbetreibung und Konkurs (EG SchKG; Abschaffung der Prüfungskommission Betreibungsbeamte), welcher in die Vernehmlassung geschickt wurde.

Mit Beschluss vom 26. Oktober 2021 regelte das Plenum des Obergerichts die Entschädigung für die Mitglieder und Ersatzmitglieder der Anwaltsprüfungskommission und der Aufsichtskommission über die Rechtsanwälte neu.

Ebenfalls am 26. Oktober 2021 verabschiedete das Plenum des Obergerichts den Bericht und Antrag zur Motion von Fabio Iten, Laura Dittli, Michael Felber und Peter Rust betreffend Anpassungen des Gerichtsorganisationsgesetzes für die Stellvertretung und den Zusammenschluss bei den Friedensrichterämtern unter Einhaltung der Gemeindesouveränität. An der Sitzung vom 16. Dezember 2021 hat der Kantonsrat diese Motion dem Antrag des Obergerichts entsprechend erheblich erklärt.

Am 4. November 2021 nahm das Obergericht eine Teilrevision der Kostenverordnung Obergericht (KoV) vor; es wurde eine Grundlage für die Kostenerhebung für Amtshandlungen nach E-EÖBV geschaffen und eine Reduktion der Gebühren für den Eintrag oder die Löschung im Anwaltsregister und in der öffentlichen Liste vorgenommen.

Mit Zirkulationsbeschluss vom 12. November 2021 verabschiedete das Obergericht die Totalrevision der Verordnung über die Fähigkeitsprüfung für den Anwaltsberuf und die Beurkundungsprüfung für Rechtsanwältinnen und Rechtsanwälte (Anwaltsprüfungsverordnung).

Mit Bericht und Antrag vom 13. Dezember 2021 verabschiedete das Obergericht gemeinsam mit dem Verwaltungsgericht eine Vorlage an den Kantonsrat für eine Teilrevision des Gesetzes über die Organisation der Zivil- und Strafrechtspflege (GOG) und des Gesetzes über den Rechtsschutz in Verwaltungssachen (VRG) im Hinblick auf eine erleichterte Schaffung von Teilzeitrichterstellen.

Ebenfalls am 13. Dezember 2021 verabschiedete das Obergericht eine Vorlage an den Kantonsrat für eine Teilrevision des Gesetzes über die Organisation der Zivil- und Strafrechtspflege (GOG) im Hinblick auf eine Anpassung der gesetzlichen Grundlage für die Erhebung von Gebühren.

Das Obergericht konnte auch im Berichtsjahr zu verschiedenen parlamentarischen Geschäften Stellung nehmen bzw. Mitberichte einreichen, welche teilweise die Verfahren sowie die Stellung der Gerichte und von Gerichtsmitgliedern betrafen.

Wie üblich führten Anfang Jahr Delegationen des Obergerichts bei allen Instanzen der Zivil- und Strafrechtspflege sowie beim Konkursamt und den Betreibungsämtern die jährlichen Inspektionen durch. Das Plenum befasste sich schliesslich mit der Rechnung, dem Rechenschaftsbericht und dem Budget. Die übrigen Verwaltungsgeschäfte bewegten sich im üblichen Rahmen.

## VIII. Schlussbemerkungen

Die Arbeitsbelastung in der Zivil- und Straf-
rechtspflege bewegt sich trotz teilweise tiefe-
rer Fallzahlen auf konstant hohem Niveau. In
allen Bereichen wird weiterhin eine zuneh-
mende Komplexität der Verfahren festgestellt,
im Zivilbereich überdies ein Rückgang der
Vergleichsbereitschaft. Die Massnahmen und
Einschränkungen im Zusammenhang mit der
COVID-19-Pandemie wirkten sich – von der
Deliktsstruktur bis zur Durchführung der Ver-
handlungen - in verschiedener Hinsicht auf
die Tätigkeit in der Zivil- und Strafjustiz aus.
Dank grossem Einsatz und Flexibilität konn-
te die aussergewöhnliche Situation (bisher)
gut gemeistert werden. Die Zivil- und Straf-
rechtspflege funktioniert insgesamt weiterhin
gut, und der überwiegende Teil der Verfahren
kann zeitgerecht bearbeitet und abgeschlos-
sen werden.

Das Obergericht dankt allen in der Zivil- und
Strafjustiz des Kantons Zug Tätigen ganz
herzlich für die geleistete Arbeit und den
grossen Einsatz im vergangenen Jahr.

# C

## Personelles

### I. Obergericht

**Eintritte**

Staub Aldo, Oberrichter (per 1. August 2021)
Amsler Mercier Andrea, Ersatzrichterin
(per 1. Januar 2022)
Dormann Albert, Ersatzrichter
(per 1. Januar 2022)

**Rücktritte**

Hager Celdràn Andrea, Oberrichterin
(per 31. März 2021)
Kuhn Paul, Ersatzrichter
(per 31. Dezember 2021)
Gysi Felix, Ersatzrichter
(per 31. Dezember 2021)

### II. Obergerichtskanzlei

**Eintritte**

Cathry Ivo, Gerichtsschreiber
Eller Flavio, Gerichtsschreiber
Fosco Orlando, Gerichtsschreiber
(Teilzeit 80 %)
Schmid-Joss Sabrina, Sekretärin
(Teilzeit 60 %)
Moser-Keller Anita, Rechnungsführerin
(Teilzeit 80 %)

**Austritte**

Mihajlovic Marijana, Gerichtsschreiberin
(Teilzeit 80 %)

Nagel Béatrice, Sekretärin
(Teilzeit 60 %)
Theiler Toni sel., Leiter Gerichtskasse/Rechnungsführer

### III. Kantonsgericht

**Eintritte**
Ackermann Ruedi, Kantonsrichter
(per 1. Oktober 2021)

**Rücktritte**
Staub Aldo, Kantonsrichter (per 31. Juli 2021)

### IV. Kantonsgerichtskanzlei

**Eintritte**
Bühlmann Olivia, Gerichtsschreiberin
(Teilzeit 70 %)
Hurni Nora, Gerichtsschreiberin
Kluser Barbara, Sekretärin (Teilzeit 70 %)

**Austritte**
Meier-Elsener Verena, Sekretärin
(Teilzeit 60 %)

### V. Strafgericht

**Eintritte**
Sidler Andreas, a.o. Ersatzrichter
(per 15. Juli 2021)

**Rücktritte**
–

### VI. Strafgerichtskanzlei

**Eintritte**
Boesen Elvira, Gerichtsschreiberin
(Teilzeit 75 %)
Cantieni Gianna, Gerichtsschreiberin
(Teilzeit 60 %)

**Austritte**

Fäs Adrian, Kanzleivorsteher (Teilzeit 90 %)

### VII. Staatsanwaltschaft

**Eintritte**
Kolvodouris Janett Beatrice, Oberstaatsanwältin (Teilzeit 90 %)
Arn Christine, Untersuchungsbeamtin
Basile Tony, Wirtschaftsprüfer/Untersuchungsbeamter
Adzaip Gorjana, Sekretärin (Teilzeit 60 %)
Lenherr Manuela, Sekretärin (Teilzeit 50 %)
Strebel-Bollhalder Jacqueline, Sekretärin
(Teilzeit 50 %)

**Austritte**
Winkler Christoph, Leitender Oberstaatsanwalt
(Teilzeit 90 %)
Sidler Andreas, Staatsanwalt
Koller Arnold, Wirtschaftsprüfer/Untersuchungsbeamter
Hess Andrea, Sekretärin (Teilzeit 50 %)
Stadelmann Cornelia, Sekretärin
(Teilzeit 80 %)

### VIII. Friedensrichterämter

**Eintritte**
Hünenberg: Brun Martin, Stellvertreter
(per 1. Januar 2022)

**Rücktritte**
Hünenberg: Ambühl Markus, Friedensrichter
(per 31. Dezember 2021)

### IX. Konkursamt

**Eintritte**
–

**Austritte**
–

### X. Betreibungsämter

**Eintritte**
–

Austritte

–

## XI. Anwaltsprüfungskommission

Eintritte

–

Rücktritte

–

## XII. Aufsichtskommission über die Rechtsanwälte

Eintritte

–

Rücktritte

–

## XIII. Prüfungskommission für Betreibungsbeamte

Eintritte

–

Rücktritte

–

## XIV. Schlichtungsbehörde Arbeitsrecht

-

(für Streitigkeiten nach dem Gleichstellungsgesetz)

Eintritte

–

Rücktritte

–

## XV. Schlichtungsbehörde Miet- und Pachtrecht

Eintritte

–

Rücktritte

–

## XVI. Dank

Das Obergericht spricht allen ausgeschiedenen Mitarbeitenden für ihren engagierten Einsatz im Dienste der Zuger Rechtspflege seinen besten Dank aus. Ein spezieller Dank gebührt all jenen, welche über sehr lange Zeit in der Zivil- und Strafrechtspflege tätig waren.

Das Obergericht heisst die neuen Mitarbeitenden herzlich willkommen und wünscht ihnen viel Freude und Erfolg bei ihrer neuen Tätigkeit.

# D

Grafische Darstellung der Entwicklung der Geschäftslast in den Jahren 2017–2021

### FRIEDENSRICHTERÄMTER



| Jahr | Neueingänge | Erledigungen |
|------|-------------|--------------|
| 2017 | 726 | 748 |
| 2018 | 725 | 715 |
| 2019 | 751 | 722 |
| 2020 | 683 | 707 |
| 2021 | 725 | 673 |

### SCHLICHTUNGSBEHÖRDE ARBEITSRECHT



| Jahr | Neueingänge | Erledigungen |
|------|-------------|--------------|
| 2017 | 292 | 291 |
| 2018 | 349 | 334 |
| 2019 | 330 | 308 |
| 2020 | 311 | 338 |
| 2021 | 296 | 289 |

## SCHLICHTUNGSBEHÖRDE MIET- UND PACHTRECHT



—△— Neueingänge   —●— Erledigungen

| Jahr | Neueingänge | Erledigungen |
|------|-------------|--------------|
| 2017 | 354 | 331 |
| 2018 | 223 | 241 |
| 2019 | 256 | 244 |
| 2020 | 288 | 309 |
| 2021 | 271 | 258 |

## STAATSANWALTSCHAFT
### Strafverfolgung Erwachsene



—△— Neueingänge   —●— Strafbefehle   —○— Anklagen   —■— Pendenzen

| Jahr | Neueingänge | Strafbefehle | Anklagen[1] | Pendenzen |
|------|-------------|--------------|-------------|-----------|
| 2017 | 10633 | 7630 | 83 | 1725 |
| 2018 | 10002 | 7012 | 95 | 1493 |
| 2019 | 9503 | 5982 | 95 | 1921 |
| 2020 | 9155 | 6034 | 91 | 1423 |
| 2021 | 8065 | 4692 | 85 | 1605 |

1 Anklagen inkl. abgekürzte Verfahren. Abschreibungen und anderweitige formelle Erledigungen werden hier nicht erfasst.

## STAATSANWALTSCHAFT
### Strafverfolgung Jugendliche



| Jahr | Neueingänge | Erledigungen[1] | Pendenzen |
|------|-------------|-----------------|-----------|
| 2017 | 651 | 621 | 62 |
| 2018 | 806 | 786 | 82 |
| 2019 | 765 | 755 | 92 |
| 2020 | 963 | 981 | 74 |
| 2021 | 743 | 730 | 87 |

1 inkl. formelle Erledigungen

## STAATSANWALTSCHAFT
### Verfahren betreffend internationale Rechtshilfe in Strafsachen



| Jahr | Neueingänge | Erledigungen | Pendenzen |
|------|-------------|--------------|-----------|
| 2017 | 120 | 113 | 39 |
| 2018 | 125 | 117 | 47 |
| 2019 | 138 | 133 | 52 |
| 2020 | 154 | 152 | 54 |
| 2021 | 138 | 161 | 31 |



| Jahr | Neueingänge | Erledigungen | Pendenzen |
|------|-------------|--------------|-----------|
| 2017 | 14 | 19 | 9 |
| 2018 | 24 | 15 | 18 |
| 2019 | 27 | 19 | 26 |
| 2020 | 24 | 26 | 24 |
| 2021 | 17 | 16 | 25 |



| Jahr | Neueingänge | Erledigungen | Pendenzen |
|------|-------------|--------------|-----------|
| 2017 | 57 | 59 | 20 |
| 2018 | 61 | 57 | 24 |
| 2019 | 57 | 45 | 36 |
| 2020 | 63 | 54 | 45 |
| 2021 | 58 | 56 | 47 |

24



**KANTONSGERICHT**
**Kollegialgericht**



| Jahr | Neueingänge | Erledigungen | Pendenzen |
|------|-------------|--------------|-----------|
| 2017 | 184 | 189 | 214 |
| 2018 | 185 | 180 | 219 |
| 2019 | 184 | 192 | 211 |
| 2020 | 205 | 201 | 215 |
| 2021 | 189 | 171 | 233 |

**KANTONSGERICHT**
**Einzelrichter im vereinfachten und im ordentlichen Verfahren**



| Jahr | Neueingänge | Erledigungen | Pendenzen |
|------|-------------|--------------|-----------|
| 2017 | 437 | 408 | 164 |
| 2018 | 425 | 416 | 173 |
| 2019 | 397 | 411 | 159 |
| 2020 | 394 | 416 | 137 |
| 2021 | 401 | 381 | 157 |

25



**KANTONSGERICHT**

Einzelrichter im summarischen Verfahren[1]

| Jahr | Neueingänge | Erledigungen | Pendenzen |
|------|-------------|--------------|-----------|
| 2017 | 2174 | 2172 | 336 |
| 2018 | 2036 | 2017 | 355 |
| 2019 | 2245 | 2221 | 379 |
| 2020 | 1840 | 1915 | 304 |
| 2021 | 2288 | 2165 | 427 |

1 inkl. Organisationsklagen i.S.v. Art. 731b OR und Art. 939 OR (Zahlen vgl. unter E. VI.)



**OBERGERICHT**

Zivilprozesse (I. Zivilabteilung)

| Jahr | Neueingänge | Erledigungen | Pendenzen |
|------|-------------|--------------|-----------|
| 2017 | 46 | 42 | 29 |
| 2018 | 34 | 37 | 26 |
| 2019 | 36 | 36 | 26 |
| 2020 | 46 | 39 | 33 |
| 2021 | 37 | 36 | 34 |

**OBERGERICHT**
**Zivilprozesse (II. Zivilabteilung)[1]**



| Jahr | Neueingänge | Erledigungen | Pendenzen |
|------|-------------|--------------|-----------|
| 2017 | 58 | 51 | 19 |
| 2018 | 44 | 49 | 14 |
| 2019 | 36 | 38 | 12 |
| 2020 | 63 | 44 | 31 |
| 2021 | 57 | 65 | 23 |

1 inkl. Berufungen betreffend Organisationsklagen i.S.v. Art. 731b OR und Art. 939 OR (Zahlen vgl. unter E. VII.)

