IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HU CHUN LIANG,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>DANIEL BARA, HEPHAESTUS FOUNDATION AG, OLYMPUS DAO, AND JOHN DOE DEFENDANTS 1-5,<br><br>　　　　　Defendants. | Case No. 3:22-cv-00541-JCH<br><br>Hon. Janet C. Hall<br><br>July 12, 2022 |

## DEFENDANTS HEPHAESTUS FOUNDATION AG AND OLYMPUS DAO RULE 7.1 DISCLOSURE STATEMENT

Defendants Hephaestus Foundation AG and Olympus DAO are both alleged by Plaintiff in the Complaint to be unincorporated entities. Dkt. #1, ¶¶ 15, 19 ("the unincorporated entities Olympus DAO and Hephaestus AG"). Hephaestus Foundation AG and Olympus DAO do not, at this time, dispute that neither is an incorporated entity.

Federal Rule of Civil Procedure 7.1 requires any "nongovernmental corporate party" to file a disclosure statement that "(1) identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or (2) states that there is no such corporation."  Neither Hephaestus Foundation AG nor Olympus DAO is a nongovernmental corporate party." As such, they do not believe a Disclosure Statement is required under Fed. R. Civ. Pro. 7.1. Out of an abundance of caution, however, Defendants Hephaestus Foundation AG and Olympus DAO state that neither has a parent corporation, and no publicly held corporation owns 10% or more of either's stock.

1

Hephaestus Foundation AG was identified in the Token Purchase Agreement ("TPA") signed by Plaintiff as an entity "in formation." Dkt. 1 (Complaint), ¶ 143; Dkt. 1-1 (TPA) at 1, 21. That process has since completed with formation of the corporate entity Hephaestus F AG.[1] Dkt. 21-3 (Commercial register of canton ZUG for Hephaestus F. AG). As stated in Defendants' Motion to Dismiss (Doc 21-1, p2, n2), Defendants intend to move to substitute Hephaestus F AG, and when that substitution occurs, Hephaestus F AG will file its own Rule 7.1 disclosure statement.

Olympus DAO is a "Decentralized Autonomous Organization," a fully autonomous and transparent technological system with no central authority that is instead based on published smart contracts that provide the DAO's foundational rules and execute decisions made by those possessing DAO tokens. The set of persons possessing DAO tokens constantly changes as those tokens are purchased and sold.

                                        Respectfully submitted,

Daniel B. Ravicher (*pro hac vice*)          /s/ Jonathan M. Freiman
Aaron M. Zeisler (ct 29317)                  Jonathan M. Freiman (ct 24248)
Meghan H. Sullivan (*pro hac vice*)          Wiggin and Dana LLP
Sumana Wolf (*pro hac vice*)                 One Century Tower
ZEISLER PLLC                                 265 Church Street
45 Rockefeller Plaza, 20th Floor             New Haven, CT 06510
New York, NY 10111                           Tel.: (203) 498-4584
Tel.: (212) 671-1921                         Fax: (203) 782 2889
Fax: (888) 229-1921                          jfreiman@wiggin.com
dan@zeisler-law.com
aaron@zeisler-law.com
meghan@zeisler-law.com                       *Counsel for Defendants Hephaestus*
sumana@zeisler-law.com                       *Foundation AG and Olympus DAO*

31594\1\4854-3767-0953.v1

---

[1] Swiss law does not allow the word "Foundation" to be used in the name of an AG, which is a Swiss corporate form. That is why the word "Foundation" has been changed to just "F".