## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

HU CHUN LIANG,

                          Plaintiff,

vs.

DANIEL BARA, HEPHAESTUS
FOUNDATION AG, OLYMPUS DAO, AND
JOHN DOE DEFENDANTS 1-5,

                          Defendants.

No. 3:22-cv-00541-JCH

July 11, 2022

**Date Complaint Filed**: April 14, 2022

**Date Complaint Served**: April 15, 2022

**Date of Defendant's Appearance**: April 28, 2022

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on July 11, 2022 with counsel for all Parties. The participants were Joseph Evans, Aaron Brogan and Ethan Levin-Epstein for the Plaintiff, Antonio Pozos for Defendant Daniel Bara, and Jonathan Freiman for Defendants Hephaestus Foundation AG and Olympus DAO.

## I.       CERTIFICATION

Undersigned counsel, after consultation with their clients, and any undersigned self-represented parties certify that (a) they have discussed the nature and basis of the Parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II.   JURISDICTION

### A.   Subject Matter Jurisdiction

As stated in the complaint (ECF No. 1), Plaintiff's basis for subject matter jurisdiction is diversity jurisdiction, 28 U.S.C. § 1332.  Plaintiff contends that he is an Australian citizen and is not a U.S. citizen.  Defendant Daniel Bara lives in Connecticut.  Defendant Daniel Bara contends that he is a dual citizen of Argentina and Italy and is not a U.S. citizen.  Defendants have not contested that Daniel Bara is one of the founders of the Olympus DAO and Hephaestus Foundation AG.  Plaintiff contends that Defendants have not revealed the identify of any of the other founders, executives, officers, directors, or promoters of Olympus DAO or the Hephaestus Foundation AG.  Defendants contend that Mr. Liang has identified himself as a promoter of Olympus DAO, but that these descriptions mischaracterize the nature and organizational structure of Olympus DAO, Hephaestus Foundation AG, and Hephaestus F. AG, and contend that the identities of other persons affiliated with the Defendants is irrelevant because complete diversity of citizenship is lacking by virtue of Mr. Bara's citizenship (and Mr. Liang's citizenship) regardless of any other citizenships that may also be attributed to those defendants.

Defendant Olympus DAO is an unformed organization.  Defendant Hephaestus Foundation AG was an unformed corporate organization at the time of the filing of this lawsuit.  On May 19, 2022, after the filing of this lawsuit, Hephaestus F. AG was formed in Switzerland.

For the reasons stated in Defendant's Motion to Dismiss (ECF No. 21), the Defendants object to subject matter jurisdiction.  Defendants also plan to move to substitute Hephaestus F. AG for Defendant Hephaestus Foundation AG.  Defendants contend that substitution of Hephaestus F. AG for Defendant Hephaestus Foundation AG would not affect the Court's jurisdictional analysis because diversity jurisdiction is determined at the time of filing of the Complaint. Defendants also contend that Hephaestus F. AG, organized under the laws of Switzerland, is also an alien, and

complete diversity among the Parties is lacking for the reasons set forth in Defendants' Motion to Dismiss. The Parties have been meeting and conferring about conducting limited informal jurisdictional discovery on issues pertaining to subject matter jurisdiction.

       B.      Personal Jurisdiction

The Defendants have not contested personal jurisdiction.

## III.    BRIEF DESCRIPTION OF CASE

This matter is a cryptocurrency investment dispute between Plaintiff and the Defendants concerning an early-stage investment made by Plaintiff into the Olympus DAO, a well-known project that issued the popular cryptocurrency, OHM. Central to this case is a token purchase agreement, dated March 11, 2021 (the "TPA") between Plaintiff and the then unformed entity Hephaestus Foundation AG, referred to in the TPA as "Hephaestus Foundation AG (in formation)." The TPA was signed by Daniel Bara. Defendants contend that Mr. Bara signed the TPA in his capacity as a Director of the Hephaestus Foundation AG (in formation). Plaintiff further contends that the Parties also entered into a consulting agreement, in which Plaintiff received cryptocurrency in exchange for marketing Olympus DAO and its cryptocurrency, OHM[1] (which Plaintiff refers to as the "Consulting Agreement"). Defendants contend that while Plaintiff agreed to promote Olympus DAO and OHM, the Parties did not reach a sufficiently definite agreement that such an agreement was enforceable, and further contend that Plaintiff failed to perform the duties contemplated by the Parties.