**OBERGERICHT**
**Strafprozesse**



| Jahr | Neueingänge | Erledigungen | Pendenzen |
|------|-------------|--------------|-----------|
| 2017 | 40 | 54 | 21 |
| 2018 | 41 | 34 | 28 |
| 2019 | 43 | 51 | 20 |
| 2020 | 42 | 47 | 15 |
| 2021 | 44 | 37 | 22 |

**OBERGERICHT**
Beschwerden



| Jahr | Neueingänge | Erledigungen | Pendenzen |
|------|-------------|--------------|-----------|
| 2017 | 240 | 246 | 22 |
| 2018 | 245 | 242 | 25 |
| 2019 | 262 | 228 | 59 |
| 2020 | 225 | 223 | 61 |
| 2021 | 240 | 240 | 61 |

**BETREIBUNGSÄMTER**
Zahlungsbefehle, Pfändungen und Verwertungen



| Jahr | Zahlungsbefehle | Pfändungen | Verwertungen |
|------|-----------------|------------|--------------|
| 2017 | 28207 | 9683 | 5601 |
| 2018 | 27844 | 9084 | 5555 |
| 2019 | 30634 | 8861 | 5049 |
| 2020 | 27121 | 7165 | 4962 |
| 2021 | 29173 | 9076 | 4285 |

**KONKURSAMT**

Konkurse



| Jahr | Neueingänge | Erledigungen | Pendenzen |
|------|-------------|--------------|-----------|
| 2017 | 421 | 383 | 449 |
| 2018 | 377 | 452 | 374 |
| 2019 | 459 | 343 | 490 |
| 2020 | 457 | 287 | 660 |
| 2021 | 509 | 431 | 738 |

29

# E

## Geschäftsübersicht

I. Friedensrichterämter

1. Gesamtübersicht

| | vom Vorjahr anhängig | Neueingang | | | Erledigung | Übertrag |
|---|---|---|---|---|---|---|
| | | Total | davon Streitwert | | | |
| | | | bis CHF 2'000 | über CHF 2'000 bis 5'000 | | |
| **2020** | | | | | | |
| Zug | 87 | 302 | 48 | 60 | 313 | 76 |
| Oberägeri | 8 | 22 | 4 | 1 | 26 | 4 |
| Unterägeri | 1 | 15 | 3 | 5 | 15 | 1 |
| Menzingen | 4 | 3 | 1 | 2 | 7 | - |
| Baar | 35 | 121 | 25 | 28 | 125 | 31 |
| Cham | 14 | 77 | 17 | 12 | 80 | 11 |
| Hünenberg | 6 | 37 | 12 | 4 | 40 | 3 |
| Steinhausen | 5 | 36 | 3 | - | 32 | 9 |
| Risch | 6 | 46 | 8 | 4 | 43 | 9 |
| Walchwil | 4 | 13 | 1 | 1 | 15 | 2 |
| Neuheim | 2 | 11 | 3 | 2 | 11 | 2 |
| **Total** | **172** | **683** | **125** | **119** | **707** | **148** |
| **2021** | | | | | | |
| Zug | 76 | 358 | 62 | 44 | 313 | 121 |
| Oberägeri | 4 | 16 | 3 | 2 | 14 | 6 |
| Unterägeri | 1 | 21 | 6 | 2 | 19 | 3 |
| Menzingen | - | 6 | - | - | 6 | - |
| Baar | 31 | 148 | 34 | 22 | 144 | 35 |
| Cham | 11 | 58 | 19 | 5 | 57 | 12 |
| Hünenberg | 3 | 32 | 6 | 9 | 26 | 9 |
| Steinhausen | 9 | 39 | 8 | 9 | 42 | 6 |
| Risch | 9 | 29 | 11 | 3 | 32 | 6 |
| Walchwil | 2 | 11 | 3 | 1 | 11 | 2 |
| Neuheim | 2 | 7 | 2 | 1 | 9 | - |
| **Total** | **148** | **725** | **154** | **98** | **673** | **200** |

## 2. Erledigungen

| | Erledigung total | Vergleich, Anerken-nung, Rückzug | Klage-bewilli-gung | Urteilsvorschlag (Art. 210 ZPO) | | Entscheid (Art. 212 ZPO) |
|---|---|---|---|---|---|---|
| | | | | unterbreitet | angenommen | |
| **2020** | | | | | | |
| Zug | 313 | 136 | 134 | 30 | 25 | 18 |
| Oberägeri | 26 | 10 | 14 | – | – | 2 |
| Unterägeri | 15 | 8 | 4 | – | 3 | – |
| Menzingen | 7 | 7 | – | – | – | – |
| Baar | 125 | 61 | 50 | 10 | 10 | 4 |
| Cham | 80 | 43 | 28 | 10 | 5 | 4 |
| Hünenberg | 40 | 23 | 17 | – | – | – |
| Steinhausen | 32 | 11 | 21 | – | – | – |
| Risch | 43 | 24 | 19 | – | – | – |
| Walchwil | 15 | 6 | 9 | – | – | – |
| Neuheim | 11 | 5 | 6 | – | – | – |
| **Total** | **707** | **334** | **302** | **50** | **43** | **28** |
| | | | | | | |
| **2021** | | | | | | |
| Zug | 313 | 154 | 121 | 15 | 11 | 27 |
| Oberägeri | 14 | 4 | 10 | – | – | – |
| Unterägeri | 19 | 9 | 9 | – | – | 1 |
| Menzingen | 6 | 5 | 1 | – | – | – |
| Baar | 144 | 67 | 64 | 13 | 10 | 3 |
| Cham | 57 | 31 | 20 | 4 | 2 | 4 |
| Hünenberg | 26 | 12 | 13 | – | – | 1 |
| Steinhausen | 42 | 14 | 27 | – | – | 1 |
| Risch | 32 | 15 | 17 | – | – | – |
| Walchwil | 11 | 7 | 4 | – | – | – |
| Neuheim | 9 | 2 | 7 | – | – | – |
| **Total** | **673** | **320** | **293** | **32** | **23** | **37** |

## 3. Verfahrensdauer

Dauer der erledigten Verfahren (Monate)

| | 0-3 | 3-6 | 6-12 | 12-18 | 18-24 | > 24 | Total |
|---|---|---|---|---|---|---|---|
| 2020 | 484 | 115 | 94 | 7 | 1 | 6 | 707 |
| 2021 | 521 | 119 | 26 | 6 | – | 1 | 673 |

## II. Schlichtungsbehörde Arbeitsrecht

### 1. Anzahl

| | 2020 | 2021 |
|---|---|---|
| vom Vorjahr anhängig | 83 | 56 |
| Neueingänge | 311 | 296 |
| **Total** | **394** | **352** |
| | | |
| davon Streitwert bis CHF 2'000 | 59 | 49 |
| davon Streitwert über CHF 2'000 bis CHF 5'000 | 42 | 54 |

### 2. Erledigung

| | 2020 | 2021 |
|---|---|---|
| Vergleich, Anerkennung, Rückzug | 199 | 153 |
| Klagebewilligung | 135 | 133 |
| Urteilsvorschlag angenommen | 1 | 3 |
| Total unterbreitet | 2 | 3 |
| Entscheid | 3 | – |
| **Total** | **338** | **289** |
| | | |
| davon Erledigungen in Gleichstellungsfragen | | |
| Vergleich, Anerkennung, Rückzug | 3 | 1 |
| erteilte Klagebewilligungen | – | – |
| angenommene Urteilsvorschläge bzw. Entscheide | – | – |
| | | |
| Übertrag | 56 | 63 |

### 3. Verfahrensdauer

Dauer der erledigten Verfahren (Monate)

| | 0-3 | 3-6 | 6-12 | 12-18 | 18-24 | > 24 | Total |
|---|---|---|---|---|---|---|---|
| 2020 | 258 | 50 | 20 | 2 | 1 | 7 | 338 |
| 2021 | 257 | 23 | 6 | 1 | 2 | – | 289 |

33

### III. Schlichtungsbehörde Miet- und Pachtrecht

| 1. Anzahl | 2020 | 2021 |
|---|---:|---:|
| vom Vorjahr anhängig | 54 | 33 |
| Neueingänge | 288 | 271 |
| davon landwirtschaftliche Pacht | – | 3 |
| **Total** | **342** | **304** |
| | | |
| davon Streitwert bis CHF 2'000 | 21 | 12 |
| davon Streitwert über CHF 2'000 bis CHF 5'000 oder Fälle gemäss Art. 210 Abs. 1 lit. b ZPO | 321 | 292 |

| 2. Erledigung | 2020 | 2021 |
|---|---:|---:|
| Vergleich, Anerkennung, Rückzug | 275 | 209 |
| Klagebewilligung | 29 | 47 |
| Urteilsvorschlag angenommen | 4 | 2 |
| Total unterbreitet | 5 | 1 |
| Entscheid | 1 | – |
| **Total** | **309** | **258** |
| | | |
| Übertrag | 33 | 46 |

### 3. Verfahrensdauer

Dauer der erledigten Verfahren (Monate)

| | 0-3 | 3-6 | 6-12 | 12-18 | 18-24 | >24 | Total |
|---|---:|---:|---:|---:|---:|---:|---:|
| 2020 | 249 | 79 | 14 | – | – | – | 342 |
| 2021 | 221 | 36 | 1 | – | – | – | 258 |

## IV. Staatsanwaltschaft

### 1. Strafverfolgung Erwachsene

| 1.1 Anzahl | 2020 | 2021 |
|---|---|---|
| vom Vorjahr anhängig | 1921 | 1423 |
| Neueingänge (inkl. Einsprachen gegen Strafbefehle und allfällige Rückweisungen) | 9155 | 8065 |
| **Total** | **11076** | **9488** |

| 1.2 Erledigung | 2020 | 2021 |
|---|---|---|
| Strafbefehl | 6034 | 4692 |
| Anklage beim Strafgericht | | |
|     Einzelrichter | 64 | 58 |
|     Kollegialgericht | 21 | 17 |
| Anklage im abgekürzten Verfahren | | |
|     Einzelrichter | 6 | 9 |
|     Kollegialgericht | – | 1 |
| Überweisung ans Strafgericht (Gültigkeit Einsprache Strafbefehl) | 8 | 4 |
| Abtretung an andere Abteilung der Staatsanwaltschaft | 40 | 46 |
| Abtretung an anderen Kanton | 289 | 315 |
| Einstellung der Administrativuntersuchung | 106 | 88 |
| formelle Einstellung | 1832 | 1535 |
| *davon zufolge Verjährung (Übertretungen)* | – | – |
| einstweilige Einstellung | 199 | 203 |
| provisorische Einstellung | 5 | 12 |
| Nichtanhandnahme | 458 | 422 |
| Rückzug der Einsprache | 102 | 86 |
| Vereinigung (Untersuchungen mit gleicher/gleichem Beschuldigten) | 489 | 395 |
| **Total** | **9653** | **7883** |
| Übertrag | 1423 | 1605 |
| Total | 11076 | 9488 |

35

| 1.3 Rechtsgebiete | 2020 | 2021 |
|---|---|---|
| Die neu eingegangenen Untersuchungen betrafen | | |
| Schweizerisches Strafgesetzbuch (StGB) | | |
| strafbare Handlungen gegen Leib und Leben | 403 | 439 |
| strafbare Handlungen gegen das Vermögen | 1553 | 1673 |
| strafbare Handlungen gegen die Ehre und den Geheim- oder Privatbereich | 261 | 257 |
| Verbrechen und Vergehen gegen die Freiheit | 418 | 434 |
| strafbare Handlungen gegen die sexuelle Integrität | 92 | 101 |
| Verbrechen und Vergehen gegen die Familie | 24 | 13 |
| gemeingefährliche Verbrechen und Vergehen | 25 | 31 |
| Verbrechen und Vergehen gegen die öffentl. Gesundheit | – | 1 |
| Verbrechen und Vergehen gegen den öffentl. Verkehr | 33 | 15 |
| Fälschung von Geld, amtlichen Wertzeichen, amtlichen Zeichen, Mass und Gewicht | 1 | – |
| Urkundenfälschung | 150 | 164 |
| Verbrechen und Vergehen gegen den öffentl. Frieden | 14 | 8 |
| Verbrechen und Vergehen gegen den Staat und die Landesverteidigung | 3 | 2 |
| Vergehen gegen den Volkswillen | 1 | 1 |
| strafbare Handlungen gegen die öffentl. Gewalt | 118 | 105 |
| Störung der Beziehungen zum Ausland | – | – |
| Verbrechen und Vergehen gegen die Rechtspflege | 133 | 128 |
| strafbare Handlungen gegen die Amts- und Berufspflicht | 39 | 70 |
| Übertretungen bundesrechtlicher Bestimmungen | 113 | 137 |
| Strassenverkehrsgesetz (SVG und Verordnungen) | 5389 | 4152 |
| Betäubungsmittelgesetz (BetmG) | 212 | 148 |
| andere Bundeserlasse | | |
| Ausländer- und Integrationsgesetz (AIG) | 208 | 182 |
| Gewässerschutzgesetz | 10 | 12 |
| Personenbeförderungsgesetz | 386 | 605 |
| Umweltschutzgesetz | 10 | 9 |
| Gesetz gegen den unlauteren Wettbewerb | 21 | 7 |
| Bevölkerungs- und Zivilschutzgesetz | – | – |
| Arbeitslosenversicherungsgesetz | 15 | 21 |
| AHV-Gesetz | 14 | 13 |
| andere | 231 | 215 |
| kantonale Erlasse | | |
| Übertretungsstrafgesetz | 217 | 160 |
| Baugesetz | 20 | 13 |
| andere kantonale Erlasse | 3 | – |
| aussergewöhnliche Todesfälle | 106 | 124 |

| **1.4 Strafen** | **2020** | **2021** |
|---|---|---|
| Busse (ohne Ordnungsbusse) | 5597 | 4315 |
| Geldstrafe | | |
|     unbedingt | 176 | 156 |
|     unbedingt mit Busse | 38 | 35 |
|     bedingt | 211 | 180 |
|     bedingt mit Busse | 870 | 670 |
| Freiheitsstrafe | | |
|     unbedingt | 44 | 29 |
|     bedingt | 6 | 1 |
| Verwarnung | – | – |
| keine Strafe | 14 | 14 |

| **1.5 Ertrag aus Bussen und unbedingten Geldstrafen (mit Strafbefehl)** | **2020** | **2021** |
|---|---|---|
| Bussen | 1'923'020 | 1'536'470 |
| Geldstrafen | 694'940 | 492'100 |

**1.6 Verfahrensdauer**

Die Ende 2021 pendenten Verfahren wurden anhängig gemacht

| | |
|---|---|
| 2017 | 4 |
| 2018 | 24 |
| 2019 | 51 |
| 2020 | 186 |
| 2021 | 1340 |
| Total | 1605 |

Dauer der erledigten Verfahren (Monate)

| | 0-3 | 3-6 | 6-9 | 9-12 | 12-18 | 18-24 | 24-36 | >36 | Total |
|---|---|---|---|---|---|---|---|---|---|
| 2020 | 8134 | 714 | 242 | 160 | 318 | 43 | 20 | 22 | 9653 |
| 2021 | 6603 | 646 | 267 | 122 | 130 | 54 | 37 | 24 | 7883 |

## 1.7 Justizkontrolle und Rechtsmittel

| 1.7.1 Einsprachen gegen Strafbefehle | 2020 | 2021 |
|---|---|---|
| Total | 251 | 209 |
| davon vom Oberstaatsanwalt erhoben | – | 5 |

| 1.7.2 Von der Staatsanwaltschaft erhobene Rechtsmittel | 2020 | 2021 |
|---|---|---|
| Berufungen | 2 | 4 |
| Anschlussberufungen | 2 | 2 |
| Beschwerden in Strafsachen an das Bundesgericht | – | – |

## 1.8 Internationale Rechtshilfe in Strafsachen

| 1.8.1 Anzahl | 2020 | 2021 |
|---|---|---|
| vom Vorjahr anhängig | 52 | 54 |
| Neueingänge | 154 | 138 |
| **Total** | **206** | **192** |

| 1.8.2 Erledigung | 2020 | 2021 |
|---|---|---|
| Zustellung | 23 | 27 |
| Untersuchungshandlungen (Hausdurchsuchungen, Beschlagnahme von Beweismitteln, Einvernahmen usw.) | 99 | 96 |
| Abtretung an andere Behörden | 2 | 6 |
| Ablehnung / Nichteintreten | 23 | 24 |
| Anordnung Vollstreckung Geldstrafe / Busse Ausland | 3 | 8 |
| Ablehnung Vollstreckungsersuchen Geldstrafe / Busse Ausland | 2 | – |
| **Total** | **152** | **161** |
| Übertrag | 54 | 31 |
| Total | 206 | 192 |

### 1.8.3 Verfahrensdauer

Die Ende 2021 pendenten Verfahren wurden anhängig gemacht

| 2020 | 4 |
|---|---|
| 2021 | 27 |
| Total | 31 |

## 2. Strafverfolgung Jugendliche

| 2.1 Anzahl | 2020 | 2021 |
|---|---|---|
| vom Vorjahr anhängig | 92 | 74 |
| Neueingänge (inkl. Einsprachen gegen Strafbefehle und allfällige Rückweisungen) | 963 | 743 |
| **Total** | **1055** | **817** |

| 2.2 Erledigung | 2020 | 2021 |
|---|---|---|
| Strafbefehl | 354 | 319 |
| Anklage beim Jugendgericht | 3 | 5 |
| Anklage im abgekürzten Verfahren | – | – |
| Überweisung ans Jugendgericht (Gültigkeit Einsprache Strafbefehl) | 1 | – |
| Abtretung an andere Abteilung der Staatsanwaltschaft | – | – |
| Abtretung an anderen Kanton | 48 | 63 |
| formelle Einstellung | 134 | 145 |
| davon zufolge Verjährung (Übertretungen) | – | – |
| einstweilige Einstellung | 2 | 9 |
| Nichtanhandnahme | 8 | 8 |
| Rückzug der Einsprache | 1 | 2 |
| Vereinigung (Untersuchungen mit gleicher/gleichem Beschuldigten) | 430 | 179 |
| **Total** | **981** | **730** |
| | | |
| Übertrag | 74 | 87 |
| Total | 1055 | 817 |

| 2.3 Rechtsgebiete | 2020 | 2021 |
|---|---|---|
| Die neu eingegangenen Untersuchungen betrafen | | |
| Schweizerisches Strafgesetzbuch (StGB) | | |
| strafbare Handlungen gegen Leib und Leben | 121 | 85 |
| strafbare Handlungen gegen das Vermögen | 462 | 246 |
| strafbare Handlungen gegen die Ehre und den Geheim- oder Privatbereich | 44 | 13 |
| Verbrechen und Vergehen gegen die Freiheit | 116 | 66 |
| strafbare Handlungen gegen die sexuelle Integrität | 33 | 54 |
| Verbrechen und Vergehen gegen die Familie | – | – |
| gemeingefährliche Verbrechen und Vergehen | 7 | 12 |
| Verbrechen und Vergehen gegen die öffentl. Gesundheit | – | – |
| Verbrechen und Vergehen gegen den öffentl. Verkehr | 1 | 5 |
| Fälschung von Geld, amtlichen Wertzeichen, amtlichen Zeichen, Mass und Gewicht | – | – |
| Urkundenfälschung | 19 | 10 |
| Verbrechen und Vergehen gegen den öffentl. Frieden | 2 | – |
| Verbrechen und Vergehen gegen den Staat und die Landesverteidigung | – | – |
| Vergehen gegen den Volkswillen | 2 | – |
| strafbare Handlungen gegen die öffentl. Gewalt | 31 | 20 |
| Störung der Beziehungen zum Ausland | – | – |
| Verbrechen und Vergehen gegen die Rechtspflege | 13 | 1 |
| strafbare Handlungen gegen die Amts- und Berufspflicht | – | – |
| Übertretungen bundesrechtlicher Bestimmungen | – | 2 |
| Strassenverkehrsgesetz (SVG und Verordnungen) | 151 | 128 |
| Betäubungsmittelgesetz (BetmG) | 274 | 194 |
| andere Bundeserlasse | | |
| Ausländer- und Integrationsgesetz (AIG) | 37 | 45 |
| Gewässerschutzgesetz | – | – |
| Personenbeförderungsgesetz | 55 | 61 |
| Umweltschutzgesetz | – | – |
| Gesetz gegen den unlauteren Wettbewerb | – | – |
| Bevölkerungs- und Zivilschutzgesetz | – | – |
| Arbeitslosenversicherungsgesetz | – | – |
| AHV-Gesetz | – | – |
| andere | 48 | 42 |
| kantonale Erlasse | | |
| Übertretungsstrafgesetz | 54 | 31 |
| Baugesetz | – | – |
| andere kantonale Erlasse | – | – |