Under the TPA, Plaintiff was provided 2,000,000 pOHM (or "pre-OHM") in exchange for his investment of $50,000 DAI. The TPA anticipated that certain quantities of the pOHM could be

---

[1] OHM was previously called OLY. pOHM was previously called pOLY. The TPA refers to the prior names, pOLY and OLY. For purposes of this report, we will refer to Olympus DAOs cryptocurrency as pOHM and OHM.

converted into a cryptocurrency called OHM using an automated "smart contract." Defendants contend that under the TPA, this conversion was subject to a number of conditions including a "Lockup" and "Use Restriction" (the significance of which are disputed by the Parties). Plaintiff disagrees with this characterization of the Lockup and Use Restriction. As set forth in the TPA, Plaintiff was required to post one DAI for each pOHM it sought to convert to OHM.

Plaintiff contends that pOHM is valuable only because it is convertible to OHM, which is sold on many cryptocurrency exchanges and secondary marketplaces for fiat and other cryptocurrencies.[2] Plaintiff further contends that, in order for Plaintiff to obtain cryptocurrency or fiat for the pOHM he receives, he must be able to first convert it into OHM.

The Parties agree that Plaintiff was provided 2,000,000 pOHM in exchange for promoting Olympus DAO and OHM. The Parties disagree regarding whether Plaintiff performed the obligations for which the pOHM at issue were to serve as compensation, and the mechanics of the vesting schedule under which Plaintiff would be allowed to convert the pOHM to OHM.

Since the execution of the TPA, Plaintiff has only been able to convert 829.93 pOHM to OHM out of the total 4,000,000 pOHM he received. Plaintiff contends that following Plaintiff's conversion of pOHM to OHM on July 20, 2021, Defendants permanently removed his ability to convert pOHM to OHM by withdrawing the smart contract. According to Plaintiff, he, Defendant Bara, and the co-founder of the Olympus DAO (presently known only by the online identity "Zeus"), engaged in discussions with Plaintiff concerning his inability to convert pOHM to OHM. Plaintiff further contends that he, Defendant Bara, and Zeus also engaged in disputes concerning whether Plaintiff was permitted to sell OHM he received under the TPA and Consulting Agreement.

---

[2]   A cryptocurrency exchange is the primary place in which investors buy, sell, and trade cryptocurrencies. A secondary marketplace is an application in which investors meet one another to buy, sell, and trade cryptocurrencies. OHM is traded on several cryptocurrency exchanges and secondary marketplaces.

Plaintiff contends that he is entitled to convert an additional 3,999,170.07 pOHM to OHM at a rate of 4% of the total circulating supply of OHM (2% under the TPA and 2% under the Consulting Agreement) but has been unable to do so because Defendants unilaterally altered the smart contract.   Based on information published by the Defendants, Plaintiff contends that he should have been able to convert a significant amount of pOHM to OHM which he was unable to do because Defendants withdrew the smart contract and made it technically impossible for Plaintiff to convert. Specifically, as of July 10, 2022, the Defendants published on their online "Dashboard" that 23,662,508 OHM were in circulation.[3]  Accordingly, Plaintiff contends that he should have been able to convert 946,500.32 pOHM to OHM as of July 10, 2022 but has only been able to convert 829.93 pOHM.

Plaintiff further contends that he is entitled to damages calculated by the highest value of OHM from the date by which he should have been entitled to OHM to the date of the judgment.   Plaintiff also asserts claims that Defendants engaged in fraud and other misrepresentations by, among other things, claiming that they are a "decentralized autonomous organization" or "DAO."   According to Plaintiff, a "DAO" is a somewhat common structure in the cryptocurrency industry in which project teams claim that there is no corporate entity and decisions are made by voting from their "community."   Plaintiff contends that Defendants' unilateral withdrawal of the smart contract without a community vote and other unilateral actions by Defendant Bara and Zeus indicate that Olympus DAO and the Hephaestus Foundation are not "decentralized."   Plaintiff contends that Defendants' representations that they were "decentralized" induced him to enter into the TPA and Consulting Agreement.

---

[3]  Olympus Dashboard, https://app.olympusdao.finance/#/dashboard (July 10, 2022).

Defendants contend that Plaintiff is not entitled to any recovery because he breached the terms of the TPA and failed to perform the promotional duties that he agreed to undertake in exchange for the second 2,000,000 pOHM. Defendants further contend that they have not engaged in fraud or conversion. Defendants also contend that any recovery should be limited to 50,000 DAI (equivalent to $50,000) which Plaintiff paid pursuant to the TPA for the initial 2,000,000 pOHM. And Defendants note that, while further discovery is necessary on this point, Plaintiff may be estopped from any recovery due to restrictions, prohibitions and disabilities imposed upon cryptocurrency-related restrictions under Chinese law.