**2.4 Strafen**

| | 2020 | 2021 |
|---|---|---|
| Busse (ohne Ordnungsbusse) | | |
| unbedingt | 163 | 157 |
| bedingt | – | – |
| Freiheitsentzug | | |
| unbedingt | 2 | 2 |
| teilbedingt | 13 | 8 |
| bedingt | 21 | 22 |
| persönliche Leistung | | |
| unbedingt | 131 | 100 |
| teilbedingt | 1 | 9 |
| bedingt | 6 | 7 |
| Verweis | 21 | 21 |
| keine Strafe | – | – |

**2.5 Ertrag aus unbedingten Bussen**

| | 2020 | 2021 |
|---|---|---|
| Bussen | 43'590 | 36'500 |

**2.6 Verfahrensdauer**

Die Ende 2021 pendenten Verfahren wurden anhängig gemacht

| | |
|---|---|
| 2020 | 2 |
| 2021 | 85 |
| Total | 87 |

Dauer der erledigten Verfahren (Monate)

| | 0-3 | 3-6 | 6-9 | 9-12 | 12-18 | 18-24 | 24-36 | >36 | Total |
|---|---|---|---|---|---|---|---|---|---|
| 2020 | 858 | 66 | 38 | 13 | 4 | 2 | – | – | 981 |
| 2021 | 612 | 81 | 23 | 10 | 2 | – | 2 | – | 730 |

## 2.7 Justizkontrolle und Rechtsmittel

| 2.7.1 Einsprachen gegen Strafbefehle | 2020 | 2021 |
|---|---|---|
| Total | 3 | 8 |
| davon vom Oberstaatsanwalt erhoben | – | – |

| 2.7.2 Von der Staatsanwaltschaft erhobene Rechtsmittel | 2020 | 2021 |
|---|---|---|
| Berufungen | – | – |
| Anschlussberufungen | – | – |
| Beschwerden in Strafsachen an das Bundesgericht | – | – |

## 2.8 Vollzug Schutzmassnahmen und Strafen (§ 2 VVJ)

| 2.8.1 Schutzmassnahmen | 2020 | 2021 |
|---|---|---|
| Aufsicht | 4 | 1 |
| persönliche Betreuung | 12 | 9 |
| ambulante Behandlung | 10 | 6 |
| Unterbringung (offene Einrichtung) | 2 | 1 |
| Unterbringung (geschlossene Einrichtung) | 2 | 3 |
| Tätigkeits-, Kontakt-, Rayonverbot | 13 | 7 |

| 2.8.2 Strafen | 2020 | 2021 |
|---|---|---|
| Verweis mit Weisung / Probezeit | 1 | – |
| persönliche Leistung | 135 | 109 |
| Sanktionsumwandlung durch Vollzugsbehörde | 24 | 34 |
| Freiheitsentzug | 39 | 38 |

42

**V. Strafgericht**

**1. Kollegialgericht**

**1.1 Strafprozesse**

| **1.1.1 Anzahl** | **2020** | **2021** |
|---|---|---|
| vom Vorjahr anhängig | 26 | 24 |
| neue Anklagen | 21 | 17 |
| weitere Neueingänge (z. B. Überweisungen Einzelrichter, Rückweisungen, wieder aufgenommene Verfahren) | 3 | - |
| **Total** | **50** | **41** |

| **1.1.2 Erledigung** | **2020** | **2021** |
|---|---|---|
| Schuldspruch | 7 | 6 |
| Schuldspruch / teilweiser Freispruch | 15 | 6 |
| Freispruch | - | 2 |
| Einstellung | - | 1 |
| Rückweisung | 2 | - |
| Vereinigung | - | 1 |
| übrige | 2 | - |
| **Total** | **26** | **16** |

| | | |
|---|---|---|
| Übertrag | 24 | 25 |
| Total | 50 | 41 |

### 1.1.3 Rechtsgebiete

Die erledigten Prozesse betrafen

| | 2020 | 2021 |
|---|---|---|
| Schweizerisches Strafgesetzbuch (StGB) | | |
| strafbare Handlungen gegen Leib und Leben | 8 | 1 |
| strafbare Handlungen gegen das Vermögen | 41 | 16 |
| strafbare Handlungen gegen die Ehre und den Geheim- oder Privatbereich | 2 | - |
| Verbrechen und Vergehen gegen die Freiheit | 12 | 6 |
| strafbare Handlungen gegen die sexuelle Integrität | 14 | 7 |
| Verbrechen und Vergehen gegen die Familie | - | - |
| gemeingefährliche Verbrechen und Vergehen | - | - |
| Verbrechen und Vergehen gegen den öffentl. Verkehr | - | - |
| Fälschung von Geld, amtlichen Wertzeichen, amtlichen Zeichen, Mass und Gewicht | - | - |
| Urkundenfälschung | 4 | - |
| Verbrechen und Vergehen gegen den öffentl. Frieden | - | - |
| strafbare Handlungen gegen die öffentl. Gewalt | 5 | 1 |
| Verbrechen und Vergehen gegen die Rechtspflege | 1 | 1 |
| strafbare Handlungen gegen die Amts- und Berufspflicht | - | - |
| Übertretungen bundesrechtlicher Bestimmungen | 1 | - |
| Strassenverkehrsgesetz (SVG und Verordnungen) | 2 | 4 |
| Betäubungsmittelgesetz (BetmG) | 7 | 11 |
| andere Bundeserlasse | 6 | 1 |
| kantonale Erlasse | | |
| Übertretungsstrafgesetz | - | - |
| andere kantonale Erlasse | - | - |

### 1.1.4 Persönliche Verhältnisse der Beschuldigten

| | | 2020 | 2021 |
|---|---|---|---|
| Geschlecht | männlich | 26 | 14 |
| | weiblich | - | 2 |
| Staatsangehörigkeit | Schweiz | 9 | 5 |
| | Ausland | 17 | 11 |

44

### 1.1.5 Strafen

| 1.1.5.1 Hauptstrafen | 2020 | 2021 |
|---|---|---|
| Freiheitsstrafe | | |
| unbedingt | 11 | 6 |
| teilbedingt | 3 | 2 |
| bedingt | 7 | 5 |
| Geldstrafe | | |
| unbedingt | 4 | 1 |
| teilbedingt | – | – |
| bedingt | 4 | 1 |
| Busse | 4 | 3 |
| keine Strafe | – | – |

| 1.1.5.2 Mit einer bedingten Hauptstrafe verbundene Strafen | 2020 | 2021 |
|---|---|---|
| mit Freiheitsstrafe verbundene unbedingte Geldstrafe | – | – |
| mit Freiheitsstrafe verbundene Busse | – | – |
| mit Geldstrafe verbundene Busse | 1 | – |

| 1.1.6 Massnahmen | 2020 | 2021 |
|---|---|---|
| stationäre therapeutische Massnahmen | | |
| Behandlung von psychischen Störungen (Art. 59 StGB) | 1 | – |
| Suchtbehandlung (Art. 60 StGB) | – | – |
| kombinierte stationäre Behandlung (Art. 59 und 60 StGB) | – | – |
| Massnahmen für junge Erwachsene (Art. 61 StGB) | – | – |
| ambulante Behandlung (Art. 63 StGB) | 2 | 1 |
| Verwahrung (Art. 64 StGB) | – | – |
| andere Massnahmen | | |
| Landesverweisung (Art. 66a und 66a[bis] StGB) | 9 | 5 |
| Anwendung der Härtefallklausel (Art. 66a Abs. 2 StGB) | – | – |
| Keine Anordnung der Landesverweisung wegen FZA | – | – |
| Tätigkeitsverbot (Art. 67 StGB) | 3 | 2 |
| Kontakt- und Rayonverbot (Art. 67b StGB) | – | – |
| Fahrverbot (Art. 67e StGB) | – | – |
| Veröffentlichung des Urteils (Art. 68 StGB) | – | – |
| Sicherungseinziehung (Art. 69 StGB) | 6 | 7 |
| Einziehung von Vermögenswerten (Art. 70 ff. StGB) | 1 | 1 |
| Verwendung zugunsten Geschädigter (Art. 73 StGB) | 1 | – |

45

### 1.1.7 Prozessdauer

Die Ende 2021 pendenten Prozesse wurden anhängig gemacht

| | |
|---|---|
| 2018 | 1 |
| 2019 | 11 |
| 2020 | 2 |
| 2021 | 11 |
| Total | 25 |

Dauer der erledigten Prozesse (Monate)

| | 0-3 | 3-6 | 6-9 | 9-12 | 12-18 | 18-24 | 24-36 | >36 | Total |
|---|---|---|---|---|---|---|---|---|---|
| 2020 | 6 | 7 | 4 | – | 9 | – | – | – | 26 |
| 2021 | 4 | 2 | 1 | 6 | 2 | – | 1 | – | 16 |

| **1.2 Weitere erledigte Geschäfte** | **2020** | **2021** |
|---|---|---|
| Anordnung Sanktionsvollzug | – | – |
| Anordnung Massnahmenvollzug | – | – |
| Verlängerung therapeutische Massnahme | – | – |
| Änderung Massnahme | – | – |
| Änderung Strafe | – | – |
| Anordnung gemäss Art. 95 StGB | – | – |
| Verwendung zugunsten Geschädigter | 1 | 1 |
| übrige | – | – |
| **Total** | **1** | **1** |

46

**2. Einzelrichter**

**2.1 Strafprozesse**

| **2.1.1 Anzahl** | **2020** | **2021** |
|---|---|---|
| vom Vorjahr anhängig | 36 | 45 |
| neue Anklagen | 63 | 58 |
| weitere Neueingänge (z. B. Rückweisungen, wieder aufgenommene Verfahren) | - | - |
| **Total** | **99** | **103** |

| **2.1.2 Erledigung** | **2020** | **2021** |
|---|---|---|
| Schuldspruch | 21 | 27 |
| Schuldspruch / teilweiser Freispruch | 13 | 12 |
| Freispruch | 9 | 6 |
| Einstellung | 1 | 1 |
| Rückweisung | - | 2 |
| Vereinigung | - | 2 |
| Überweisung an das Kollegialgericht | 3 | - |
| übrige | 7 | 6 |
| **Total** | **54** | **56** |

| | **2020** | **2021** |
|---|---|---|
| Übertrag | 45 | 47 |
| Total | 99 | 103 |

| **2.1.3 Rechtsgebiete** | **2020** | **2021** |
|---|---|---|
| Die erledigten Prozesse betrafen | | |
| Schweizerisches Strafgesetzbuch (StGB) | | |
| strafbare Handlungen gegen Leib und Leben | 11 | 5 |
| strafbare Handlungen gegen das Vermögen | 32 | 22 |
| strafbare Handlungen gegen die Ehre und den Geheim- oder Privatbereich | 2 | 7 |
| Verbrechen und Vergehen gegen die Freiheit | 12 | 7 |
| strafbare Handlungen gegen die sexuelle Integrität | 7 | 15 |
| Verbrechen und Vergehen gegen die Familie | - | - |
| gemeingefährliche Verbrechen und Vergehen | 2 | 2 |
| Verbrechen und Vergehen gegen den öffentl. Verkehr | - | - |
| Fälschung von Geld, amtlichen Wertzeichen, amtlichen Zeichen, Mass und Gewicht | - | - |
| Urkundenfälschung | 5 | 8 |
| Verbrechen und Vergehen gegen den öffentl. Frieden | - | - |
| strafbare Handlungen gegen die öffentl. Gewalt | 3 | 1 |
| Verbrechen und Vergehen gegen die Rechtspflege | 2 | 2 |

|  | 2020 | 2021 |
|---|---|---|
| strafbare Handlungen gegen die Amts- und Berufspflicht | 2 | 2 |
| Übertretungen bundesrechtlicher Bestimmungen | – | – |
| Strassenverkehrsgesetz (SVG und Verordnungen) | 14 | 10 |
| Betäubungsmittelgesetz (BetmG) | 11 | 2 |
| andere Bundeserlasse | 12 | 11 |
| kantonale Erlasse | | |
| Übertretungsstrafgesetz | 1 | 1 |
| andere kantonale Erlasse | – | – |

| 2.1.4 Persönliche Verhältnisse der Beschuldigten | | 2020 | 2021 |
|---|---|---|---|
| Geschlecht | männlich | 47 | 47 |
| | weiblich | 7 | 9 |
| Staatsangehörigkeit | Schweiz | 26 | 28 |
| | Ausland | 28 | 28 |
| Unternehmen | | – | – |

### 2.1.5 Strafen

| 2.1.5.1 Hauptstrafen | 2020 | 2021 |
|---|---|---|
| Freiheitsstrafe | | |
| unbedingt | 6 | 3 |
| teilbedingt | – | 1 |
| bedingt | 8 | 4 |
| Geldstrafe | | |
| unbedingt | 2 | 2 |
| teilbedingt | – | 1 |
| bedingt | 19 | 21 |
| Busse | 10 | 9 |
| keine Strafe | – | – |

| 2.1.5.2 Mit einer bedingten Hauptstrafe verbundene Strafen | 2020 | 2021 |
|---|---|---|
| mit Freiheitsstrafe verbundene unbedingte Geldstrafe | – | – |
| mit Freiheitsstrafe verbundene Busse | 1 | – |
| mit Geldstrafe verbundene Busse | 7 | 8 |

### 2.1.6 Massnahmen

| | 2020 | 2021 |
|---|---|---|
| stationäre therapeutische Massnahmen | | |
| Behandlung von psychischen Störungen (Art. 59 StGB) | – | – |
| Suchtbehandlung (Art. 60 StGB) | 1 | – |
| kombinierte stationäre Behandlung (Art. 59 und 60 StGB) | – | – |
| Massnahmen für junge Erwachsene (Art. 61 StGB) | – | – |
| ambulante Behandlung (Art. 63 StGB) | 3 | – |
| andere Massnahmen | | |
| Landesverweisung (Art. 66a und 66a$^{bis}$ StGB) | 8 | 3 |
| Anwendung der Härtefallklausel (Art. 66a Abs. 2 StGB) | 1 | – |
| Keine Anordnung der Landesverweisung wegen FZA | 1 | – |
| Tätigkeitsverbot (Art. 67 StGB) | – | 5 |
| Kontakt- und Rayonverbot (Art. 67b StGB) | 1 | – |
| Fahrverbot (Art. 67e StGB) | – | – |
| Veröffentlichung des Urteils (Art. 68 StGB) | – | – |
| Sicherungseinziehung (Art. 69 StGB) | 2 | 5 |
| Einziehung von Vermögenswerten (Art. 70 ff. StGB) | – | 1 |
| Verwendung zugunsten Geschädigter (Art. 73 StGB) | – | – |

### 2.1.7 Prozessdauer

Die Ende 2021 pendenten Prozesse wurden anhängig gemacht

| | |
|---|---|
| 2020 | 4 |
| 2021 | 43 |
| Total | 47 |

Dauer der erledigten Prozesse (Monate)

| | 0-3 | 3-6 | 6-9 | 9-12 | 12-18 | 18-24 | 24-36 | > 36 | Total |
|---|---|---|---|---|---|---|---|---|---|
| 2020 | 11 | 18 | 9 | 6 | 4 | 3 | – | 3 | 54 |
| 2021 | 10 | 8 | 7 | 11 | 12 | 5 | 3 | – | 56 |

### 2.2 Weitere erledigte Geschäfte

| | 2020 | 2021 |
|---|---|---|
| Anordnung Sanktionsvollzug | – | – |
| Anordnung Massnahmenvollzug | – | – |
| Verlängerung therapeutische Massnahme | – | – |
| Änderung Massnahme | – | – |
| Änderung Strafe | – | 2 |
| Anordnung gemäss Art. 95 StGB | – | 1 |
| Verwendung zugunsten Geschädigter | – | – |
| Beurteilung der Gültigkeit einer Einsprache | 7 | 5 |
| übrige | 1 | – |
| **Total** | **8** | **8** |