A.    Claims of Plaintiff

In Count I and Count II, Plaintiff alleges a breach of contract for breach of the TPA and the Consulting Agreement and seeks damages for the OHM it claims it is entitled under the TPA and Consulting Agreement.

In Count III, Plaintiff alleges conversion and seeks damages for the OHM it claims it is entitled under the TPA and Consulting Agreement.

In Count IV, Plaintiff alleges common law fraud and seeks damages for the OHM it claims it is entitled under the TPA and Consulting Agreement.

In Count V, Plaintiff alleges that Defendants conspired together to intentionally defraud Plaintiff and seeks damages for the OHM it claims it is entitled under the TPA and Consulting Agreement.

Plaintiff alleges that as a result of the aforementioned causes of action, he is owed damages in an amount to be determined at trial, which includes all pOHM he should have been able to convert to OHM as of the date of the judgment, the ability to convert the remaining pOHM to OHM in the future, and damages calculated by the highest value of OHM from the dates in which he should have been able to convert pOHM to OHM to the date in which he finally receives that OHM, plus

attorneys' fees, costs, interest, and all other relief the Court deems just and proper.

      B.    <u>Defenses and Claims of Defendants</u>

Defendants deny Plaintiff's claims and reserve the right to assert counterclaims for breach of the TPA, breach of Plaintiff's agreement to promote Olympus DAO and OHM, and fraud based upon Plaintiff's representations inducing Defendants to allow Plaintiff to enter into the TPA. Defendants contend that they are owed damages in an amount to be determined at trial, including the return of all pOHM still possessed by Plaintiff, the proceeds of Plaintiff's unauthorized sales of OHM tokens, plus attorneys' fees, costs, interest, and all other relief the Court deems just and proper.

As set forth in their Motion to Dismiss Plaintiff's Complaint (ECF No. 21), Defendants contend that this Court lacks subject matter jurisdiction, that Plaintiff has failed to adequately plead his claims under the Federal Rules of Civil Procedure, that Plaintiff has failed to plead actionable claims, that Plaintiff's claims under Connecticut law are inappropriate because Swiss law governs the Parties' disputes, and that this Court should dismiss the instant case under the doctrine of *forum non conveniens* in favor of Switzerland.

Defendants also contend that Plaintiff is not entitled to any recovery because Plaintiff breached the terms of the TPA and failed to perform the promotional duties that he agreed to undertake in exchange for the second 2,000,000 pOHM. Defendants also dispute Plaintiffs' assertion that that pOHM in Plaintiff's possession vested, or was supposed to vest, at a rate of 4% of circulating supply. Defendants further contend that they have not engaged in fraud or conversion. Defendants contend that any recovery should be limited to a maximum of 50,000 DAI (equivalent to $50,000), which Plaintiff paid pursuant to the TPA for the initial 2,000,000 pOHM. And Defendants additionally note that, while further discovery is necessary on this point, even assuming domestic law applies (which it does not), Plaintiff may be estopped from any recovery due to restrictions, prohibitions and disabilities imposed upon cryptocurrency-related transactions under Chinese law.

Defendants further reserve their rights to demand strict proof regarding Plaintiff's claimed damages and causation, and to assert such other defenses as may be merited or come to Defendants' attention during the discovery process.

Defendants also contend that this dispute is governed by the laws of Switzerland and reserve the right to assert appropriate defenses under Swiss law.

Further, Defendant Daniel Bara denies any individual liability arising from the TPA or any agreement under which Plaintiff agreed to promote Olympus DAO or OHM.

C.      Defenses and Claims of Third-Party Defendants

Inapplicable.

**IV.    Statement of Undisputed Facts**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are undisputed:

1.      Exhibit 1 to ECF No. 1 is an accurate copy of the TPA.

2.      The TPA was executed on March 11, 2021 between Plaintiff and Hephaestus Foundation AG (in formation).

3.      Defendant Bara signed the TPA.[4]

4.      Plaintiff converted a total of 829.93 pOHM that he received under the TPA and the Consulting Agreement to OHM.

5.      On May 12, 2021, Plaintiff sold 702.9251466 OHM through the cryptocurrency exchange SushiSwap.

6.      On May 12, 2021, Plaintiff repurchased 691.53 OHM.

---

[4] Defendant Bara contends that he signed the TPA in his capacity as Director of Hephaestus Foundation AG (in formation) and not in any individual capacity.