### 3. Abgekürzte Verfahren

| 3.1 Anzahl | 2020 | 2021 |
|---|---|---|
| an das Kollegialgericht | | |
| vom Vorjahr anhängig | – | – |
| Neueingänge (inkl. Überweisungen vom Einzelrichter) | – | 1 |
| an den Einzelrichter | | |
| vom Vorjahr anhängig | 1 | 2 |
| Neueingänge | 6 | 9 |
| **Total** | **7** | **12** |

| 3.2 Erledigung | 2020 | 2021 |
|---|---|---|
| Bestätigung der Anklageschrift | | |
| Kollegialgericht | – | 1 |
| Einzelrichter | 4 | 8 |
| Rückweisung zur Durchführung des ordentlichen Verfahrens | | |
| Kollegialgericht | – | – |
| Einzelrichter | 1 | – |
| Überweisung an das Kollegialgericht | – | – |
| **Total** | **5** | **9** |

| | 2020 | 2021 |
|---|---|---|
| Übertrag | 2 | 3 |
| Total | 7 | 12 |

### 3.3 Strafen

| 3.3.1 Hauptstrafen | 2020 | 2021 |
|---|---|---|
| Freiheitsstrafe | | |
| unbedingt | – | 1 |
| teilbedingt | 1 | – |
| bedingt | 3 | 7 |
| Geldstrafe | | |
| unbedingt | 1 | – |
| teilbedingt | – | – |
| bedingt | – | 1 |
| Busse | 1 | 3 |
| keine Strafe | – | 1 |

| 3.3.2 Mit einer bedingten Hauptstrafe verbundene Strafen | 2020 | 2021 |
|---|---|---|
| mit Freiheitsstrafe verbundene unbedingte Geldstrafe | – | – |
| mit Freiheitsstrafe verbundene Busse | – | 1 |
| mit Geldstrafe verbundene Busse | – | 1 |

| 3.4 Massnahmen | 2020 | 2021 |
|---|---|---|
| stationäre therapeutische Massnahmen | | |
| Behandlung von psychischen Störungen (Art. 59 StGB) | – | – |
| Suchtbehandlung (Art. 60 StGB) | – | – |
| kombinierte stationäre Behandlung (Art. 59 und 60 StGB) | – | – |
| Massnahmen für junge Erwachsene (Art. 61 StGB) | – | – |
| ambulante Behandlung (Art. 63 StGB) | – | – |
| andere Massnahmen | | |
| Landesverweisung (Art. 66a und 66a$^{bis}$ StGB) | 1 | 4 |
| Anwendung der Härtefallklausel (Art. 66a Abs. 2 StGB) | – | – |
| Keine Anordnung der Landesverweisung wegen FZA | – | – |
| Tätigkeitsverbot (Art. 67 StGB) | – | 1 |
| Kontakt- und Rayonverbot (Art. 67b StGB) | – | – |
| Fahrverbot (Art. 67e StGB) | – | – |
| Veröffentlichung des Urteils (Art. 68 StGB) | – | – |
| Sicherungseinziehung (Art. 69 StGB) | 3 | 5 |
| Einziehung von Vermögenswerten (Art. 70 ff. StGB) | 1 | 1 |
| Verwendung zugunsten Geschädigter (Art. 73 StGB) | – | – |

51

**4. Jugendgericht**

| 4.1 Anzahl | 2020 | 2021 |
|---|---|---|
| vom Vorjahr anhängig | 1 | 1 |
| neue Anklagen | 3 | 5 |
| **Total** | **4** | **6** |

| 4.2 Erledigung | 2020 | 2021 |
|---|---|---|
| Schuldspruch | 3 | 1 |
| Schuldspruch / teilweiser Freispruch | - | - |
| Freispruch | - | - |
| Einstellung des Verfahrens | - | - |
| Rückweisung | - | - |
| Vereinigung (Ergänzungsanklagen) | - | - |
| übrige Erledigungen | - | - |
| **Total** | **3** | **1** |

| | 2020 | 2021 |
|---|---|---|
| Übertrag | 1 | 5 |
| Total | 4 | 6 |

| 4.3 Schutzmassnahmen und Strafen | 2020 | 2021 |
|---|---|---|
| Aufsicht oder persönliche Betreuung | - | 1 |
| ambulante Behandlung | 3 | - |
| Unterbringung | 3 | - |
| Verweis | - | - |
| persönliche Leistung | - | - |
| Busse | 2 | 1 |
| Freiheitsentzug | 3 | 1 |

| 4.4 Weitere erledigte Geschäfte | 2020 | 2021 |
|---|---|---|
| Änderung Massnahme | - | - |
| Änderung Sanktion | - | - |
| Beurteilung der Gültigkeit einer Einsprache | 1 | 1 |
| übrige | 1 | - |
| **Total** | **2** | **1** |

| 5. Zwangsmassnahmengericht | 2020 | 2021 |
|---|---|---|
| Entscheide betreffend Haft | | |
| Anordnung Untersuchungshaft | | |
| Gutheissung / teilweise Gutheissung | 32 | 16 |
| Abweisung | 1 | - |
| übrige Erledigungen | 1 | 1 |
| Anordnung Sicherheitshaft | | |
| Gutheissung / teilweise Gutheissung | 5 | 6 |
| Abweisung | 1 | 1 |
| übrige Erledigungen | - | - |
| Haftentlassungsgesuche | | |
| Gutheissung / teilweise Gutheissung | 1 | 2 |
| Abweisung | 3 | 3 |
| übrige Erledigungen | - | - |
| Haftverlängerungen | 10 | 21 |
| Anordnung von Ersatzmassnahmen | 4 | 3 |
| Haftentscheide in Jugendstrafverfahren | 1 | 4 |
| Entsiegelungsgesuche | 17 | 11 |
| Entscheide betreffend Genehmigungsverfahren | | |
| geheime Überwachungsmassnahmen (Überwachung Post-/ Fernmeldeverkehr; Einsatz techn. Überwachungsgeräte; Überwachung Bankbeziehungen; verdeckte Ermittlungen), DNA-Massenuntersuchungen sowie Zusicherung der Anonymität | 20 | 47 |
| **Total** | **96** | **115** |

## VI. Kantonsgericht

### 1. Kollegialgericht

#### 1.1 Zivilprozesse

#### 1.1.1 Anzahl

| (inkl. allfällige Rückweisungen durch das Obergericht und wieder aufgenommene Verfahren) | 2020 | 2021 |
|---|---|---|
| vom Vorjahr anhängig | 211 | 215 |
| Neueingänge | 205 | 189 |
| **Total** | **416** | **404** |

| 1.1.2 Erledigung | 2020 | 2021 |
|---|---|---|
| Gutheissung | 22 | 16 |
| teilweise Gutheissung | 22 | 17 |
| Abweisung | 9 | 10 |
| Nichteintreten | 4 | 3 |
| gegenstandslos | 4 | 4 |
| Vergleich | 112 | 100 |
| Rückzug | 10 | 13 |
| Anerkennung | 2 | – |
| andere | 16 | 8 |
| **Total** | **201** | **171** |
| Übertrag | 215 | 233 |
| Total | 416 | 404 |

### 1.1.3 Rechtsgebiete

Die erledigten Prozesse betrafen (in der Hauptsache)

| | 2020 | 2021 |
|---|---|---|
| Personenrecht | 1 | 2 |
| Ehescheidungen | 76 | 59 |
| Erbrecht | 9 | 2 |
| Sachenrecht | 8 | 9 |
| unerlaubte Handlungen | 4 | 3 |
| ungerechtfertigte Bereicherung | 1 | - |
| Kauf, Tausch, Schenkung | 12 | 10 |
| Miete, Pacht | 4 | 3 |
| Arbeitsvertrag | 23 | 25 |
| Leihe, Darlehen, Kontokorrent | 4 | 7 |
| Werk-, Verlagsvertrag | 13 | 13 |
| Auftrag, Geschäftsführung ohne Auftrag, Akkreditiv | 14 | 5 |
| Agentur-, Alleinvertriebsvertrag | 1 | 2 |
| Mäkler-, Kommissions-, Trödelvertrag | 3 | - |
| Fracht-, Speditions-, Hinterlegungsvertrag | - | 2 |
| Bürgschaft, Garantievertrag | - | 2 |
| einfache Gesellschaft | - | 1 |
| Innominatverträge | 5 | 8 |
| Gesellschafts- und Handelsrecht | 9 | 6 |
| Wertpapierrecht | - | - |
| Privatversicherungsrecht | 1 | 4 |
| Schuldbetreibungs- und Konkursrecht | 11 | 6 |
| andere Rechtsgebiete | 2 | 2 |
| **Total** | **201** | **171** |

### 1.1.4 Prozessdauer

Die Ende 2021 pendenten Prozesse wurden anhängig gemacht (davon sistiert)

| | | |
|---|---|---|
| 2016 | 4 | (2) |
| 2017 | 1 | (1) |
| 2018 | 7 | (2) |
| 2019 | 13 | (3) |
| 2020 | 60 | (11) |
| 2021 | 148 | (8) |
| Total | 233 | (27) |

Dauer der erledigten Prozesse (Monate)

| | 0-3 | 3-6 | 6-9 | 9-12 | 12-18 | 18-24 | 24-36 | > 36 | Total |
|---|---|---|---|---|---|---|---|---|---|
| 2020 | 34 | 46 | 20 | 16 | 32 | 15 | 24 | 14 | 201 |
| 2021 | 27 | 28 | 18 | 15 | 28 | 27 | 13 | 15 | 171 |

### 1.2 Weitere erledigte Geschäfte

| | 2020 | 2021 |
|---|---|---|
| Moderation | – | – |

56

## 2. Einzelrichter

### 2.1 Vereinfachtes und ordentliches Verfahren

| 2.1.1 Anzahl | 2020 | 2021 |
|---|---:|---:|
| vom Vorjahr anhängig | 159 | 137 |
| Neueingänge | 394 | 401 |
| **Total** | **553** | **538** |

| 2.1.2 Erledigung | 2020 | 2021 |
|---|---:|---:|
| Gutheissung | 253 | 223 |
| teilweise Gutheissung | 15 | 14 |
| Abweisung | 11 | 12 |
| Nichteintreten | 4 | 3 |
| gegenstandslos | 4 | 8 |
| Vergleich | 87 | 83 |
| Rückzug | 18 | 23 |
| Anerkennung | 4 | 2 |
| andere | 20 | 13 |
| **Total** | **416** | **381** |
| Übertrag | 137 | 157 |
| Total | 553 | 538 |

| 2.1.3 Rechtsgebiete | 2020 | 2021 |
|---|---:|---:|
| Die erledigten Prozesse betrafen (in der Hauptsache) | | |
| Familienrecht | 240 | 209 |
| davon Ehescheidungen | 183 | 174 |
| Kauf, Tausch, Schenkung | 13 | 12 |
| Miete, Pacht | 11 | 17 |
| Arbeitsvertrag | 59 | 46 |
| Werk-, Verlagsvertrag | 11 | 22 |
| Auftrag, Geschäftsführung ohne Auftrag, Akkreditiv | 25 | 27 |
| Innominatverträge | 16 | 10 |
| andere Rechtsgebiete | 41 | 38 |
| **Total** | **416** | **381** |

### 2.1.4 Prozessdauer

Die Ende 2021 pendenten Prozesse wurden anhängig gemacht

| | |
|---|---|
| 2015 | 1 |
| 2017 | 4 |
| 2018 | 4 |
| 2019 | 7 |
| 2020 | 14 |
| 2021 | 127 |
| Total | 157 |

Dauer der erledigten Prozesse (Monate)

| | 0-3 | 3-6 | 6-9 | 9-12 | 12-18 | 18-24 | 24-36 | >36 | Total |
|---|---|---|---|---|---|---|---|---|---|
| 2020 | 266 | 74 | 30 | 15 | 17 | 7 | 6 | 1 | 416 |
| 2021 | 250 | 68 | 27 | 12 | 15 | 3 | 4 | 2 | 381 |

### 2.2 Summarisches Verfahren

### 2.2.1 Befehlsverfahren und Verfügungen auf Grundlage des Zivilrechts

| **2.2.1.1 Anzahl** | **2020** | **2021** |
|---|---|---|
| vom Vorjahr anhängig | 182 | 156 |
| Neueingänge | 675[1] | 878[2] |
| **Total** | **857** | **1034** |

| **2.2.1.2 Erledigung** | **2020** | **2021** |
|---|---|---|
| Gutheissung | 344 | 440 |
| teilweise Gutheissung | 24 | 13 |
| Abweisung | 32 | 22 |
| Nichteintreten | 6 | 9 |
| gegenstandslos | 77 | 116 |
| Vergleich | 41 | 47 |
| Rückzug | 57 | 30 |
| Anerkennung | 3 | 2 |
| andere | 117 | 102 |
| **Total** | **701** | **781** |

| | | |
|---|---|---|
| Übertrag | 156[3] | 253[4] |
| Total | 857 | 1034 |

---

[1]inkl. 272 Organisationsklagen i.S.v. Art. 731b OR
[2]inkl. 483 Organisationsklagen i.S.v. Art. 731b und Art. 939 OR
[3]inkl. 60 Organisationsklagen i.S.v. Art. 731b OR
[4]inkl. 126 Organisationsklagen i.S.v. Art. 731b und Art. 939 OR

### 2.2.1.3 Rechtsgebiete

| | 2020 | 2021 |
|---|---:|---:|
| Die erledigten Prozesse betrafen (in der Hauptsache) | | |
| Personenrecht | 12 | 14 |
| Familienrecht | 128 | 89 |
| davon Massnahmen zum Schutz der ehelichen Gemeinschaft | 87 | 64 |
| Erbrecht | 86 | 87 |
| Nachbarrecht, Besitzesschutz | 2 | 3 |
| übriges Sachenrecht | 13 | 14 |
| davon Eintragung von Bauhandwerkerpfandrechten | 8 | 9 |
| Ausweisung von Mietern und Pächtern | 30 | 33 |
| übrige miet- und pachtrechtliche Verfügungen | 4 | 4 |
| Handels- und Gesellschaftsrecht | 318 | 451 |
| davon Organisationsklagen | 258 | 408 |
| Wertpapierrecht | 16 | 19 |
| davon Kraftloserklärung Wertpapiere | 16 | 19 |
| Vollstreckung rechtskräftiger Urteile | 13 | 11 |
| Sicherstellung gefährdeter Beweise | 31 | 14 |
| übriges Obligationenrecht | 10 | 10 |
| andere Rechtsgebiete | 38 | 32 |
| **Total** | **701** | **781** |

### 2.2.1.4 Prozessdauer

Dauer der erledigten Prozesse (Monate)

| | 0-3 | 3-6 | 6-9 | 9-12 | 12-18 | 18-24 | 24-36 | >36 | Total |
|---|---:|---:|---:|---:|---:|---:|---:|---:|---:|
| 2020 | 512 | 118 | 34 | 11 | 11 | 8 | 4 | 3 | 701 |
| 2021 | 633 | 95 | 27 | 4 | 4 | 2 | 3 | 13 | 781 |

59

### 2.2.2 Verfügungen in Betreibungs- und Konkurssachen

### 2.2.2.1 Rechtsöffnung

| Anzahl | 2020 | 2021 |
|---|---|---|
| vom Vorjahr anhängig | 119 | 100 |
| Neueingänge | 700 | 919 |
| **Total** | **819** | **1019** |

| | 2020 | 2021 |
|---|---|---|
| **Total Erledigungen** | **719** | **912** |

| | 2020 | 2021 |
|---|---|---|
| Übertrag | 100 | 107 |
| Total | 819 | 1019 |

| Rechtsgebiete | 2020 | 2021 |
|---|---|---|
| Die erledigten Prozesse betrafen | | |
| definitive Rechtsöffnung | 519 | 673 |
| provisorische Rechtsöffnung | 172 | 212 |
| Aufnahme eines Güterverzeichnisses | – | – |
| Bewilligung des nachträglichen Rechtsvorschlags | – | – |
| Rechtsvorschlag in Wechselbetreibung | 3 | – |
| Feststellung neuen Vermögens | 25 | 25 |
| Aufhebung der Betreibung | – | 2 |
| Vollstreckung ausländischer Urteile | – | – |

### 2.2.2.2 Konkurs

| Anzahl | 2020 | 2021 |
|---|---|---|
| vom Vorjahr anhängig | 50 | 35 |
| Neueingänge | 395 | 422 |
| **Total** | **445** | **457** |

| | 2020 | 2021 |
|---|---|---|
| **Total Erledigungen** | **410** | **402** |

| | 2020 | 2021 |
|---|---|---|
| Übertrag | 35 | 55 |
| Total | 445 | 457 |

| Rechtsgebiete | 2020 | 2021 |
|---|---|---|
| Die erledigten Prozesse betrafen | | |
| Konkurseröffnung in ordentlicher Betreibung | 327 | 312 |
| Konkurseröffnung in Wechselbetreibung | 3 | - |
| Konkurseröffnung ohne vorgängige Betreibung | 4 | 19 |
| Insolvenzerklärung | 7 | 5 |
| Bilanzdeponierung durch Revisionsstelle | 6 | - |
| Aufnahme eines Güterverzeichnisses | 2 | 5 |
| andere Rechtsgebiete | 61 | 61 |

| Anzahl Konkurseröffnungen | 2020 | 2021 |
|---|---|---|
| in ordentlicher Betreibung | 126 | 110 |
| in Wechselbetreibung | 1 | - |
| ohne vorgängige Betreibung, Insolvenzerklärung, Bilanzdeponierung durch Revisionsstelle | 12 | 20 |
| konkursamtliche Nachlassliquidation | 32 | 51 |

| Weitere Verfügungen in Konkurssachen | 2020 | 2021 |
|---|---|---|
| Widerruf des Konkurses | - | - |
| Anordnung des summarischen Verfahrens | 69 | 67 |
| Einstellung des Konkursverfahrens (bei Nichtleistung des Kostenvorschusses) | 174 | 132 |
| Schluss des Konkursverfahrens | - | 19 |