7.      Between May 12 and May 16, 2021, Plaintiff transferred a number of OHM to a new cryptocurrency wallet.

8.      Between May 16 and June 6, 2021, Plaintiff sold 881.2 OHM through the cryptocurrency exchange SushiSwap.

9.      On July 4, 2021, Plaintiff sold an additional 69 OHM through the cryptocurrency exchange SushiSwap.

10.     Plaintiff remains in possession of 3,999,170.07 pOHM.

11.     Daniel Bara is a co-founder of the Olympus DAO and the Hephaestus Foundation AG (in formation), subsequently organized as Hephaestus F AG.

12.     Daniel Bara conducts business operations in Connecticut.  Daniel Bara lives in Connecticut.

13.     Olympus DAO and Hephaestus Foundation AG were not formed under the laws of any jurisdiction prior to the filing of this lawsuit.

14.     Hu Chun Liang is a citizen of Australia.

15.     Hu Chun Liang was not a United States citizen when this action was filed on April 14, 2022 and is not a United States citizen, as of July 15, 2022.

**V.     Case Management Plan**

A.      Initial Disclosures

The Parties will serve their initial disclosures by July 25, 2022.

The Parties propose to engage in informal jurisdictional discovery consistent with the schedule for Plaintiff to file his opposition to Defendants' Motion to Dismiss (ECF No. 21) on July 27, 2022.

Plaintiff proposes that all discovery commence immediately.  Defendants propose that discovery should be bifurcated in phases, with only jurisdictional discovery being conducted in the

first phase.  Defendants intend to file a motion to stay further discovery beyond initial disclosures until the Court rules on Defendants' Motion to Dismiss.

      B.     <u>Scheduling Conference</u>

      1.     The Parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

      2.     The Parties prefer that a scheduling conference, if held, be conducted by telephone.

      C.     <u>Early Settlement Conference</u>

      1.     The Parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement is possible at this time and may be facilitated by use of the following procedure:  informal settlement negotiation.

      2.     The Parties do not request an early settlement conference at this time but may do so in the near future.

      3.     The Parties prefer a settlement conference with a magistrate judge, if such a conference is held.

      4.     The Parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16 at this time, but may do so in the near future.

      D.     <u>Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings</u>

The Parties propose to proceed under the existing schedule set by the Court, as follows:

July 27, 2022:     Plaintiff's Opposition to Defendants' Motion to Dismiss (ECF No. 21), or Plaintiff to file an Amended Complaint as of right.

August 26, 2022:     Defendants' reply to Plaintiff's Opposition to Defendant's Motion to Dismiss.

September 9, 2022:   Defendants' response to Plaintiff's Amended Complaint.

(*See* ECF Nos. 43-45.)

    E.    <u>Discovery</u>

Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the Parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1).   At this time, the Parties wish to apprise the Court of the following information regarding the "needs of the case":

    1.    Plaintiff's Position.   Plaintiff's position is that discovery will be required concerning:  the TPA, any actions taken by Defendants with respect to altering, in any way, the pOHM Smart Contract, issues of subject matter jurisdiction with respect to Defendants' foreign citizenship, issues of foreign law relevant to this matter, any use restriction period that may have applied during the period in which Plaintiff held pOHM or OHM, any conversations had between Defendants and Plaintiff regarding this matter, any conversations had between Defendants and other pOHM holders, and any limitations of liability that apply to Plaintiff's claims.   Plaintiff and Defendants dispute the calculation of pOHM that should be convertible to OHM at this time and discovery will be required on these competing theories, which largely depend on the total amount of OHM in circulation.   Plaintiff contends that discovery will also be required to determine whether Defendants made certain false claims regarding the decentralization of Olympus DAO and Plaintiff's investment in Olympus DAO, causing Plaintiff damage.   Plaintiff's position is that discovery will be necessary to determine if Olympus DAO was ever in fact "centralized" and under the effective control of Daniel Bara and the John Doe Defendants, including Zeus.   To determine whether the Defendants were "centralized" or "decentralized," discovery is required concerning decision-making by the Olympus DAO and Hephaestus Foundation.   Plaintiff also believes that discovery may become extensive due to the fact that the Defendants have not yet

11

disclosed the identities of the co-founders, executives, directors, and promoters of the Olympus DAO and Hephaestus Foundation, including "Zeus."