### 2.2.2.3 Nachlassstundung

| Anzahl | 2020 | 2021 |
|---|---|---|
| vom Vorjahr anhängig | 7 | 5 |
| Neueingänge | 6 | 3 |
| **Total** | **13** | **8** |
| | | |
| **Total Erledigungen** | **8** | **5** |
| | | |
| Übertrag | 5 | 3 |

### 2.2.2.4 Private Schuldenbereinigung

| Anzahl | 2020 | 2021 |
|---|---|---|
| vom Vorjahr anhängig | – | – |
| Neueingänge | – | 1 |
| **Total** | **–** | **1** |

| **Total Erledigungen** | **–** | **1** |
|---|---|---|

| Übertrag | – | – |
|---|---|---|

### 2.2.2.5 Arrest

| Anzahl | 2020 | 2021 |
|---|---|---|
| vom Vorjahr anhängig | 6 | – |
| Neueingänge | 35 | 41 |
| **Total** | **41** | **41** |

| Erledigung | 2020 | 2021 |
|---|---|---|
| bewilligt | 26 | 22 |
| teilweise bewilligt | – | 2 |
| nicht bewilligt | 6 | 9 |
| Rückzug | – | – |
| Nichteintreten | – | – |
| Einsprache gegen Arrestbefehl | 9 | 7 |
| **Total** | **41** | **40** |

| Übertrag | – | 1 |
|---|---|---|

### 2.2.3 Schutzschriften

| Anzahl | 2020 | 2021 |
|---|---|---|
| vom Vorjahr anhängig | 10 | 5 |
| Neueingänge | 13 | 16 |
| **Total** | **23** | **21** |

| **Total Erledigungen** | **18** | **14** |
|---|---|---|

| Übertrag | 5 | 7 |
|---|---|---|

### 2.2.4 Auswärtige Rechtshilfegesuche

| Anzahl | 2020 | 2021 |
|---|---:|---:|
| vom Vorjahr anhängig | 5 | 3 |
| Neueingänge | 16 | 8 |
| **Total** | **21** | **11** |
| | | |
| **Total Erledigungen** | **18** | **10** |
| | | |
| Übertrag | 3 | 1 |

### 2.2.5 Übersicht über die Verfügungen im summarischen Verfahren

| Anzahl | 2020 | 2021 |
|---|---:|---:|
| vom Vorjahr anhängig | 379 | 304 |
| Neueingänge | 1840 | 2288 |
| **Total** | **2219** | **2592** |
| | | |
| **Total Erledigungen** | **1915** | **2165** |
| | | |
| Übertrag | 304 | 427 |

### 2.3 Gesuche um unentgeltliche Rechtspflege

| Anzahl | 2020 | 2021 |
|---|---:|---:|
| vom Vorjahr anhängig | 8 | 19 |
| Neueingänge | 190 | 185 |
| **Total** | **198** | **204** |

| Erledigung | 2020 | 2021 |
|---|---:|---:|
| Bewilligung der unentgeltlichen Prozessführung und des unentgeltlichen Rechtsbeistandes | 91 | 92 |
| Bewilligung der unentgeltlichen Prozessführung | 19 | 21 |
| Bewilligung des unentgeltlichen Rechtsbeistandes | 2 | – |
| Abweisung, Rückzug, Gegenstandslosigkeit, Nichteintreten | 67 | 65 |
| **Total** | **179** | **178** |
| | | |
| Übertrag | 19 | 26 |
| Total | 198 | 204 |

63

**VII. Obergericht**

**1. I. Zivilabteilung**

**1.1 Zivilprozesse**

**1.1.1 Anzahl**

| (inkl. allfällige Rückweisungen durch das Bundesgericht und wieder aufgenommene Verfahren) | **2020** | **2021** |
|---|---|---|
| vom Vorjahr anhängig | 26 | 33 |
| Neueingänge | 46 | 37 |
| davon direkte Klagen gem. Art. 8 ZPO | – | – |
| **Total** | **72** | **70** |

| **1.1.2 Erledigung** | **2020** | **2021** |
|---|---|---|
| Gutheissung | 1 | 3 |
| teilweise Gutheissung | 4 | 11 |
| Abweisung | 20 | 10 |
| Rückweisung | – | 5 |
| Nichteintreten | 8 | 5 |
| gegenstandslos | 1 | – |
| Vergleich | 1 | 1 |
| Rückzug | 2 | 1 |
| andere | 2 | – |
| **Total** | **39** | **36** |

| Übertrag | 33 | 34 |
|---|---|---|
| Total | 72 | 70 |

### 1.1.3 Rechtsgebiete

Die erledigten Prozesse betrafen (in der Hauptsache)

| | 2020 | 2021 |
|---|---|---|
| Personenrecht | 1 | 1 |
| Familien- und Vormundschaftsrecht | 8 | 7 |
| Erbrecht | – | 1 |
| Sachenrecht | 3 | 1 |
| unerlaubte Handlungen | 1 | 1 |
| ungerechtfertigte Bereicherung | – | – |
| Kauf, Tausch, Schenkung | 3 | 5 |
| Miete, Pacht | 1 | 2 |
| Arbeitsvertrag | 6 | 6 |
| Leihe, Darlehen, Kontokorrent | 3 | – |
| Werk-, Verlagsvertrag | 1 | 2 |
| Auftrag, Geschäftsführung ohne Auftrag, Akkreditiv | 3 | 5 |
| Agentur-, Alleinvertriebsvertrag | – | 1 |
| Mäkler-, Kommissions-, Trödelvertrag | 1 | 1 |
| Fracht-, Speditions-, Hinterlegungsvertrag | – | – |
| Bürgschaft, Garantievertrag | – | – |
| einfache Gesellschaft | – | 1 |
| Innominatverträge | 4 | 1 |
| Gesellschafts- und Handelsrecht | 1 | – |
| Wertpapierrecht | – | – |
| Privatversicherungsrecht | 3 | – |
| Schuldbetreibungs- und Konkursrecht | – | 1 |
| andere Rechtsgebiete | – | – |
| **Total** | **39** | **36** |

### 1.1.4 Prozessdauer

Die Ende 2021 pendenten Prozesse wurden anhängig gemacht (davon sistiert)

| | | |
|---|---|---|
| 2020 | 5 | (-) |
| 2021 | 29 | (-) |
| Total | 34 | (-) |

Dauer der erledigten Prozesse (Monate)

| | 0-3 | 3-6 | 6-9 | 9-12 | 12-18 | 18-24 | 24-36 | >36 | Total |
|---|---|---|---|---|---|---|---|---|---|
| 2020 | 9 | 3 | 6 | 10 | 8 | 2 | – | 1 | 39 |
| 2021 | 6 | 1 | 2 | 5 | 17 | 5 | – | – | 36 |

65

| 1.1.5 Weiterzug an das Bundesgericht | 2020 | 2021 |
|---|---|---|
| vom Vorjahr anhängig | 6 | 5 |
| neu | 12 | 8 |
| **Total** | **18** | **13** |

| Erledigung durch das Bundesgericht | 2020 | 2021 |
|---|---|---|
| Gutheissung | – | – |
| teilweise Gutheissung | 1 | 3 |
| Abweisung | 9 | 3 |
| Nichteintreten | 2 | 4 |
| Rückzug | 1 | – |
| gegenstandslos | – | – |
| Vergleich | – | – |
| Übertrag | 5 | 3 |
| **Total** | **18** | **13** |

| 1.2 Weitere erledigte Geschäfte | 2020 | 2021 |
|---|---|---|
| Revisionsgesuche | – | – |
| übrige | – | – |

## 2. II. Zivilabteilung

### 2.1 Zivilprozesse

### 2.1.1 Anzahl

| (inkl. allfällige Rückweisungen durch das Bundesgericht und wieder aufgenommene Verfahren) | 2020 | 2021 |
|---|---|---|
| vom Vorjahr anhängig | 12 | 31 |
| Neueingänge | 63 | 57 |
| **Total** | **75** | **88** |
| davon | | |
| Berufungsverfahren[1] | 53 | 64 |
| Verfahren als einzige Instanz | | |
| ordentliche Verfahren | 13 | 13 |
| summarische Verfahren | 5 | 6 |
| summarische Verfahren (Einzelrichter) | 4 | 5 |

---

[1] inkl. 21 (2020) bzw. 29 (2021) Berufungen betreffend Organisationsklagen i.S.v. Art. 731b bzw. Art. 939 OR

| **2.1.2 Erledigung** | **2020** | **2021** |
|---|---:|---:|
| Gutheissung | 13 | 17 |
| teilweise Gutheissung | 5 | 10 |
| Abweisung | 14 | 14 |
| Rückweisung | – | – |
| Nichteintreten | 5 | 12 |
| gegenstandslos | 1 | 4 |
| Vergleich | – | – |
| Rückzug | 5 | 6 |
| andere | 1 | 2 |
| **Total** | **44** | **65** |

| | 2020 | 2021 |
|---|---:|---:|
| Übertrag | 31 | 23 |
| Total | 75 | 88 |

| **2.1.3 Rechtsgebiete**<br>Die erledigten Prozesse betrafen (in der Hauptsache) | **2020** | **2021** |
|---|---:|---:|
| Personenrecht | – | 2 |
| Familien- und Vormundschaftsrecht | 7 | 10 |
| Erbrecht | – | 1 |
| Sachenrecht | 2 | 1 |
| OR Allgemeine Bestimmungen | – | – |
| Miete, Pacht | 5 | 3 |
| übrige Vertragsverhältnisse gemäss OR | – | – |
| Innominatverträge | – | – |
| Gesellschafts- und Handelsrecht | 25 | 34 |
| Wertpapierrecht | – | – |
| Immaterialgüterrecht | 3 | 9 |
| Wettbewerbs- und Finanzmarktrecht | 2 | 2 |
| andere Rechtsgebiete | – | 3 |
| **Total** | **44** | **65** |

### 2.1.4 Prozessdauer

Die Ende 2021 pendenten Prozesse wurden anhängig gemacht (davon sistiert)

| | | |
|---|---|---|
| 2018 | 1 | (-) |
| 2019 | 1 | (1) |
| 2020 | 3 | (1) |
| 2021 | 18 | (1) |
| Total | 23 | (3) |

Dauer der erledigten Prozesse (Monate) – Berufungs- und einzelrichterliche Massnahmeverfahren

| | 0-3 | 3-6 | 6-9 | 9-12 | 12-18 | 18-24 | 24-36 | >36 | Total |
|---|---|---|---|---|---|---|---|---|---|
| 2020 | 26 | 12 | 1 | - | - | - | - | 1 | 40 |
| 2021 | 33 | 9 | 9 | 2 | 1 | - | - | - | 54 |

Dauer der erledigten Prozesse (Monate) – ordentliche Abteilungsprozesse

| | 0-3 | 3-6 | 6-9 | 9-12 | 12-18 | 18-24 | 24-36 | >36 | Total |
|---|---|---|---|---|---|---|---|---|---|
| 2020 | 1 | - | - | 1 | - | - | - | - | 2 |
| 2021 | - | 4 | 1 | 2 | - | 1 | - | 1 | 9 |

Dauer der erledigten Prozesse (Monate) – summarische Abteilungsprozesse

| | 0-3 | 3-6 | 6-9 | 9-12 | 12-18 | 18-24 | 24-36 | >36 | Total |
|---|---|---|---|---|---|---|---|---|---|
| 2020 | - | - | 1 | - | - | 1 | - | - | 2 |
| 2021 | - | - | - | 1 | - | 1 | - | - | 2 |

### 2.1.5 Weiterzug an das Bundesgericht

| | 2020 | 2021 |
|---|---|---|
| vom Vorjahr anhängig | 3 | 1 |
| neu | 4 | 7 |
| **Total** | **7** | **8** |

**Erledigung durch das Bundesgericht**

| | 2020 | 2021 |
|---|---|---|
| Gutheissung | - | - |
| teilweise Gutheissung | - | - |
| Abweisung | 3 | 4 |
| Nichteintreten | 2 | 1 |
| Rückzug | 1 | - |
| gegenstandslos | - | - |
| Übertrag | 1 | 3 |
| **Total** | **7** | **8** |

### 2.2 Weitere erledigte Geschäfte

| | 2020 | 2021 |
|---|---|---|
| Revisionsgesuche | - | - |
| Schutzschriften | 3 | - |
| übrige | - | - |

### 3. Strafabteilung

#### 3.1 Strafprozesse

#### 3.1.1 Anzahl

| (inkl. Berufungen von Privatklägern und Dritten sowie allfällige Rückweisungen durch das Bundesgericht und wieder aufgenommene Verfahren) | 2020 | 2021 |
|---|---|---|
| vom Vorjahr anhängig | 20 | 15 |
| Neueingänge | 42 | 44 |
| **Total** | **62** | **59** |
| davon Berufungen von Privatklägern und Dritten | 6 | 8 |

| 3.1.2 Erledigung | 2020 | 2021 |
|---|---|---|
| Gutheissung | 3 | 4 |
| teilweise Gutheissung | 14 | 11 |
| Abweisung[1] | 14 | 5 |
| Nichteintreten | 7 | 9 |
| Rückzug oder gegenstandslos | 9 | 8 |
| Rückweisung | - | - |
| andere | - | - |
| **Total** | **47** | **37** |
| | | |
| Übertrag | 15 | 22 |
| Total | 62 | 59 |

---

[1] vollständige Abweisung oder Abweisung in den Hauptpunkten

### 3.1.3 Rechtsgebiete

| | 2020 | 2021 |
|---|---|---|
| Die mit Schuldspruch erledigten Prozesse betrafen | | |
| Schweizerisches Strafgesetzbuch (StGB) | | |
| strafbare Handlungen gegen Leib und Leben | 11 | - |
| strafbare Handlungen gegen das Vermögen | 21 | 12 |
| strafbare Handlungen gegen die Ehre und den Geheim- oder Privatbereich | 1 | - |
| Verbrechen und Vergehen gegen die Freiheit | 7 | 3 |
| strafbare Handlungen gegen die sexuelle Integrität | 3 | 15 |
| Verbrechen und Vergehen gegen die Familie | - | - |
| gemeingefährliche Verbrechen und Vergehen | - | - |
| Verbrechen und Vergehen gegen den öffentl. Verkehr | - | - |
| Fälschung von Geld, amtlichen Wertzeichen, amtlichen Zeichen, Mass und Gewicht | - | - |
| Urkundenfälschung | 3 | 4 |
| Verbrechen und Vergehen gegen den öffentl. Frieden | - | - |
| strafbare Handlungen gegen die öffentl. Gewalt | 3 | 2 |
| Verbrechen und Vergehen gegen die Rechtspflege | - | - |
| strafbare Handlungen gegen die Amts- und Berufspflicht | - | - |
| andere | - | - |
| Strassenverkehrsgesetz (SVG und Verordnungen) | 13 | 1 |
| Betäubungsmittelgesetz (BetmG) | 7 | 7 |
| andere Bundeserlasse | 7 | 3 |
| kantonale Erlasse | | |
| Übertretungsstrafgesetz | 1 | - |
| andere kantonale Erlasse | - | - |

### 3.1.4 Prozessdauer

Die Ende 2021 pendenten Prozesse wurden anhängig gemacht

| 2021 | 22 |
|---|---|
| Total | 22 |

Dauer der erledigten Prozesse (Monate)

| | 0-3 | 3-6 | 6-9 | 9-12 | 12-18 | 18-24 | 24-36 | >36 | Total |
|---|---|---|---|---|---|---|---|---|---|
| 2020 | 16 | 12 | 10 | 5 | 2 | - | - | 2 | 47 |
| 2021 | 14 | 8 | 9 | 4 | 2 | - | - | - | 37 |

### 3.1.5 Weiterzug an das Bundesgericht

| | 2020 | 2021 |
|---|---:|---:|
| vom Vorjahr anhängig | 6 | 7 |
| neu | 15 | 6 |
| **Total** | **21** | **13** |

### Erledigung durch das Bundesgericht

| | 2020 | 2021 |
|---|---:|---:|
| Gutheissung | 1 | – |
| teilweise Gutheissung | – | – |
| Abweisung | 11 | 5 |
| Nichteintreten | – | 3 |
| Rückzug oder gegenstandslos | 2 | – |
| Übertrag | 7 | 5 |
| **Total** | **21** | **13** |