        2.      Defendants' Position.  Defendants' position is that discovery will be required concerning:  Plaintiff's citizenship, residence and physical location during the times referenced in Plaintiff's Complaint; the veracity of Plaintiff's representations regarding his eligibility or ability to enter into the TPA and/or agreement to promote Olympus DAO and/or the OHM token; the terms of Plaintiff's agreement to promote Olympus DAO and OHM; Plaintiff's claimed efforts to promote Olympus DAO and OHM; Plaintiff's conversion(s) of pOHM to OHM, and sale(s) of OHM;  Plaintiff's understanding of the terms of the TPA, including the Lockup and Use Restriction clauses of that agreement; the alleged nature and extent of Plaintiff's claimed damages and any claimed efforts to mitigate damages; Plaintiff's residence in China; foreign law, including Swiss and Chinese law; all defenses raised by Defendants in their Motion to Dismiss, and, if applicable, Defendants' Answer.

        3.      As noted above, Plaintiff proposes that all discovery commence immediately

        4.      Defendants propose that discovery should be bifurcated in phases, with only jurisdictional discovery being conducted in the first phase.  Defendants intend to file a motion to stay further discovery beyond initial disclosures until the Court rules on Defendants' Motion to Dismiss. If discovery is not stayed, all discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed (not propounded) by June 1, 2023, and discovery, motions, and trial readiness conducted under the schedule below.

        5.      Plaintiff contends that no such bifurcation is necessary.

        6.      The Parties anticipate that Plaintiff will require no more than 10 depositions of fact witnesses and that the Defendants will require no more than 10 depositions of fact witnesses. The depositions will be completed by May 1, 2023.

        7.      The Parties may request permission to serve more than 25 interrogatories, if

necessary. The Parties reserve the right to object to any request by the opposing party for permission to serve more than 25 interrogatories. All written discovery will be propounded no later than December 1, 2022, and written discovery shall be completed by February 1, 2023.

8.      Plaintiff may call expert witnesses at trial.      Defendants may call expert witnesses at trial.

9.      The Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by February 28, 2023.   Depositions of any such experts will be completed by March 31, 2023.

10.     The Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by May 1, 2023. Depositions of such experts will be completed by June 1, 2023.

11.     A damages analysis will be provided by any party who has a claim or counterclaim for damages by February 1, 2023.

12.     Undersigned counsel, after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved, and self-represented parties have discussed the disclosure and preservation of electronically stored information generally:

(i)      Electronically stored information will be produced in a file suitable for the Relativity document review platform (commonly referred to as a "Relativity load file") and will include metadata.

(ii)     The Parties have not yet reached agreement with respect to search terms

13

and/or other techniques to be used in connection with the retrieval and production of such information, and the allocation of costs of assembling and producing such information, and will meet and confer on these topics.

13.    The Parties agree to the following procedures for the preservation, disclosure, and management of electronically stored information:  the Parties will undertake efforts to preserve any electronically stored information relevant to this action.

14.    Undersigned counsel (after consultation with their clients) and self-represented parties have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms.   The Parties agree to the following procedures for the preservation, disclosure, and management of such information:  Non-ESI discovery material shall be scanned and produced in a Relativity load file. The parties will meet and confer regarding the information to be included in the load file along with the scanned copies.

15.    Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.   The Parties agree to the following procedures for asserting claims of privilege after production: Upon a post-production claim of privilege, Parties and their counsel agree that they will not make further copies, electronic or otherwise, of the documents or show them to Parties that have not already received them until such claim of privilege is resolved.

F.    Other Scheduling Issues

The Parties do not propose any additional scheduling issues aside from those contemplated by the Local Rules.

G.    Summary Judgment Motions

The Parties propose that summary judgment motions, which must comply with D. Conn. L.

Civ. R. 56, will be filed on or before August 1, 2023.

       H.     <u>Joint Trial Memorandum</u>

The Parties propose that the joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by October 2, 2023.

## VI.    TRIAL READINESS

The Parties propose that the case will be ready for trial by October 16, 2023.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff

By: _/s/Joseph B. Evans_____          Date: _July 15, 2022_____

Defendant Daniel Bara

By: _/s/Antonio M. Pozos_____          Date: _July 15, 2022_____

Defendant Olympus DAO

By: __/s/Jonathan Freiman_____          Date: _July 15, 2022_____

Defendant Hephaestus Foundation AG

By: __/s/Jonathan Freiman_____          Date: _July 15, 2022_____