### 3.2 Weitere erledigte Geschäfte

| | 2020 | 2021 |
|---|---:|---:|
| Revisionsgesuche | 2 | 2 |
| übrige | 2 | 2 |
| **Total** | **4** | **4** |

71

## 4. Beschwerdeabteilungen

### 4.1 Beschwerden in Strafsachen

| 4.1.1 Anzahl | 2020 | 2021 |
|---|---:|---:|
| vom Vorjahr anhängig | 34 | 36 |
| Neueingänge | 96 | 108 |
| **Total** | **130** | **144** |

| 4.1.2 Erledigung | 2020 | 2021 |
|---|---:|---:|
| Gutheissung | 14 | 13 |
| teilweise Gutheissung | 12 | 7 |
| Abweisung | 28 | 48 |
| Nichteintreten | 28 | 31 |
| Rückzug | 3 | 5 |
| gegenstandslos | 8 | 3 |
| Vereinigung | – | – |
| andere | 1 | 1 |
| **Total** | **94** | **108** |

| | 2020 | 2021 |
|---|---:|---:|
| Übertrag | 36 | 36 |
| Total | 130 | 144 |

72

| 4.1.3 Rechtsgebiete | 2020 | 2021 |
|---|---|---|
| Die erledigten Prozesse betrafen | | |
| **materiell-rechtliche und prozessuale Beschwerden** | | |
| gegen Ermittlungs- und Untersuchungshandlungen | | |
|     Akteneinsicht | 4 | 2 |
|     Beschlagnahme | 3 | - |
|     übrige | 5 | 9 |
| gegen Entscheide betreffend Haft und Ersatzmassnahmen | 7 | 6 |
| gegen Nichtanhandnahme einer Anzeige oder Privatklage | 22 | 44 |
| gegen Einstellungsverfügungen | 19 | 21 |
| gegen Entscheide über die Auferlegung von Kosten und Zusprechung von Entschädigungen | 12 | 12 |
| gegen Entscheide des Jugendanwalts oder des Jugendgerichts | 3 | 2 |
| gegen Entscheide betreffend internationale Rechtshilfe | - | - |
| **Disziplinarbeschwerden** | | |
| wegen Verzögerung und Verweigerung der Rechtspflege | 3 | 2 |
| subsidiäre Aufsichtsbeschwerden | - | - |
| **Verwaltungsbeschwerden (§ 79 GOG)** | - | - |
| **weitere erledigte Geschäfte** | | |
| Ausstandsbegehren | 5 | 7 |
| amtliche Verteidigung | 1 | 1 |
| übrige | 10 | 2 |
| **Total** | **94** | **108** |

### 4.1.4 Prozessdauer

Die Ende 2021 pendenten Prozesse wurden anhängig gemacht

| | |
|---|---|
| 2021 | 36 |
| Total | 36 |

Dauer der erledigten Prozesse (Monate)

| | 0-3 | 3-6 | 6-9 | 9-12 | 12-18 | 18-24 | 24-36 | >36 | Total |
|---|---|---|---|---|---|---|---|---|---|
| 2020 | 46 | 9 | 36 | 3 | - | - | - | - | 94 |
| 2021 | 42 | 39 | 21 | 5 | 1 | - | - | - | 108 |

| 4.1.5 Weiterzug an das Bundesgericht | 2020 | 2021 |
|---|---|---|
| vom Vorjahr anhängig | 3 | 3 |
| neu | 10 | 23 |
| **Total** | **13** | **26** |

| Erledigung durch das Bundesgericht | 2020 | 2021 |
|---|---|---|
| Gutheissung | 2 | 1 |
| teilweise Gutheissung | 1 | – |
| Abweisung | 2 | 2 |
| Nichteintreten | 3 | 13 |
| Rückzug oder gegenstandslos | 2 | – |
| Übertrag | 3 | 10 |
| **Total** | **13** | **26** |

### 4.2 Beschwerden in Zivilsachen

| 4.2.1 Anzahl | 2020 | 2021 |
|---|---|---|
| vom Vorjahr anhängig | 18 | 17 |
| Neueingänge | 94 | 93 |
| **Total** | **112** | **110** |

| 4.2.2 Erledigung | 2020 | 2021 |
|---|---|---|
| Gutheissung | 21 | 17 |
| teilweise Gutheissung | 2 | 4 |
| Abweisung | 34 | 35 |
| Rückweisung | – | 1 |
| Nichteintreten | 28 | 27 |
| Rückzug | 3 | 5 |
| gegenstandslos | 6 | 2 |
| Vergleich | – | – |
| Anerkennung | – | – |
| andere | 1 | 1 |
| **Total** | **95** | **92** |

| | | |
|---|---|---|
| Übertrag | 17 | 18 |
| Total | 112 | 110 |

### 4.2.3 Rechtsgebiete

| Die erledigten Prozesse betrafen | 2020 | 2021 |
|---|---|---|
| **materiell-rechtliche und prozessuale Beschwerden** | | |
| gegen Entscheide betreffend | | |
| Personenrecht | – | – |
| Familien- und Vormundschaftsrecht | 2 | – |
| Erbrecht | 1 | 1 |
| Sachenrecht | – | – |
| einzelne Vertragsverhältnisse gemäss OR | 1 | 6 |
| Gesellschafts- und Handelsrecht | – | – |
| Immaterialgüterrecht | – | – |
| Schuldbetreibungs- und Konkursrecht (ordentliche Verfahren) | – | – |
| Schuldbetreibungs- und Konkursrecht (summarische Verfahren) | | |
| Bewilligung des nachträglichen Rechtsvorschlages | – | – |
| Rechtsöffnung | 27 | 24 |
| Eröffnung des Konkurses | 32 | 28 |
| Nachlassstundung und -vertrag | 1 | 1 |
| Arrest | 1 | 2 |
| übrige | 1 | 1 |
| gegen prozessleitende Entscheide | 9 | 8 |
| gegen Entscheide betreffend unentgeltliche Rechtspflege | 8 | 9 |
| gegen Entscheide im Vollstreckungsverfahren | 3 | 3 |
| gegen die Verhängung von Ordnungsbussen | – | – |
| gegen Entscheide hinsichtlich Kostenauferlegung | – | 5 |
| gegen Entscheide der Aufsichtskommission über die Rechtsanwälte | 3 | 1 |
| gegen Entscheide der Anwaltsprüfungskommission | 1 | 1 |
| Disziplinarbeschwerden | | |
| wegen Verzögerung und Verweigerung der Rechtspflege | – | – |
| subsidiäre Aufsichtsbeschwerden | 1 | 1 |
| übrige | – | – |
| **Verwaltungsbeschwerden (§ 79 GOG)** | 1 | – |
| **weitere erledigte Geschäfte** | | |
| Revisionsgesuche | – | – |
| übrige | 3 | 1 |
| **Total** | **95** | **92** |

### 4.2.4 Prozessdauer

Die Ende 2021 pendenten Prozesse wurden anhängig gemacht

| | |
|---|---|
| 2021 | 18 |
| Total | 18 |

Dauer der erledigten Prozesse (Monate)

| | 0-3 | 3-6 | 6-9 | 9-12 | 12-18 | 18-24 | 24-36 | >36 | Total |
|---|---|---|---|---|---|---|---|---|---|
| 2020 | 66 | 25 | 3 | 1 | – | – | – | – | 95 |
| 2021 | 61 | 27 | 3 | 1 | – | – | – | – | 92 |

### 4.2.5 Weiterzug an das Bundesgericht

| | 2020 | 2021 |
|---|---|---|
| vom Vorjahr anhängig | 3 | 4 |
| neu | 15 | 10 |
| **Total** | **18** | **14** |

| Erledigung durch das Bundesgericht | 2020 | 2021 |
|---|---|---|
| Gutheissung | – | 2 |
| teilweise Gutheissung | – | – |
| Abweisung | 4 | 5 |
| Nichteintreten | 10 | 3 |
| Rückzug oder gegenstandslos | – | 1 |
| Übertrag | 4 | 3 |
| **Total** | **18** | **14** |

## 4.3 Beschwerden in Schuldbetreibungs- und Konkurssachen (Aufsichtsbehörde)

### 4.3.1 Beschwerden gegen Betreibungsämter

|  | vom Vorjahr anhängig | Neueingänge | Gutheissung | Abweisung | Nichteintreten | gegenstandslos | Rückzug | hängig |
|---|---|---|---|---|---|---|---|---|
| **2020** | | | | | | | | |
| Zug[1] | 1 | 11 | 3 | 3 | 2 | 1 | - | 3 |
| Ägerital | - | 3 | - | 3 | - | - | - | - |
| Menzingen | - | - | - | - | - | - | - | - |
| Baar | - | 6 | 4 | - | 1 | - | - | 1 |
| Cham | 1 | 3 | 1 | - | 2 | 1 | - | - |
| Hünenberg | - | 1 | - | 1 | - | - | - | - |
| Risch | 4 | 1 | - | 2 | 1 | - | - | 2 |
| Walchwil | - | 4 | 3 | 1 | - | - | - | - |
| Neuheim | - | - | - | - | - | - | - | - |
| **Total** | **6** | **29** | **11** | **10** | **6** | **2** | **-** | **6** |

(Total Erledigungen: 29)

|  | vom Vorjahr anhängig | Neueingänge | Gutheissung | Abweisung | Nichteintreten | gegenstandslos | Rückzug | hängig |
|---|---|---|---|---|---|---|---|---|
| **2021** | | | | | | | | |
| Zug[1] | 3 | 20 | 1 | 6 | 5 | 7 | 1 | 3 |
| Ägerital | - | - | - | - | - | - | - | - |
| Menzingen | - | - | - | - | - | - | - | - |
| Baar | 1 | 4 | 1 | - | 2 | 1 | - | 1 |
| Cham | - | 1 | - | - | - | - | - | 1 |
| Hünenberg | - | 3 | - | - | 3 | - | - | - |
| Risch | 2 | 2 | - | - | 1 | 3 | - | - |
| Walchwil | - | 2 | - | 2 | - | - | - | - |
| Neuheim | - | - | - | - | - | - | - | - |
| **Total** | **6** | **32** | **2** | **8** | **11** | **11** | **1** | **5** |

(Total Erledigungen: 33)

---

[1] Einwohnergemeinden Zug und Steinhausen

### 4.3.2 Beschwerden gegen das Konkursamt

**4.3.2.1 Anzahl**

| | 2020 | 2021 |
|---|---|---|
| vom Vorjahr anhängig | 1 | 2 |
| Neueingänge | 6 | 7 |
| **Total** | **7** | **9** |

**4.3.2.2 Erledigung**

| | 2020 | 2021 |
|---|---|---|
| Gutheissung | - | - |
| teilweise Gutheissung | - | 1 |
| Abweisung | 1 | 5 |
| Nichteintreten | - | 1 |
| Rückzug | 1 | - |
| gegenstandslos | 3 | - |
| **Total** | **5** | **7** |
| Übertrag | 2 | 2 |
| Total | 7 | 9 |

### 4.3.3 Beschwerden gegen a.a. Konkursverwaltungen, Liquidatoren im Nachlassverfahren usw.

**4.3.3.1 Anzahl**

| | 2020 | 2021 |
|---|---|---|
| vom Vorjahr anhängig | - | - |
| Neueingänge | - | - |
| **Total** | **-** | **-** |

**4.3.3.2 Erledigung**

| | 2020 | 2021 |
|---|---|---|
| Gutheissung | - | - |
| teilweise Gutheissung | - | - |
| Abweisung | - | - |
| Nichteintreten | - | - |
| Rückzug | - | - |
| gegenstandslos | - | - |
| **Total** | **-** | **-** |
| Übertrag | - | - |
| Total | - | - |

| 4.3.4 Weitere erledigte Geschäfte | 2020 | 2021 |
|---|---|---|
| Disziplinarverfahren gegen Betreibungs- oder Konkursbeamte und Angestellte eines Betreibungs- oder des Konkursamtes | - | - |
| Festsetzung a.o. Konkursgebühr | - | - |
| Festsetzung Entgelt der ausseramtlichen Konkursverwaltung | 4 | 5 |
| Fristverlängerung für Durchführung des Konkursverfahrens | 242 | 550 |
| weitere Geschäfte | 15 | 6 |
| **Total** | **261** | **561** |

**4.3.5 Prozessdauer**

Die Ende 2021 pendenten Prozesse wurden anhängig gemacht

| 2021 | 7 |
|---|---|
| Total | 7 |

Dauer der erledigten Prozesse (Monate)

| | 0-3 | 3-6 | 6-9 | 9-12 | 12-18 | 18-24 | 24-36 | >36 | Total |
|---|---|---|---|---|---|---|---|---|---|
| 2020 | 20 | 13 | 1 | - | - | - | - | - | 34 |
| 2021 | 26 | 12 | 1 | - | - | 1 | - | - | 40 |

### 4.3.6 Weiterzug an das Bundesgericht

| | 2020 | 2021 |
|---|---|---|
| vom Vorjahr anhängig | 2 | - |
| neu | 2 | 3 |
| **Total** | **4** | **3** |

| Erledigung durch das Bundesgericht | 2020 | 2021 |
|---|---|---|
| Gutheissung | - | - |
| teilweise Gutheissung | - | - |
| Abweisung | - | - |
| Nichteintreten | 4 | 1 |
| Rückzug oder gegenstandslos | - | - |
| Übertrag | - | 2 |
| **Total** | **4** | **3** |

| 5. Weitere beim Obergericht erledigte Geschäfte | 2020 | 2021 |
|---|---|---|
| Gesuche um Forderungsverzicht bzw. Kostenerlass | 6 | 5 |
| Zulassung von Gerichtsberichterstattern | 24 | 27 |

### 6. Unentgeltliche Rechtspflege in Zivilfällen des Obergerichts

| 6.1 Erledigung | 2020 | 2021 |
|---|---|---|
| Bewilligung der unentgeltlichen Prozessführung und des unentgeltlichen Rechtsbeistandes | 6 | 2 |
| Bewilligung der unentgeltlichen Prozessführung | 1 | 1 |
| Bewilligung des unentgeltlichen Rechtsbeistandes | - | - |
| Abweisung, Rückzug, gegenstandslos, Nichteintreten | 12 | 22 |
| **Total** | **19** | **25** |

**VIII. Aufsichtskommission über die Rechtsanwälte**

**1. Disziplinarverfahren**

| 1.1 Anzahl | 2020 | 2021 |
|---|---|---|
| vom Vorjahr anhängig | 9 | 9 |
| Neueingänge | 14 | 16 |
| **Total** | **23** | **25** |

| 1.2 Erledigung | 2020 | 2021 |
|---|---|---|
| Disziplinarmassnahme | 5 | 7 |
| Absehen von einer Disziplinarmassnahme | – | – |
| Nichtanhandnahme | 5 | 6 |
| Einstellung | 4 | 1 |
| gegenstandslos | – | – |
| **Total** | **14** | **14** |

| | 2020 | 2021 |
|---|---|---|
| Übertrag | 9 | 11 |
| davon infolge hängiger Strafuntersuchungen sistiert | 4 | 4 |
| Total | 23 | 25 |

| 2. Weitere erledigte Geschäfte (Administrativverfahren) | 2020 | 2021 |
|---|---|---|
| Eintragung ins Anwaltsregister bzw. Ermächtigung zur öffentlichen Beurkundung | 33 | 33 |
| administrative Löschung der Eintragung im Anwaltsregister bzw. der Beurkundungsbefugnis | 26 | 22 |
| Eintragung in die öffentliche Liste | 3 | 1 |
| administrative Löschung der Eintragung in der öffentlichen Liste | 2 | – |
| Erteilung einer generellen Substitutionsbewilligung | 17 | 21 |
| Entbindung vom Anwalts- bzw. Amtsgeheimnis | 25 | 11 |
| Disziplinarzeugnis | 9 | 13 |
| übrige | 1 | 1 |

### IX. Anwaltsprüfungskommission

#### 1. Prüfungen

| 1.1 Erteilte Anwaltspatente bzw. Ausweise | 2020 | 2021 |
|---|---:|---:|
| ohne Wiederholung | 10 | 7 |
| mit Wiederholung | 12 | 7 |
| Total | 22 | 14 |

| 1.2 Abweisungen | 2020 | 2021 |
|---|---:|---:|
| Wartefrist 2 Jahre | 17 | 14 |
| definitiv | 1 | 1 |
| Total | 18 | 15 |

| 1.3 Erteilte Fähigkeitsausweise zur öffentlichen Beurkundung | 2020 | 2021 |
|---|---:|---:|
| Total | 2 | 2 |

| 1.4 Abgeschlossene Prüfungen | 2020 | 2021 |
|---|---:|---:|
| Total | 42 | 31 |

| 2. Zeitliche Beanspruchung | 2020 | 2021 |
|---|---:|---:|
| Sitzungen | 17 | 13 |

## X. Betreibungsämter und Konkursamt

### 1. Bericht der Aufsichtsbehörde

In Ausführung des gesetzlichen Auftrages gemäss Art. 14 Abs. 1 SchKG hat die II. Beschwerdeabteilung des Obergerichts als Aufsichtsbehörde über Schuldbetreibung und Konkurs die Geschäftsführung der zugerischen Betreibungsämter und des Konkursamtes im Jahre 2021 geprüft. Wiederum wurden alle Ämter besucht und die Inspektionen dabei in der gewohnten Weise, namentlich mittels Stichproben, durchgeführt. Zusammen mit den Erkenntnissen aus den verschiedenen Beschwerdeverfahren gewann die Aufsichtsbehörde einen guten Einblick in die Geschäftsführung und Funktionsweise der einzelnen Ämter. Personelle Mutationen bei der Leitung der Betreibungsämter oder der Stellvertretung waren im Berichtsjahr nicht zu verzeichnen.

Die Inspektionen bei den Betreibungsämtern haben erfreulicherweise zu keinen nennenswerten Beanstandungen Anlass gegeben. Vereinzelte Unzulänglichkeiten, Versehen oder Fehler sowie aufgetretene Verzögerungen in der Abwicklung einzelner Fälle konnten an Ort und Stelle besprochen und bereinigt werden, ebenso Anliegen, Hinweise und Fragen der Betreibungsbeamtinnen und -beamten. Es darf einmal mehr mit Befriedigung festgestellt werden, dass die Ämter insgesamt ordnungsgemäss und gut geführt werden. Die Betreibungsbeamtinnen und -beamten sowie ihre Mitarbeiterinnen und Mitarbeiter erledigen ihre fachlich und menschlich anspruchsvolle Aufgabe kompetent, gewissenhaft und mit dem nötigen Augenmass, wofür ihnen wiederum Dank gebührt.

Gesamthaft war im Berichtsjahr bei den Betreibungsämtern in der Regel eine Zunahme der Geschäftslast festzustellen, nachdem im Vorjahr die Zahlen aufgrund des COVID-19-Rechtsstillstands zurückgegangen waren. Die Anzahl der im Berichtsjahr neu ausgestellten Zahlungsbefehle ist auf 29'173 (Vorjahr: 27'121) angestiegen, liegt aber immer noch unter dem Niveau von 2019. Bei den Pfändungen ist eine Zunahme auf 9'076 zu verzeichnen (Vorjahr: 7'165); eine erneute Abnahme zeigt sich dagegen bei den Verwertungshandlungen, deren Zahl auf 4'285 zurückging (Vorjahr: 4'962). Ebenfalls abgenommen (von 42 auf 32) haben die Arreste. Insgesamt nahm die Arbeitslast der Betreibungsämter somit leicht zu.

Die weiter zunehmende Nutzung von eSchKG – insbesondere durch Gläubiger, die regelmässig zahlreiche Betreibungen einleiten – wird als erhebliche Erleichterung empfunden. Durchschnittlich werden inzwischen rund 70 % aller Begehren mittels eSchKG eingereicht. Übergriffe gegenüber Betreibungsbeamtinnen und -beamten oder Mitarbeitenden der Ämter wurden im Berichtsjahr glücklicherweise nicht vermeldet, wobei der Umgang mit "schwierigen Kunden" anspruchsvoll bleibt.

Die COVID-19-Pandemie stellte sämtliche Betreibungsämter wiederum vor grosse Herausforderungen, galt es doch, die Kundenkontakte auf ein Minimum zu reduzieren. Die vom Bundesrat erlassene COVID-19-Verordnung Justiz und Verfahrensrecht erlaubte es den Betreibungsämtern, einzelne Verfahrensschritte an die neuen Gegebenheiten anzupassen. Den Betreibungsämtern gelang es sodann durchwegs, mit baulichen und organisatorischen Vorkehrungen die behördlichen Anordnungen betreffend Hygiene und Ab-

stand einzuhalten und damit ihr Personal wie auch die Kunden soweit möglich zu schützen.

Beim Konkursamt wurden im Berichtsjahr 509 Konkursverfahren neu eröffnet (457 im Vorjahr). Davon entfielen 262 (Vorjahr: 213) Verfahren auf Liquidationen nach den Vorschriften über den Konkurs i.S.v. Art. 731b OR (Organisationsmängel). Die Liquidationen nach den Vorschriften über den Konkurs i.S.v. Art. 731b OR machten also mehr als die Hälfte aller Verfahren aus. Diese Zunahme gegenüber den Vorjahren geht auf die Gesetzesrevision zurück, gemäss welcher seit dem 1. Januar 2021 auch das fehlende Domizil einen Organisationsmangel darstellt, der zur Auflösung der Gesellschaft nach den Vorschriften über den Konkurs führen kann.

Im Berichtsjahr konnten 431 Verfahren erledigt werden, was eine deutliche Steigerung gegenüber dem Vorjahr (287) bedeutet. Auch die Zahl der Verfahren, die mangels Aktiven eingestellt wurden, war mit 315 Fällen höher als im Vorjahr (259). Bei den durchgeführten Konkursverfahren erhöhte sich die Zahl von 2 im Vorjahr markant auf 102 im Berichtsjahr. Die Zahl der im Beschwerdeverfahren aufgehobenen Konkurse nahm mit 14 deutlich ab (Vorjahr: 24). Im Berichtsjahr war kein Konkurswiderruf zu verzeichnen (Vorjahr: 2). Die Pendenzenzahl stieg von 660 im Vorjahr weiter auf 738 an.

Die Hauptursachen für diesen Anstieg liegen in der hohen Anzahl an Neueingängen und – vor allem – weiterhin in der per 1. Januar 2020 eingeführten Fachanwendung. Die erheblichen Probleme mit dieser mangels Tauglichkeit per Ende 2020 wieder abgelösten Fachanwendung machten sich auch im Berichtsjahr noch stark bemerkbar. Diese

Probleme hatten im Vorjahr zu einer verzögerten Fallbearbeitung und damit zu grossen Bearbeitungslücken geführt. Auch im Berichtsjahr entstand ein zusätzlicher Aufwand, weil ein Teil der Datenmigration erst noch vorgenommen und namentlich viel Nacherfassungsarbeit geleistet werden musste. Insgesamt gelang es dem Konkursamt aber, mit der neuesten, gut funktionierenden Fachanwendung die Verfahren wieder produktiv zu bearbeiten und je nach Verfahrensfortschritt auch abzuschliessen. Im laufenden Jahr muss es – erneut – das Ziel des Konkursamtes sein, die aufgestauten Pendenzen auf ein vertretbares Mass abzubauen. Die hohe Erledigungsrate in der zweiten Hälfte des Berichtsjahres stimmt das Konkursamt und die Aufsichtsbehörde zuversichtlich, dass dieses Ziel erreicht werden kann, sofern die Zahl der Neueingänge nicht erneut ansteigt. In jedem Fall wird das Konkursamt zu prüfen haben, ob mit dem gegenwärtigen Personalbestand mittelfristig die Konkursverfahren einwandfrei und ohne wesentliche Verzögerungen bearbeitet werden können.

Die Nachwirkungen der Umstellung auf die neue IT-Fachanwendung und die Zunahme der Neueingänge führten auch im Berichtsjahr dazu, dass das Konkursamt den gesetzlichen Auftrag nur teilweise zu erfüllen vermochte. Dennoch kann festgestellt werden, dass die Sachbearbeitenden ihre Verfahren sowohl in fachlicher als auch in menschlicher Hinsicht kompetent und mit grossem Einsatz führen und der Amtsleiter seine Führungsverantwortung in dieser schwierigen Zeit kompetent und zielgerichtet wahrnimmt. Das Engagement aller Mitarbeitenden verdient Anerkennung und Dank.

Für die Einzelheiten zur Geschäftslast bei den Betreibungsämtern und beim Konkursamt wird auf die nachfolgenden Tabellen verwiesen.

Bei der II. Beschwerdeabteilung des Obergerichts gingen im Berichtsjahr insgesamt 32 (Vorjahr: 29) Beschwerden gegen die Betreibungsämter ein. 33 Beschwerden wurden erledigt; 5 wurden ins Jahr 2022 übertragen. Insgesamt wurden 2 Beschwerden ganz oder teilweise gutgeheissen, 8 wurden abgewiesen, auf 11 wurde nicht eingetreten und 11 wurden gegenstandslos. Es ist zu betonen, dass die Gutheissung einer Beschwerde nicht zwingend den Rückschluss auf einen Verfahrensfehler des betroffenen Betreibungsamtes zulässt. Gegen das Konkursamt wurden sodann 7 (Vorjahr: 6) Beschwerden eingereicht. Davon wurde eine teilweise gutgeheissen, 5 Beschwerden wurden abgewiesen und auf eine wurde nicht eingetreten.

Von den insgesamt 40 im Berichtsjahr erledigten Beschwerden gegen Betreibungsämter und das Konkursamt konnten 26 innerhalb von 3 Monaten, 12 innerhalb von 6 Monaten und ein Fall nach knapp 7 Monaten sowie einer nach rund 18 Monaten seit Einleitung abgeschlossen werden. Die Ende 2021 noch pendenten Verfahren wurden zum weit überwiegenden Teil im November oder im Dezember 2021 anhängig gemacht. Weitere von der Abteilung behandelte Verfahren betrafen die Festsetzung des Entgeltes von ausseramtlichen Konkursverwaltungen (5; Vorjahr: 4) sowie diverse weitere Geschäfte (6; Vorjahr: 15). Für die Einzelheiten und die weiteren Geschäfte der Aufsichtsbehörde kann auf die entsprechenden Zusammenstellungen im Rechenschaftsbericht verwiesen werden.

Die am 10. Dezember 2009 auf Anfang 2010 erlassenen Richtlinien für die Berechnung des betreibungsrechtlichen Notbedarfs (Existenzminimum) nach Art. 93 SchKG erfuhren keine Änderungen, nachdem der für eine Anpassung vorgesehene Indexstand im Berichtsjahr nicht überschritten wurde. Die geltenden Richtlinien sind im Internet publiziert: Publikationen des Obergerichts — Kanton Zug (zg.ch)[1]

Zug, 1. März 2022

Obergericht des Kantons Zug
II. Beschwerdeabteilung
Aufsichtsbehörde über Schuldbetreibung und Konkurs

St. Scherer
Abteilungspräsident

J. Lötscher
Gerichtsschreiber

---

[1] https://www.zg.ch/behoerden/zivil-und-strafrechtspflege/obergericht/formulare-und-publikationen-obergericht

85

**2. Betreibungsämter**

**2.1 Übersicht über die Geschäfte im Jahr 2020**

| Betreibungs- amt | Zahlungsbefehle | Pfändungen | Konkurs- androhungen | Aufschub- bewilligungen | Verwertungen | Verlustscheine | Verlustscheinsumme Total | Arreste | Bestand der Viehverschreibungen | Eingetragene Eigentumsvorbehalte |
|---|---|---|---|---|---|---|---|---|---|---|
| Zug[1] | 10'004 | 2'172 | 477 | - | 1'399 | 1'650 | 8'080'435 | 13 | - | 1 |
| Ägeri tal | 2'201 | 528 | 50 | 1 | 468 | 324 | 1'754'799 | 2 | - | 2 |
| Menzingen | 818 | 525 | 20 | - | 521 | 296 | 1'073'287 | 1 | - | - |
| Baar | 6'154 | 1'560 | 291 | 24 | 1'008 | 1'098 | 5'161'818 | 12 | - | 8 |
| Cham | 3'083 | 912 | 153 | 19 | 557 | 825 | 3'595'942 | 8 | - | 6 |
| Hünenberg | 1'966 | 482 | 105 | 11 | 193 | 345 | 1'132'699 | 3 | - | 3 |
| Risch | 1'985 | 627 | 59 | - | 420 | 297 | 1'278'283 | 2 | - | 1 |
| Walchwil | 471 | 160 | 28 | - | 89 | 106 | 531'278 | - | - | - |
| Neuheim | 439 | 199 | 4 | - | 307 | 109 | 3'457'687 | 1 | - | - |
| Total | **27'121** | **7'165** | **1'187** | **55** | **4'962** | **5'050** | **6'066'228** | **42** | **-** | **21** |

[1] Einwohnergemeinden Zug und Steinhausen

**2.2 Übersicht über die Geschäfte im Jahr 2021**

| Betreibungs-amt | Zahlungsbefehle | Pfändungen | Konkurs-androhungen | Aufschub-bewilligungen | Verwertungen | Verlustscheine | Total Verlustscheinsumme | Arreste | Bestand der Viehverschreibungen | Eingetragene Eigentumsvorbehalte |
|---|---|---|---|---|---|---|---|---|---|---|
| Zug[1] | 11'194 | 2'606 | 474 | - | 1'062 | 1'844 | 7'733'920 | 22 | - | 5 |
| Ägerital | 2'088 | 712 | 44 | 2 | 418 | 377 | 1'485'612 | 2 | - | 2 |
| Menzingen | 876 | 559 | 35 | 12 | 458 | 329 | 1'015'127 | 1 | - | - |
| Baar | 6'730 | 2'376 | 291 | 125 | 1'042 | 1'346 | 7'509'814 | 3 | - | 7 |
| Cham | 3'257 | 1'201 | 161 | 56 | 430 | 750 | 2'822'027 | 5 | - | 3 |
| Hünenberg | 2'093 | 591 | 112 | 8 | 242 | 468 | 2'047'698 | - | - | 1 |
| Risch | 1'929 | 554 | 82 | - | 272 | 372 | 2'164'043 | 1 | - | 2 |
| Walchwil | 417 | 182 | 15 | - | 155 | 96 | 354'821 | - | - | - |
| Neuheim | 589 | 295 | 33 | - | 206 | 133 | 3'590'536 | - | - | 1 |
| Total | 29'173 | 9'076 | 1'247 | 203 | 4'285 | 5'715 | 28'723'598 | 34 | - | 21 |

[1] Einwohnergemeinden Zug und Steinhausen

### 3. Konkursamt

| 3.1 Anzahl | 2020 | 2021 |
|---|---|---|
| vom Vorjahr anhängig | 490 | 660 |
| neu eröffnete Konkurse gegen im Handelsregister eingetragene Firmen | 408 | 445 |
| davon Massnahmen gem. Art. 731b OR | 213 | 262 |
| nachträglicher Widerruf Konkurseinstellung | 9 | 4 |
| Insolvenzerklärungen (ohne Eintrag im Handelsregister) | 2 | 4 |
| konkursamtliche Verlassenschaftsliquidationen | 37 | 52 |
| im Ausland eröffnete Konkurse (IPRG-Verfahren) | - | 2 |
| Konkurse ohne vorgängige Betreibung (ohne Eintrag im Handelsregister) | 1 | 2 |
| **Total** | **947** | **1169** |

| 3.2 Erledigung | 2020 | 2021 |
|---|---|---|
| Einstellung mangels Aktiven | 259 | 315 |
| Schlusserklärung nach durchgeführtem Verfahren (inkl. IPRG) | 2 | 102 |
| Widerruf gemäss Art. 195 SchKG | 2 | - |
| Aufhebung des Dekrets | 24 | 14 |
| **Total** | **287** | **431** |

| | 2020 | 2021 |
|---|---|---|
| Übertrag | 660 | 738 |
| Total | 947 | 1169 |

| 3.3 Gesamtbetrag der zu Verlust gekommenen Forderungen | CHF |
|---|---|
| 2020 | 8'005'192 |
| 2021 | 113'384'012 |

### 3.4 Verfahrensdauer

Die Ende 2021 pendenten Konkursverfahren wurden eröffnet (davon ausseramtliche Konkursverwaltung)

| | | |
|---|---|---|
| 1998 | 1 | (1) |
| 2007 | 1 | (-) |
| 2008 | 2 | (1) |
| 2009 | 2 | (1) |
| 2010 | 1 | (1) |
| 2012 | 4 | (2) |
| 2013 | 1 | (-) |
| 2014 | 1 | (-) |
| 2015 | 8 | (-) |
| 2016 | 15 | (-) |
| 2017 | 34 | (-) |
| 2018 | 72 | (1) |
| 2019 | 116 | (1) |
| 2020 | 119 | (-) |
| 2021 | 361 | (-) |
| Total | 738 | (8) |

Dauer der erledigten Konkursverfahren inkl. IPRG (Monate)

| | 0-3 | 3-6 | 6-9 | 9-12 | 12-18 | 18-24 | 24-36 | >36 | Total |
|---|---|---|---|---|---|---|---|---|---|
| 2020 | 58 | 69 | 47 | 58 | 42 | 6 | 2 | 5 | 287 |
| 2021 | 62 | 109 | 58 | 54 | 52 | 32 | 31 | 33 | 431 |

# F

## Anhang

### I. Verzeichnis der richterlichen Behörden und Angestellten der Zivil- und Strafrechtspflege

(Stand: 1. März 2022)

### OBERGERICHT

#### Mitglieder
vollamtlich:
Ulrich Felix, lic. iur., Präsident
Siegwart Marc, lic. iur., Vizepräsident
Huber Peter, lic. iur.
Scherer Stephan, lic. iur.
Staub Aldo, Dr. iur.
nebenamtlich:
Horber Felix, Dr. iur.
Dalcher Stephan, lic. iur.

#### Ersatzmitglieder
Caratsch Elvira, lic. iur.
Brändli Peter, lic. iur.
Hubatka Thomas, lic. iur.
Geissmann Carole, lic. iur.
Amsler Mercier Andrea, lic. iur.
Dormann Albert, lic. iur.

#### Justizverwaltungsabteilung
Ulrich Felix, Präsident
Siegwart Marc
Huber Peter

90

### I. Zivilabteilung
Huber Peter, Abteilungspräsident
Horber Felix
Staub Aldo

### II. Zivilabteilung
Staub Aldo, Abteilungspräsident
Huber Peter
Scherer Stephan

### Strafabteilung
Siegwart Marc, Abteilungspräsident
Dalcher Stephan
Staub Aldo

### I. Beschwerdeabteilung
Scherer Stephan, Abteilungspräsident
Ulrich Felix
Huber Peter

### II. Beschwerdeabteilung
Scherer Stephan, Abteilungspräsident
Ulrich Felix
Siegwart Marc

### Gerichtsschreiber/Gerichtsschreiberinnen
Frey Manuela, lic. iur., Generalsekretärin
Wiget Fabienne, Dr. iur., stv. General-
sekretärin (Teilzeit 70 %)
Balmer Martina, MLaw (Einsatz in der ganzen
Zivil- und Strafrechtspflege)
Berweger Jeannine, MLaw (Einsatz in der
ganzen Zivil- und Strafrechtspflege)
Cathry Ivo, MLaw
Eller Flavio, MLaw
Fosco Orlando, MLaw (Teilzeit 80 %)
Fotsch Katja, MLaw
Huber Stüdli Doris, lic. iur. (Teilzeit 60 %)
Kaufmann Christian, MLaw (Teilzeit 80 %)
Lötscher Jörg, lic. iur. (Teilzeit 80 %)
Schwegler Cyrill, lic. iur.

### Sekretariat
Schmid-Joss Sabrina (Teilzeit 60 %)
Schnyder Adelheid (Teilzeit 80 %)
Schwegler Petra (Teilzeit 80 %)
Zemp Nicole (Teilzeit 70 %)

### Gerichtskasse (für die gesamte Zivil- und Strafrechtspflege)
vakant, Leiter Gerichtskasse/Rechnungsführer
Hotz Claudia (Teilzeit 90 %)
Kündig Andrea
Moser-Keller Anita (Teilzeit 80 %)

## KANTONSGERICHT

### Mitglieder
Staub Werner, lic. iur., Präsident
Panico Peyer Daniela, lic. iur., Vizepräsidentin
Szabó Stephan, lic. iur.
Stüdli Pascal, lic. iur.
Sialm Philipp, lic. iur.
Moos Cyrill, lic. iur.
Frey Carmela, MLaw
Krähenbühl Laurent, lic. iur.
Ackermann Ruedi, MLaw

### Ersatzmitglieder
Ineichen-Müller Priska, lic. iur.
Reichlin Radtke Barbara, lic. iur.
Peduzzi Fabio, lic. iur.
Huber Meier Felizia, lic. iur.
Ebneter Matthias, lic. iur.
Wenk Luzia, lic. iur.

### Geschäftsleitung
Staub Werner
Panico Peyer Daniela
Krähenbühl Laurent

Szabó Stephan, Ersatzmitglied
Stüdli Pascal, Ersatzmitglied

### 1. Abteilung
Panico Peyer Daniela, Abteilungspräsidentin
Szabó Stephan
Ackermann Ruedi

### 2. Abteilung
Staub Werner, Abteilungspräsident
Sialm Philipp
Moos Cyrill

### 3. Abteilung
Krähenbühl Laurent, Abteilungspräsident
Stüdli Pascal
Frey Carmela

### Gerichtsschreiber/Gerichtsschreiberinnen
Schweizer Caroline, lic. iur., Kanzleivorsteherin
(Teilzeit 70 %)
Bühlmann Olivia, MLaw (Teilzeit 70 %)
Casutt Martina, MLaw
Hügli Franziska, MLaw
Hurni Nora, MLaw
Käppeli Huwiler Bernadette, lic. iur.
(Teilzeit 80 %)
Lötscher Tanja, MLaw
Merz Julian, MLaw
Obrist Petra, MLaw (Teilzeit 60 %)
Schmid Wanda, MLaw (Teilzeit 50 %)
Sterchi Pascal, MLaw (Teilzeit 50 %)
Walder Karin, lic. iur. (Teilzeit 70 %)

### Sekretariat
Arnold-Loher Claudia (Teilzeit 70 %)
Becic Edina (Teilzeit 60 %)
Broger David
Gamma Patricia (Teilzeit 50 %)
Kluser Barbara (Teilzeit 70 %)
Lehmann Susanne (Teilzeit 60 %)
Sattler Barbara
Schönenberger Monica (Teilzeit 50 %)
Stiedl Puur Tatjana (Teilzeit 60 %)

Süess Edith
Zurfluh Irene (Teilzeit 80 %)

### STRAFGERICHT

### Mitglieder
Frank Philipp, MLaw, Präsident
Rein Thomas, lic. iur., Vizepräsident
Ziegler Carole, Fürsprecherin
Anlauf Svea, Assessorin

### a.o. Ersatzmitglied
Sidler Andreas, Dr. iur.

### Ersatzmitglieder
Ineichen-Müller Priska, lic. iur.
Reichlin Radtke Barbara, lic. iur.
Peduzzi Fabio, lic. iur.
Huber Meier Felizia, lic. iur.
Ebneter Matthias, lic. iur.
Wenk Luzia, lic. iur.

### Gerichtsschreiber/Gerichtsschreiberinnen
Meier Manuel, MLaw, Kanzleivorsteher
(Teilzeit 80 %)
Boesen Elvira, MLaw (Teilzeit 75 %)
Cantieni Gianna, MLaw (Teilzeit 60 %)
Schweizer Sara, MLaw (Teilzeit 75 %)
Vogel Corine, MLaw (Teilzeit 50 %)

### Sekretariat
Esposito Sonja
Merz Gino
Wangler Susanne (Teilzeit 80 %)

### STAATSANWALTSCHAFT

Aebi Christian, Dr. iur.,
Leitender Oberstaatsanwalt (Teilzeit 80 %)
Kolvodouris Janett Beatrice,
lic. iur., Oberstaatsanwältin (Teilzeit 90 %)
Schwyter Roland, lic. iur.,
Leitender Staatsanwalt I. Abteilung

Hoffmann Annette, lic. iur., Leitende Staatsanwältin II. Abteilung
Weber Martina, lic. iur., Leitende Staatsanwältin III. Abteilung
Meier Rolf, lic. iur., Leitender Staatsanwalt IV. Abteilung, Jugendanwalt

### Staatsanwälte/Staatsanwältinnen
Alther Bizama Gabriela, lic. iur.
Brändli Peter, lic. iur. (Teilzeit 90 %)
Eisenring Hiestand Karin, lic. iur.
Furger Peter, lic. iur. (Teilzeit 90 %)
Häfliger Arnold Monika, lic. iur. (Teilzeit 70 %)
Hager Oliver, lic. iur. (Teilzeit 80 %)
Helfenstein Jovanka, MLaw (Teilzeit 80 %)
Heller Pascal, lic. iur.
Jovan Thomas, lic. iur.
Kindler Mike, MLaw (Teilzeit 80 %)
Kühne Tobias, MLaw (Teilzeit 50 %)
Kurt Markus, lic. iur. (Teilzeit 80 %)
Landolt Jacqueline, lic. iur. (Teilzeit 80 %)
Maag Katja, lic. iur. (Teilzeit 70 %)
Mathys Christoph, lic. iur.
Müller Kurt, lic. iur.
Rossé Laurent, lic. iur. (Teilzeit 90 %)
Roth Bettina, lic. iur., Jugendanwältin (Teilzeit 50 %)
Schlauri Regula, Dr. iur. (Teilzeit 80 %)

### Wirtschaftsprüfer mit Zusatzfunktion als Untersuchungsbeamter
Basile Tony

### Untersuchungsbeamte/ Untersuchungsbeamtinnen
Arn Christine, MLaw
Dietschy Matthias, lic. iur. (Teilzeit 80 %)
Flückiger Lukas, MLaw (Teilzeit 90 %)
Hübner Michael, MLaw (Teilzeit 80 %)
Pieper Carol, lic. iur. (Teilzeit 60 %)

### Sozialarbeiterinnen
Blaser Christine (Teilzeit 80 %)
Bütler Widmer Christine (Teilzeit 80 %)

### Sekretariat
Adzaip Gorjana (Teilzeit 60 %)
Buchser Christine (Teilzeit 90 %)
Bürgler-Rudin Doris (Teilzeit 60 %)
Fleischli Irene (Teilzeit 80 %)
Huwiler Claudia
Karlen Fabienne (Teilzeit 90 %)
Lenherr Manuela (Teilzeit 50 %)
Lenherr Tanja (Teilzeit 40 %)
Matter Christine (Teilzeit 70 %)
Meienberger Rita (Teilzeit 50 %)
Müller Daniel, Geschäftskontrollführer
Stalder Eveline (Teilzeit 80 %)
Strebel-Bollhalder Jacqueline (Teilzeit 50 %)
Suppiger Esther (Teilzeit 80 %)
Villiger Antonia
Wagner Désirée (Teilzeit 40 %)
Zosso Susan (Teilzeit 80 %)

### polizeiliche Protokollführer in Ausbildung
Arnold Roger
Verta Dante

### Medienstelle
Aklin Judith (Teilzeit 20 %)
Kleiner Frank (Teilzeit 10 %)

## FRIEDENSRICHTERÄMTER

### Zug
Stöckli Johannes, Friedensrichter
Frei Roland, Stellvertreter
### Oberägeri
Wyss-Birrer Christa, Friedensrichterin
Hürlimann-Iten Sandra, Stellvertreterin
### Unterägeri
Portmann Paul, Friedensrichter
Albisser Hans-Rudolf, Stellvertreter

### Menzingen
Röllin Angelo, Friedensrichter
Wehrli Catherine, Stellvertreterin
### Baar
Busslinger-Andermatt Gabriela, Friedensrichterin
Bedognetti Rolf, lic.oec., Stellvertreter
### Cham
Bruhin Dominik, Friedensrichter
Mösli Samuel, Stellvertreter
### Hünenberg
Annen-Bächer Irene, Friedensrichterin
Brun Martin, Stellvertreter
### Steinhausen
Hausheer-Ziltener Gabriela, Friedensrichterin
Balmer Gmünder Leonie, Stellvertreterin
### Risch
Straumann Kurt, Friedensrichter
Cerletti Hartmann Carla, Stellvertreterin
### Walchwil
Flury Lis, Friedensrichterin
Disch Alexander, Stellvertreter
### Neuheim
Merz Paul, Friedensrichter
Grunder Christina, Stellvertreterin

## BETREIBUNGSÄMTER

### Zug
Löhri-Küng Cornelia, Betreibungsbeamtin
Ilazi-Mustafi Fitore, Stellvertreterin
### Ägerital
Twerenbold Ivo, Betreibungsbeamter
Ammann Guido, Stellvertreter
### Menzingen
Ammann Guido, Betreibungsbeamter
Twerenbold Ivo, Stellvertreter
### Baar
Gamboni Esther, Betreibungsbeamtin
Keyerleber Marco, Stellvertreter
### Cham
Kneubühl David, Betreibungsbeamter
Nageswara Kajenthiran, Stellvertreter

### Hünenberg
Pasquariello Michele, Betreibungsbeamter
Fuchs Hanspeter, Stellvertreter
### Risch
Betschart Jörg, Betreibungsbeamter
Betschart Moritz, Stellvertreter
### Walchwil
Schnyder-Ziltener Susanne, Betreibungsbeamtin
Betschart Jörg, Stellvertreter
### Neuheim
Ammann Guido, Betreibungsbeamter
Twerenbold Ivo, Stellvertreter

## KONKURSAMT

Hess Andreas, lic. iur., Konkursbeamter
Häusler Bernhard, lic. iur., Stellvertreter
Schwerzmann Christoph, Abteilungsleiter

## ANWALTSPRÜFUNGSKOMMISSION

### Mitglieder
Huber Peter, lic. iur., Oberrichter, Präsident
Wild Hans-Rudolf, lic. iur., Rechtsanwalt, Vizepräsident
Moos Cyrill, lic. iur., Kantonsrichter
Neese Martin, Dr. iur., Rechtsanwalt
Sägesser Thomas, Dr. iur., Fürsprecher
Siegwart Marc, lic. iur., Vizepräsident des Obergerichts
Tobler Sandro, lic. iur., Rechtsanwalt

### Ersatzmitglieder
Grunder Daniel, lic. iur., Rechtsanwalt
Oswald Diana, Dr. iur., Verwaltungsrichterin
Schlauri Regula, Dr. iur., Staatsanwältin
Stoltz Thomas, lic. iur., Rechtsanwalt

### juristisches Sekretariat
Huber Stüdli Doris, lic. iur., Obergerichtsschreiberin
Wiget Fabienne, Dr. iur., stv. Generalsekretärin

## AUFSICHTSKOMMISSION ÜBER DIE RECHTSANWÄLTE

### Mitglieder
Scherer Stephan, lic. iur., Oberrichter, Präsident
Bruhin Roland, Dr. iur., Rechtsanwalt, Vizepräsident
Eisenring Hiestand Karin, lic. iur., Staatsanwältin
Neese Martin, Dr. iur., Rechtsanwalt
Panico Peyer Daniela, lic. iur., Vizepräsidentin des Kantonsgerichts

### Ersatzmitglieder
Riek Rainer, Dr. iur., Rechtsanwalt
Staub Werner, lic. iur., Präsident des Kantonsgerichts
Ziegler Carole, Fürsprecherin, Strafrichterin

### juristisches Sekretariat
Lötscher Jörg, lic. iur., Obergerichtsschreiber
Schwegler Cyrill, lic. iur., Obergerichtsschreiber

## PRÜFUNGSKOMMISSION FÜR BETREIBUNGSBEAMTE

### Mitglieder
Scherer Stephan, lic. iur., Oberrichter, Präsident
Hess Andreas, lic. iur., Konkursbeamter
Löhri-Küng Cornelia, Betreibungsbeamtin

### Ersatzmitglied
Ulrich Felix, lic. iur., Präsident des Obergerichts

### juristisches Sekretariat
Huber Stüdli Doris, lic. iur., Obergerichtsschreiberin

## SCHLICHTUNGSBEHÖRDE ARBEITSRECHT

### Schlichter
Bertschi Urs, lic. iur., Rechtsanwalt
Derungs Andreas, lic. iur., Rechtsanwalt

### für Streitigkeiten nach dem Gleichstellungsgesetz:
### Vertretung der Arbeitgeberseite
Schlumpf Helga, lic. iur., Rechtsanwältin (Privatwirtschaft)
Wetzel Mathias, MLaw, Rechtsanwalt (Privatwirtschaft)
Weiss Schregenberger Rita, lic. iur., Kanton Zug (öffentliche Hand)
Würmli Martin, lic. iur., Stadtschreiber, Stadt Zug (öffentliche Hand)

### Vertretung der Arbeitnehmerseite
Frank Daniela, Gemeinde Hünenberg (öffentliche Hand)
Frei Roland, lic. iur., Staatspersonalverband (öffentliche Hand)
Gössi Alois, Angestelltenvereinigung und Gewerkschaftsbund (Privatwirtschaft)
Landtwing Mara, Gewerkschaftsbund (Privatwirtschaft)

## SCHLICHTUNGSBEHÖRDE MIET- UND PACHTRECHT

### Mitglieder
Schmid-Bucher Claudia, lic. iur., Präsidentin
Frei Dominik, lic. iur., Rechtsanwalt, Vizepräsident
Huber Stephan, lic. iur., Rechtsanwalt, Vizepräsident

### Vertreter Mieterverband
Beranek Zanon Nicole, lic. iur., Rechtsanwältin
Bisig Fässler Simone, lic. iur.
Camenzind Matthias, lic. iur., Rechtsanwalt

Frei Roland, lic. iur.
von Rotz Bea, lic. iur.

**Vertreter Hauseigentümerverband**
Keller Beat
Moos Adrian, lic. iur., Rechtsanwalt
Studer Peter M., lic. iur., Rechtsanwalt
Weber Gertrud
Wild-Haas Judith, lic. iur.

**juristisches Sekretariat**
Dognini Iten Simona, lic. iur.
Stolz Bumbacher Corina, lic. iur.

96

## II. Verzeichnis der im Anwaltsregister des Kantons Zug eingetragenen Rechtsanwältinnen und Rechtsanwälte

vgl. Anwaltsregister — Kanton Zug (zg.ch)[1]

## III. Verzeichnis der in der öffentlichen Liste des Kantons Zug eingetragenen Rechtsanwältinnen und Rechtsanwälte

vgl. Öffentliche Liste — Kanton Zug (zg.ch)[2]

## IV. Richtlinien für die Berechnung des betreibungsrechtlichen Existenzminimums (Notbedarf) nach Art. 93 SchKG

vgl. Publikationen des Obergerichts – Kanton Zug (zg.ch)[3]

---

[1] https://www.zg.ch/behoerden/zivil-und-strafrechtspflege/aufsichtskommission-rechtsanwalte/anwaltsregister

[2] https://www.zg.ch/behoerden/zivil-und-strafrechtspflege/aufsichtskommission-rechtsanwalte/oeffentliche-liste

[3] https://www.zg.ch/behoerden/zivil-und-strafrechtspflege/obergericht/formulare-und-publikationen-obergericht

